UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

WALTER STRATTON BAGG, ESQ. and
COOPER LAW, P.A., individually
and on behalf of all others similarly situated,

      Plaintiffs,

vs.

USHEALTH GROUP, INC.,
a Delaware corporation, and
USHEALTH ADVISORS, LLC,
a Texas limited liability company,

      Defendants.

_____/

**Class Action** 6:15-CV-1666-ORL-37GJK

## COMPLAINT
and
## JURY DEMAND

    This is a class action alleging that the Defendants, USHEALTH Group, Inc. and USHEALTH Advisors, LLC, have violated the Telephone Consumer Protection Act and implementing regulations by sending facsimile advertisements to persons and entities that do not contain the legally required opt-out language. Plaintiffs, Walter Stratton Bagg, Esq. and Cooper Law P.A., individually and on behalf of a class of persons similarly situated, seek statutory damages for each violation.

### PRELIMINARY STATEMENT

    1.    The Telephone Consumer Protection Act, as amended by the Junk Facsimile Prevention Act of 2005, 47 U.S.C. § 227 ("TCPA"), is a consumer protection statute that confers on plaintiffs the right to be free from certain harassing and privacy-invading conduct and authorizes an award of damages whenever a violation occurs. The TCPA provides a private right of action and statutory damages for each violation.

2.     Plaintiffs, Walter Stratton Bagg, Esq. and Cooper Law P.A., individually and on behalf of all others similarly situated, bring this action against Defendants USHEALTH Group, Inc. and USHEALTH Advisors, LLC for violations of the TCPA arising from the sending of a noncompliant facsimile advertisement to the telephone facsimile machine of the Plaintiffs and to the telephone facsimile machines of other persons or entities that do not contain the requisite opt-out notice.   The facsimile advertisement sent to Plaintiffs ·is attached hereto as Exhibit A ("Facsimile Advertisement").

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as Defendant USHEALTH Advisors, LLC conducts business in Orlando, Florida, and the offending facsimile was sent on behalf of Defendant USHEALTH Group, Inc. to Plaintiffs' facsimile number, which has an Orlando area code.

## PARTIES

5.     Plaintiffs, Walter Stratton Bagg, Esq. and Cooper Law P.A., each have their principal place of business in Orange County, Florida, at 1675 Lakemont Avenue, Suite 304, Orlando, Florida 32814.

6.     Defendant USHEALTH Group, Inc. is a for-profit Delaware corporation with its principal place of business at 801 Cherry Street, Unit 33, Fort Worth, Texas 76102.

7.     Defendant USHEALTH Advisors, LLC is a for-profit Texas limited liability corporation authorized to do business in the state of Florida with its principal place of business at 300 Burnett Street, Suite 200, Fort Worth, Texas 76102.

## GENERAL ALLEGATIONS

8.     Defendant USHEALTH Group, Inc., through its subsidiaries, sells individual health insurance plans and supplementary products for self-employed individuals and small business owners in the United States.

9.     Defendant USHEALTH Group, Inc. sells individual health coverage and supplementary products underwritten by its wholly owned subsidiary, The Freedom Life Insurance Company of America.

10.     Defendant USHEALTH Advisors LLC is the wholly owned national health insurance sales and distribution arm of USHEALTH Group, Inc.

11.     Defendant USHEALTH Advisors LLC trains and supervises sales agents to market USHEALTH Group, Inc. health plans.

12.     Defendant USHEALTH Advisors LLC, and/or its sales agents, sent facsimiles for the benefit of USHEALTH Group, Inc. that advertised insurance products to the telephone facsimile machines of individuals and entities.

13.     On or about January 27, 2015, Defendant USHEALTH Advisors LLC sent the Facsimile Advertisement promoting health insurance products to Plaintiffs' telephone facsimile machine at (407) 704-3683.

14.     Defendants' Facsimile Advertisement failed to contain a clear and conspicuous opt-out notice stating that the recipient may make a request to the sender not

to send any future faxes and that failure to comply with the request within 30 days is unlawful.

