IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ and   Case No.: 6:15-cv-1666 ORL-37-GJK
COOPER LAW P.A., individually
and on behalf of all others similarly situated,

vs.
          Plaintiffs,

USHEALTH GROUP, INC.,
A Delaware corporation, and
US HEALTH ADVISORS, LLC,
a Texas limited liability company,

          Defendants.
_____/

**DEFENDANT USHEALTH GROUP, INC.'S MOTION TO DISMISS
PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

The Defendant, USHEALTH GROUP, INC. ("UHG"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(2), hereby files the instant Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction, and in support thereof states as follows:

**I.     INTRODUCTION**

The Plaintiffs, WALTER STRATTON BAGG, ESQ and COOPER LAW P.A. (hereinafter collectively referred to as "Plaintiffs"), have filed a Complaint in this matter seeking to certify a putative class of persons and entities based on Defendants' alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). *See generally* Complaint, D.E. #1. According to the Complaint, Plaintiffs, an individual and a business located in Orlando, Florida, claim that Defendants violated the TCPA by sending a "noncompliant facsimile advertisement" to Plaintiffs' telephone facsimile machine and to the telephone facsimile of other unnamed persons or entities which lacked the "requisite opt-out notice." *Id.* at ¶ 2. More

pertinently, however, Plaintiffs allege that the co-defendant, US HEALTH ADVISORS, LLC ("UHA"), not UHG, sent the facsimiles "for the benefit of" UHG. *Id.* at ¶ 12.

Plaintiffs' claims against UHG, a Delaware corporation with its principal place of business in Texas, should be dismissed as there is an insufficient basis for this Court to exercise general or specific jurisdiction over UHG.  Plaintiffs have failed to allege sufficient material facts to establish personal jurisdiction over UHG—a non-resident of Florida—under any provision of Florida's long-arm statute.  Furthermore, Plaintiffs' claims against UHG fail to satisfy the due process thresholds of the Fourteenth Amendment to the United States Constitution, including the absence of facts that would establish UHG's minimum contacts with Florida.

## II.   STATEMENT OF PERTINENT FACTS SUPPORTING DISMISSAL FOR LACK  OF PERSONAL JURISDICTION

### A.   *Allegations relating to Personal Jurisdiction*

Based on the Complaint, Plaintiffs consist of an individual and a business located in Orlando, Florida and claim the purported TCPA-violative facsimile was sent to Plaintiffs' facsimile number bearing an Orlando, Florida area code. *See Complaint*, ¶¶ 4, 5.  Ostensibly, Plaintiffs' limited personal jurisdiction allegations as to UHG are as follows:  that UHG, through its subsidiaries, sells individual health insurance plans; that co-defendant, UHA, is the wholly owned sales and distribution arm of UHG; that UHA—not UHG—sent facsimiles "for the benefit of" UHG that advertised insurance products; and that Defendants "caus[ed] the transmission of facsimile advertisements to Plaintiffs and members of the Plaintiff Class that failed to contain the requisite opt-out notice." *See Complaint*, ¶¶ 8, 10, 12, 13, 27.  Conversely, Plaintiffs themselves concede that UHG is a Delaware corporation with its principal place of business in Texas; and the conclusory allegations that UHA "trains and supervises" sales agents

to "market" UHG health plans and that UHA sent the alleged inviolate facsimile "promoting health insurance products" (it does not specify which company's health insurance products, but the alleged violative facsimile attached to the Complaint references only UHA, not UHG). *See Complaint*, ¶¶ 6, 11, 13. These allegations, coupled with the attached Affidavit of Cynthia B. Koenig discussed below, are insufficient to establish personal jurisdiction over UHG.