15.     Upon information and belief, Defendants sent similar facsimile advertisements without opt-out notices to the telephone facsimile machines of other persons and entities.

16.     A compliant opt-out notice is required to be included on all facsimile advertisements by the TCPA and its implementing regulations, 47 C.F.R. 64.1200(a)(4).

## CLASS ACTION ALLEGATIONS

17.     Plaintiffs bring this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of themselves and a class of all persons similarly situated.

18.     Plaintiffs bring this class action pursuant to the TCPA, and are members of and seek to represent a class of persons ("Plaintiff Class") defined as:

> "All persons and entities in the United States who were sent one or more facsimiles to a telephone facsimile machine after September 30, 2011, advertising Defendants' products and/or services, where the advertisement failed to contain an opt out notice required by 47 C.F.R. 64.1200(a)(4)"

19.     Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiffs, upon information and belief, aver that the proposed class is in excess of 50 persons.  The class size is so numerous that joinder of all members is impracticable and uneconomical.

20.     Commonality (Fed. R. Civ. P. 23(a)(2)): There are questions of law and fact common to all members of the Plaintiff Class.  Common material questions of fact and law include, but are not limited to, the following:

a. whether Defendants (or another on their behalf) transmitted a facsimile advertisement promoting their goods and services to the telephone facsimile machines of Plaintiffs and other members of the Plaintiff Class;

b. whether Defendants' facsimile advertisements contained a clear and conspicuous TCPA compliant opt-out notice on the first page of the ads;

c. whether Defendants' facsimile advertisements failed to state that the recipient may make a request to the sender not to send any future ads;

d. whether Defendants' facsimile advertisements failed to state that the sender's failure to comply, within 30 days, with a request not to send future advertisements to the recipient's telephone facsimile machine or machines is unlawful;

e. whether Defendants' facsimile advertisements failed to contain a domestic contact telephone number and fax number for the recipient to transmit an opt-out request;

f. whether Defendants' facsimile advertisements violated the provisions of 47 C.F.R. § 64.1200(a)(4);

g. whether Plaintiffs and the other members of the Plaintiff Class are entitled to statutory damages; and

h. whether Plaintiffs and the other members of the Plaintiff Class are entitled to treble damages.

21.     Typicality (Fed. R. Civ. P. 23(a)(3)): The claims of the named Plaintiffs, Walter Stratton Bagg, Esq. and Cooper Law P.A., are typical of the claims of all members of the Plaintiff Class.    Defendants sent facsimile advertisements promoting

their health insurance products to Plaintiffs and the Plaintiff Class that failed to contain requisite opt-out language. Plaintiffs raise questions of fact and law common to the Plaintiff Class, and Plaintiffs' injuries arise from the same conduct as all members of the Plaintiff Class. The Defendants have acted the same or in a similar manner with respect to the named Plaintiffs and all members of the Plaintiff Class.

22. <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: The named Plaintiffs, Walter Stratton Bagg, Esq. and Cooper Law P.A., will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs are each committed to this cause, will litigate vigorously, and are aware of the fiduciary duties of a class representative. Plaintiffs' interests are consistent with and not antagonistic to the interests of the Plaintiff Class. Plaintiffs have a strong personal interest in the outcome of this action and have retained experienced class counsel to represent themselves and the Plaintiff Class.