B.      *Affidavit of Cynthia B. Koenig*

In support of UHG's Motion to Dismiss, attached hereto is the Affidavit of Cynthia B. Koenig, the Executive Vice President and Chief Financial Officer of UHG[1] which further establishes that this Court does not have personal jurisdiction over UHG. Namely, Ms. Koenig attests that (1) UHG is a Delaware Corporation with its principal place of business in Fort Worth, Texas; (2) UHG is a separate and distinct entity from co-defendant UHA; (3) Each company has its own governing board and holds separate meetings of its governing body; (4) Each company makes independent decisions without the approval of the other; (5) Each company employs separate accounting procedures and maintains separate books and records; (6) UHG has never requested, initiated, nor facilitated facsimile advertisements to any individual or corporate residents of Florida; (7) UHG has never entered into a contract for the purpose of sending facsimile advertisements to residents of Florida; (8) UHG is not licensed to do business in Florida and has not attempted to procure or solicit business from any individual or business entity within the State of Florida; (10) UHG does not maintain any corporate offices in the State of Florida, does not own property in the State of Florida, and does not pay taxes in the State of Florida; (11) and UHG does not have any bank accounts or employees or mail box addresses or telephone phone numbers in the State of Florida. *See generally* Ex. A.

---

[1] Affidavit of Cynthia B. Koenig is attached hereto as Exhibit "A".

### III.     MEMORANDUM OF LAW

*A.     Legal Standard*

When presented with a motion to dismiss for lack of personal jurisdiction, a Court must accept the facts alleged in plaintiff's complaint as true. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990); *see also* Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of pleading sufficient material facts to form a basis for personal jurisdiction, after which the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings. *See Cable/Home Communication Corp.*, 902 F.2d at 855; *Roblor Marketing Group, Inc. v. GPS Industries, Inc.*, 645 F. Supp. 2d 1130, 1137 (S.D. Fla. 2009); *Future Tech Today, Inc v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *L.O.T.I. Group Prods. v. Lund*, 907 F. Supp. 1528, 1530 (S.D. Fla. 1995) (noting that a "plaintiff seeking to subject a nonresident defendant to jurisdiction of the court must do more than allege facts that show a *possibility* of jurisdiction") (emphasis in original) (citing *Jet Charter Service, Inc. v. Koeck*, 907 F. 2d 1110, 1112 (11th Cir. 1990).  If the defendant sufficiently challenges plaintiff's assertion, then the plaintiff must affirmatively support its jurisdictional allegations and may not merely rely upon the factual allegations set forth in the complaint. *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 586 (M.D. Fla. 1991).

With this burden-shifting framework in mind, this court will have personal jurisdiction over Defendants if the following two requirements are met: (1) a statutory basis for long-arm jurisdiction, and (2) sufficient minimum contacts between the nonresident defendant and the state to satisfy the minimal due process requirements of the Fourteenth Amendment. *Backer Elecs., Inc. v. Pentar Sys., Inc.*, 219 F. Supp. 2d 1260, 1261 (M.D. Fla. 2002); *Meterlogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1352 (S.D. Fla. 2000); *Venetian Salami Co. v. J.S.*

*Parthenais*, 554 So. 2d 499 (Fla. 1989).  Only if both prongs of the *Venetian Salami* analysis are satisfied may a federal court exercise personal jurisdiction over a nonresident defendant. *Robinson v. Fiarmarco & Bill, P.C.*, 74 F.3d 253 (11th Cir. 1996).

### B.     Legal Argument

For the reasons further articulate below, Plaintiffs' Complaint against UHG should be dismissed because the Court lacks both general and specific personal jurisdiction over UHG—a non-resident defendant with no minimum contacts in the State of Florida.

### (1)     Florida's Long-Arm Statute

The Florida long-arm statute, codified in Section 48.193, Florida Statutes, provides two alternative statutory bases for the exercise of personal jurisdiction: specific or general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Pathman v. Grey Flannel Auctions, Inc.*, 741 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010).  General jurisdiction can more broadly attach to suits unrelated to a defendant's contacts with the forum, whereas specific jurisdiction attaches only to suits arising from a defendant's contact with the forum.  *See Helicopteros* , 466 U.S. at 414-15.