23. Class counsel is experienced in class action litigation and has successfully litigated class claims.

24. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties. Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

    a. proof of Plaintiffs' claims will also prove the claims of the Plaintiff Class without the need for separate or individualized proceedings;

b. evidence regarding defenses or any exceptions to liability that the Defendants may assert and prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

c. the Defendants have acted and are continuing to act pursuant to common policies or practices by transmitting facsimile advertisements promoting their health insurance products to the telephone facsimile machines of all members of the Plaintiff Class that fail to contain the opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

i. the Defendants have acted and are continuing to act pursuant to common policies or practices by transmitting facsimile advertisements promoting their products and/or services to the telephone facsimile machines of all members of the Plaintiff Class that do not contain a clear and conspicuous opt-out notice;

d. the amount likely to be recovered by individual class members does not support individual litigation;

e. a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f. this case is inherently manageable as a class action in that:

    i. the Defendants and/or their agents identified persons or entities to receive the facsimile advertisement transmissions and it is believed that the Defendants' computer and business records, or that of their

agents, will enable the Plaintiffs to readily identify class members and establish liability and damages;

ii.     liability and damages can be established for the Plaintiffs and the class with the same common proofs;

iii.    statutory damages are provided for in the statute and are the same for all Plaintiff Class members and can be calculated in the same or a similar manner;

iv.    a class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

v.     a class action will contribute to uniformity of decisions concerning the Defendants' practices; and

vi.    as a practical matter, the claims of the members of the Plaintiff Class are likely to go unaddressed absent class certification.

### Count 1
### Claim for Relief for Violations of the TCPA

25.     Plaintiffs and the Plaintiff Class reassert and incorporate herein by reference the averments set forth in paragraphs 1 through 24 above.

26.     This is an action by named Plaintiffs, Walter Stratton Bagg, Esq. and Cooper Law P.A., and the Plaintiff Class, against Defendants, for violations of the TCPA.

27.     Defendants violated the TCPA (47 C.F.R. § 64.1200(a)(4)), which applies to all facsimiles advertisements, by causing the transmission of facsimile advertisements to Plaintiffs and the members of the Plaintiff Class that failed to contain the requisite opt-out notice.

28.     The rules at 47 C.F.R. § 64.1200 (a)(4)(iii)-(iv) specify that the opt-out notice contained in fax ads must: (1) be clear and conspicuous and on the first page of the ad; (2) state that the recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with a request is unlawful; and, (3) contain a domestic contact telephone number and fax number for the recipient to transmit an opt-out request.

29.     The named Plaintiffs and the members of the Plaintiff Class are entitled to $1,500 in statutory damages against Defendants for each facsimile advertisement promoting its products and/or services that was knowingly and willfully sent to a telephone facsimile machine that did not contain a TCPA compliant opt-out notice.

30.     In the alternative, the named Plaintiffs and the members of the Plaintiff Class are entitled to $500 in statutory damages against Defendants for each facsimile advertisement promoting its products and/or services that was negligently sent to a telephone facsimile machine that did not contain a TCPA compliant opt-out notice.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in their favor and against Defendants and request an order:

A. certifying this action as a class action pursuant to Rule 23, appointing Plaintiffs, Walter Stratton Bagg, Esq. and Cooper Law P.A., as the representatives of the class, and appointing Plaintiffs' undersigned counsel as counsel for the class;

B. finding that Defendants caused facsimile advertisements to be sent to class members that failed to contain the opt-out notice required by the TCPA and its implementing regulations;

C. finding that Defendants are liable to pay statutory damages of $1,500 for each facsimile advertisement that was knowingly and willfully sent to a class member, that failed to contain the opt-out notice required by the TCPA and its implementing regulations;

D. finding that, in the alternative, Defendants are liable to pay statutory damages of $500 for each facsimile advertisement that was negligently sent to a class member that failed to contain the opt-out notice required by the TCPA and its implementing regulations;

E. entering a judgment in favor of the Class Representatives for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F. requiring Defendants to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the Plaintiff Class members after deducting costs and fees as determined by the Court;

G. awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiffs, to be deducted from the total amount of penalties, interest and costs before the pro-rata amounts are distributed by the trustee to the Plaintiff Class members; and

H. granting supplemental equitable relief as may be appropriate.

## JURY DEMAND

Plaintiffs and the Plaintiff Class demand trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Ave., Ofc 360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By:  _s/ Richard Bennett_      .
         Richard Bennett