Florida's long-arm statute provides, in pertinent part, as follows:

48.193 Acts subjecting person to jurisdiction of courts of state.—

(1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

2. Committing a tortious act within this state.

\* \* \* \*

6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

a. The defendant was engaged in solicitation or service activities within this state; or

b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193 (2015).

"Because the reach of Florida's long arm statute is a question of Florida law, federal courts are required to construe the long arm statute as would the Florida Supreme Court." *Meterlogic, Inc.*, 126 F. Supp. 2d at 1352. "Furthermore, the Florida long-arm statute is to be strictly construed." *Umbach v. Mercator Momentum Fund, L.P.*, No., 2007 WL 2915910, at *1 (S.D. Fla. Oct. 5, 2007) (citing *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F. 2d. 889, 891 (11th Cir. 1983).

Turning to the allegations of the Complaint, Plaintiffs have failed to articulate a colorable basis for applying Florida's long-arm statute (whether under general or specific jurisdiction) to UHG, which Plaintiff concedes is a Delaware corporation with a principal place of business in Fort Worth, Texas. *See* Complaint, ¶ 6.  Moreover, Plaintiffs fail to identify any provision under which the long-arm statute attaches.  Instead, Plaintiffs simply set forth nominal allegations pertaining to personal jurisdiction, to wit:

> 12. Defendant USHEALTH Advisors LLC, and/or its sales agents, sent facsimiles for the benefit of USHEALTH Group, Inc. that advertised insurance products to the telephone facsimile machines of individuals and entities.
>
> 13. On or about January 27, 2015, Defendant USHEALTH Advisors, LLC sent the Facsimile Advertisement promoting health insurance products to Plaintiffs' telephone facsimile machine at (407) 704-3683.
>
> ****
>
> 15. Upon information and belief, Defendants sent similar facsimile advertisements without opt-out notices to the telephone facsimiles of other persons and entities.
>
> ****
>
> 27. Defendants violated the [TCPA], which applies to all facsimiles advertisements, by causing the transmission of facsimile advertisements to Plaintiffs and members of the Plaintiff Class that failed to contain the requisite opt-out notice.

Complaint, ¶¶ 12-13, 15, 27.

At the outset, note that <u>Plaintiffs do not allege that UHG sent the subject facsimile advertisements</u>. Rather, Plaintiffs—on two occasions—only allege that UHA, not UHG, sent the subject facsimile advertisements. As to UHG, Plaintiffs only allege the facsimile advertisements were sent "for the benefit of" UHG. Complaint, ¶ 12. In addition, Plaintiffs do not allege that UHG directed, authorized or ratified the sending of the subject facsimile advertisements. Even if they had, Ms. Koenig has specifically attested that UHG has never requested, initiated, facilitated, or contracted for the purpose of sending facsimile advertisements to individual or corporate residents of Florida. *See* Ex. A. Accepting the Plaintiffs' limited and vague allegations as true for the instant personal jurisdiction analysis, the only plausible bases for exercising long-arm jurisdiction over UHG would be operating or conducting a business venture in Florida [48.193(1)(a)(1)]; committing a tortious act in Florida [48.193(1)(a)(2)]; causing

injury to persons or property in Florida by act or omission outside of Florida when UHG was engaged in solicitation or service activities in Florida [48.193(1)(a)(6)]; or engaging in substantial and not isolated activity within this state [48.193(2)]. For the reasons discussed below, there is no basis for extending long-arm jurisdiction over UHD under any of these sections of the long arm statute.

      a.    **UHG Is Not Subject to General Personal Jurisdiction Pursuant to Section 48.193(2), Florida Statutes, Because UHG Has Never Conducted Substantial Activity Within Florida.**

To determine whether the exercise of general jurisdiction is appropriate, the Florida long-arm statute provides, in relevant part, that: "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2) (2015). Florida courts have interpreted the "substantial and not isolated activity" requirement of the long-arm statute as the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Fourteenth Amendment Due Process Clause. *Pathman v. Grey Flannel Auctions, Inc.*, 741 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010); *see also Bafitis v. Ara*, 815 So. 2d 702, 703 (Fla. 3d DCA 2002) ("substantial and not isolated activity," has been defined as "continuous and systematic general business contacts" with the forum state). Such contacts must be "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (citations omitted). "Thus, general jurisdiction requires a more rigorous showing than specific jurisdiction." *Northwestern Aircraft Capital Corp. v. Anastasia T. Stewart*, 842 So. 2d 190, 195 (Fla. 5th DCA 2003); *Barrocos of Florida, Inc. v. Elmassian*, 2012

WL 1622988, at *5 (S.D. Fla. 2012) ("The requisite threshold of continuous and systematic contacts is significantly more demanding than the showing necessary to establish specific jurisdiction because section 48.193(2) does not require any connection between plaintiff's claim and defendant's Florida activities.").

As articulated above, UHG has no office in Florida, nor does it have any employees in Florida, nor does it own any property in Florida. *See* Ex. A, ¶¶ 9, 10. UHG does not maintain a mailing address or any bank accounts, or telephone numbers in Florida. *Id.* at ¶ 10. UHG has not attempted to procure or solicit business from any individual or business entity in Florida and has never requested, initiated, facilitated, or contracted for the purpose of sending facsimile advertisements in Florida. *Id.* at ¶¶ 5, 6. UHG does not even pay taxes in Florida. *Id.* at ¶ 9. Given these facts, it cannot be said that UHG is engaged in substantial and not isolated activities within this state. Moreover, Plaintiffs have made no such allegations to the contrary.

In sum, UHG has not conducted "substantial and not isolated activities" within the state of Florida, so as to bring it within the purview of the general jurisdiction of this Court. Consequently, the Court cannot exercise general personal jurisdiction over UHG pursuant to section 48.193(2), Florida Statutes (2015).

    **b.**     **UHG Is Not Subject to Specific Personal Jurisdiction Pursuant to Section 48.193(1)(a)(1), Florida Statutes, Because It Does Not Operate, Conduct or Carry on a Business or Business Ventures in Florida or Have an Office in Florida.**

The allegations in Plaintiffs' Complaint, vague and conclusory as they may be, raise the possibility that the Plaintiffs seek to establish personal jurisdiction pursuant to § 48.193(1)(a)(1), Florida Statutes, by stating that UHA sent the subject facsimile advertisements "for the benefit of" UHG. *See* Complaint ¶ 12. This statutory provision subjects one to personal jurisdiction

"for any cause of action arising from . . . [o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state. Fla. Stat. § 48.193(1)(a)(1). Plaintiffs further allege that, "upon information and belief, Defendants sent similar facsimile advertisements . . . to the telephone facsimile machines of other persons and entities." *See* Complaint, ¶ 15.

In order to establish that UHG was in fact "carrying on business" in Florida for purposes of the long-arm statute, "the activities of the defendant must be considered collectively and show a general course of business activity in Florida for a pecuniary benefit." *Pathman*, 741 F. Supp. 2d at 1323; *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F. 3d 1247, 1249 (11th Cir. 2000).  There are numerous factors that the court may consider in this analysis, although none are dispositive: (1) whether the defendant operates an office in Florida, (2) possesses and maintains a license to do business in Florida, (3) serves clients in Florida, and (4) the amount of revenue gained as a result of doing business in Florida.  See *Pathman*, 741 F. Supp. 2d at 1323; *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F. 3d 1162, 1166 (11th Cir. 2005).

As indicated in Ms. Koenig's Affidavit, UHG does not have an office in Florida (or a mailing address, phone number, or any property in Florida); UHG does not have a license to do business in Florida; and UHG has not attempted to procure or solicit business in Florida (or even pay taxes in Florida).  *See* Ex. A, ¶¶ 8, 9, 10.  Furthermore, Plaintiffs have set forth no allegations for this Court to consider which indicate UHG was carrying on a business in Florida. Accordingly, there is no basis to exercise personal jurisdiction pursuant to Section 48.193(a)(2), Florida Statutes (2015).

    **c.**    **UHG Is Not Subject to Specific Personal Jurisdiction Pursuant to Section 48.193(1)(a)(2) or 48.193(1)(a)(6), Florida Statutes, Because It Did Not Commit a Tortious Act Within Florida Or Cause Injury To Persons or Property Within Florida.**

Florida's long arm statute extends personal jurisdiction to those committing a tortious act within this state [48.193(1)(a)(2)] or causing injury to persons or property within Florida for acts or omissions outside of Florida if, in pertinent part, at the time of the injury the defendant was engaged in solicitation or service activities within Florida [48.193(1)(a)(6)]. *See* §§ 48.193(1)(a)(2); 48.193(1)(a)(6).

Notably, for personal jurisdiction, a defendant's tortious act may result from its telephonic, electronic, or written communications into Florida. *See Crowe v. Paragon Relocation Resources, Inc.*, 506 F. Supp. 2d 1113, 1121 (N.D. Fla. 2007). However, in the matter *sub judice*, <u>Plaintiffs have not made one allegation that UHG sent the alleged facsimile advertisements</u>. In fact, Plaintiffs allege that UHA—not UHG—sent the purported facsimile advertisements. Additionally, Ms. Koenig has attested that UHG has never requested, initiated, facilitated or contracted for the purpose of sending facsimile advertisements in Florida. *See* Ex. A, ¶¶ 5, 6. Consequently, Plaintiffs have not demonstrated that UHG "committed a tortious act in Florida" that warrants the exercise of personal jurisdiction under Section 48.193(1)(a)(2).

Similarly, Plaintiffs have failed to justify the exercise of personal jurisdiction over UHG under Section 48.193(1)(a)(6), which permits the exercise of specific jurisdiction over a defendant for acts or omissions out of state but at the time of injury the defendant was engaging in solicitation or service activities within Florida. As it pertains to the instant case, the "solicitation or service activities" herein would be the sending of facsimile advertisements. At the outset, according to Ms. Koenig's attached affidavit, UHG has never requested, initiated,

facilitated or contracted for the purpose of sending facsimile advertisements in Florida.  *See* Ex. A, ¶¶ 5, 6.  In addition, Plaintiffs have alleged that UHA, not UHG, sent the facsimile advertisements which allegedly violated the TCPA.  *See* Complaint, ¶¶ 12-13.  Accordingly, UHG was not "engaged in solicitation or service activities within this state" for purposes of the exercise of personal jurisdiction.  The matter of *Miller v. Berman*, 289 F. Supp. 2d 1327, 1334 (M.D. Fla. 2003) is instructive and analogous to the instant case.  In *Miller*, the plaintiff, a Florida resident, sought to purchased a customized catamaran sailboat and sent an unsolicited e-mail to an out of state yacht broker inquiry about such a vessel.  Similar to UHG here, the yacht broker did not regularly conduct business in Florida and did not hold a Florida yacht broker's license.  The yacht broker and the plaintiff exchanged e-mail correspondence and telephone conversations wherein the yacht broker ultimately recommended the plaintiff negotiate directly with the manufacturer due to the highly customized nature of plaintiff's request.  Subsequently, the plaintiff contracted with the manufacturer; the yacht broker was not a part of the negotiations nor was a party to the contract.  On the yacht broker's motion to dismiss for lack of personal jurisdiction, the Middle District held, in part, that no specific jurisdiction attached because, despite the e-mail and telephone conversations, the yacht broker did not engage in solicitation or service activities in Florida.  *Id.* at 1334.

Similarly here, UHG is not licensed in Florida and its representative has attested that it has never requested, initiated, facilitated or contracted for the purpose of sending facsimile advertisements in Florida.  *See* Ex. A, ¶¶ 5, 6.  Moreover, the instant case does not even rise to the level of *Miller* as Plaintiffs alleged that UHA, <u>not UHG</u> sent the purported "communication," i.e., a facsimile advertisement, into the State of Florida.  Consequently, Plaintiffs have failed to demonstrate that personal jurisdiction lies under Section 48.193(1)(a)(6), Florida Statutes.

### (2) Due Process

Even assuming, *arguendo*, the Court finds the exercise of personal jurisdiction over UHG is appropriate under Florida's long-arm statute, this alone is insufficient to subject UHG to personal jurisdiction in Florida. *Pathman,* 741 F. Supp. 2d at 1326.  The court must also assess whether the exercise of personal jurisdiction over UHG comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* The Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations."  *Roblor Marketing Group, Inc. v. GPS Industries, Inc.*, 645 F. Supp. 2d 1130, 1138 (S.D. Fla. 2009)

Due process authorizes the exercise of personal jurisdiction over a nonresident defendant when (1) "the nonresident defendant has purposefully established minimum contacts with the forum"; and (2) "the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice." *Pathman,* 741 F. Supp. 2d at 1326*; S.E.C. v. Carrillo*, 115 F. 3d 1540, 1542 (11th Cir. 1997); *Horizon Aggressive Growth, L.P.,* 421 F. 3d at 1166.  This constitutional prong of the personal jurisdiction analysis is more restrictive than whether personal jurisdiction over a non-resident is satisfied under the long arm state and "precludes suit in any situation where the exercise of jurisdiction over the non-resident defendant would violate due process." *Internet Solutions v. Marshall*, 39 So. 3d 1201, 1216 (Fla. 2010).

### a. UHG Does Not Have Sufficient Minimum Contacts With Florida.

In determining whether a non resident defendant has sufficient minimum contacts with the forum state, a court must examine (1) whether the defendant purposely availed itself of the forum state; (2) whether the cause of action arises out of conduct by the defendant purposely directed toward the forum state; and (3) whether it was reasonably foreseeable that a defendant

should reasonably anticipate being haled into court in the forum state. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250-51 (11th Cir. 2000) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The key to any constitutional inquiry into personal jurisdiction is foreseeability. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–77. The due process clause requires that a defendant have "fair warning" that a particular activity may subject him to the jurisdiction of the forum. *Id.* at 472. The "fair warning" requirement is satisfied when a nonresident defendant "purposefully directs" his activities to forum residents and the resulting litigation derives from the alleged injuries that "arise out of or relate to those activities." *Id.* at 472 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984)). To comport with due process foreseeability, the Court must determine that the defendant "purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson,* 357 U.S. at 253. This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random fortuitous, or attenuated contacts." *Burger King,* 471 U.S. at 475.

In the case at bar, Plaintiffs cannot establish the requisite minimum contacts to satisfy the Due Process requirement for the exercise of personal jurisdiction. First, UHG has not engaged in any business activity purposefully directed at the State of Florida. Aside from the fact Plaintiffs have alleged that UHA, not UHG, sent the alleged facsimile advertisements to Florida residents, UHG has never requested, initiated, facilitated or contracted for the purpose of sending facsimile advertisements in Florida. *See* Ex A, ¶¶ 5, 6. UHG has not attempted to procure or solicit business from any individual or business entity in Florida. *See* Ex. A, ¶ 8. UHG is not even licensed to do business in Florida, and has no bank accounts, no mail box addresses, no telephone numbers, no property, and does not even pay taxes in Florida. *See* Ex. A, ¶¶ 7, 9, 10.

Second, UHG is a separate and distinct corporate entity from UHG and the two entities have their own separate governing boards, hold separate meetings of their governing bodies, and make independent decisions without the approval of the other. *See* Ex A., ¶ 4. "Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F. 3d 1264, 1272 (11th Cir. 2002) (disagreed with on separate grounds, *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1390 (S.D. Fla. 2014)); *see also Abramson v. Walt Disney Co.*, 132 Fed Appx. 273, 276 (11th Cir. 2005) (mere presence of wholly owned subsidiary is insufficient to for basis for assertion of personal jurisdiction). Furthermore, "[j]urisdiction over the foreign corporation will not be exercised based on the subsidiary's local activities where the subsidiary carries on its own business and preserves some independence from the foreign corporation." *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F. 3d 1286, 1293 (11th Cir. 2000). Here, as Ms. Koenig has attested, UHA's autonomy and UHG's lack of involvement in the alleged facsimile advertisements made it <u>unforeseeable,</u> and UHG did not have "fair warning," that its "activities" (or lack thereof) would subject it to Florida's jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77. Accordingly, Plaintiffs have not established the requisite minimum contacts for personal jurisdiction to be exercised over UHG.

      b.      **Subjecting UHG to the Jurisdiction Of This Court Would Offend Traditional Notions of Fair Play and Substantial Justice**

Because UHG lacks the minimum contacts with Florida to subject it to the jurisdiction of Florida courts, the Court need not reach this prong of the constitutional analysis. However, assuming minimum contacts with the forum state have been established, these contacts are then considered in light of other factors to decide whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990)

(*citing Burger King Corp.*, 471 U.S. at 476). The factors that a court evaluates include (1) the burden on the defendant in defending the lawsuit, (2) Florida's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, and (4) the interstate judicial system's interest in obtaining the most effective resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies. *Id.* (citing *Burger King*, 471 U.S. at 476).

The assertion of personal jurisdiction over UHG in the case at hand does not comport with traditional notions of fair play and substantial justice.

At the outset, subjecting UHG to the jurisdiction of this Court would place a heavy burden on UHG, as its principal place of business and it has no offices or employees in Florida. *See* Ex. A, ¶¶ 3, 9, 10.  Moreover, UHG's burden of having to defend this suit in Florida would be great, as it would be forced to a travel from Texas to Florida where it is not licensed to do business, no mailing address, no property, no office, and no telephone numbers.  *Id.* at ¶¶ 7, 9, 10; *see also Celerio v. Google, Inc.*, 872 F. Supp. 2d 1327 (N.D. Fla. 2012) (granting a non-resident defendant corporation's motion to dismiss for lack of personal jurisdiction and finding that the burden on defendant in defending the lawsuit would be significant since the defendant had no ties to Florida except that its website was accessible to Florida residents). Furthermore, Florida has no more interest in the adjudication of this action as Texas (or any other federal jurisdiction) since Plaintiffs are only seeking relief under federal law rather than Florida law. *See Exist, Inc. v. Woodland Trading, Inc.*, 2015 WL 881407 at *4 (S. D. Fla. Mar. 2, 2015).

In short, this Court should find that it would offend traditional notions of fair play and substantial jurisdiction to hale into this jurisdiction a party who could not and did not have fair warning that the alleged facsimile advertisements in Florida, which it never initiated, requested,

facilitated, or contracted for, would result in it being hailed into Florida. *See Burger King,* 471 U.S. at 475 ("This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.").

## IV.   CONCLUSION

For the foregoing reasons, USHealth Group, Inc. respectfully requests that this Motion to Dismiss be granted, and that Plaintiffs' Complaint be dismissed as to this Defendant for lack of personal jurisdiction.

Respectfully submitted this 30th day of November, 2015.

### CERTIFICATE OF SERVICE

I hereby certify on November 30, 2015, I electronically filed the forgoing document with the Clerk of Court using CM/ECF system which will send a notice of electronic filing to all counsel of record that are registered with the court's CM//ECF.

        Respectfully submitted,

*/s/ Peter Baumberger*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6774
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendants*