UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 6:15-cv-01666-RBD-GJK

WALTER STRATTON BAGG, ESQ.,
and COOPER LAW P.A., individually
and on behalf of all others similarly situated,

Plaintiffs,

vs.

USHEALTH GROUP, INC.,
a Delaware corporation, and
USHEALTH ADVISORS, LLC.,
a Texas limited liability company,

Defendants.
_______________________________________/

**PLAINTIFFS' RESPONSE TO USHEALTH GROUP, INC.'s MOTION TO STAY DISCOVERY PENDING DISPOSITION OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR MOTION FOR EXTENSION OF TIME TO SERVE RESPONSES TO DISCOVERY**

Plaintiffs, by and through undersigned counsel, hereby respond to defendant USHealth Group, Inc.'s ("UHG") Motion to Stay Discovery Pending Disposition of its Motion to Dismiss for Lack of Personal Jurisdiction and/or Motion for Extension of Time to Serve Responses to Discovery (Doc. 39) ("Motion").

Defendant UHG has moved to stay discovery[1] as to UHG pending disposition of its Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 20), raising two primary arguments: (1) the Eleventh Circuit favors stays of discovery where a motion to dismiss for lack of personal jurisdiction has been filed; and (2) "none of [Plaintiff's discovery]

[1] UHG's Motion seeks a stay of discovery *only* as to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents, served on UHG on January 21, 2016, and does *not* seek a stay of discovery as to Plaintiffs' First Request for Admissions, served on UHG on January 8, 2016. *See* Motion at 2, n. 1. For the Court's convenience, Plaintiffs have attached to this Response their First Set of Interrogatories and First Request for Production of Documents, which have been challenged by UHG, as Exhibit 1.

pertains to the jurisdictional issues upon which UHG's Motion to Dismiss is premised." *See* Motion at 2-3. As discussed more fully below, because both of these fundamental arguments upon which UHG's Motion is premised are incorrect, UHG's Motion is without merit and should be properly denied.

Courts have broad discretion to issue a stay in litigation proceedings. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In determining whether to stay proceedings – at any stage of litigation and for whatever reason – a court "must weigh competing interests and maintain an even balance" between the interests of the parties. *Id*. at 255. Yet despite this broad authority, motions to stay discovery are not favored by the courts. *See Feldman v. Flood*, 176 FRD 651, 652 (M.D. Fla. 1997); *Lugo v. Avarado*, 819 F.2d 5 (1st Cir. 1987). Motions that unnecessarily delay or prolong discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Corbin v. Affiliated Computer Servs.*, 2013 U.S. Dist. LEXIS 92001, *3 (M.D. Fla. 2013). In deciding whether to stay discovery pending resolution of a particular motion, the court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and "entirely eliminate the need for such discovery." *Id.*

Contrary to UHG's arguments, courts have consistently held that this balancing test does **not** favor stays of discovery where, as here, "the motion to dismiss … [does] not go to the merits of the case, but only to the forum in which it proceeds." *Oxford Lending Group, LLC v. Underwriters at Lloyd's London*, 2010 U.S. Dist. LEXIS 109006, *5-6 (S.D. Ohio 2010) (citations omitted); *Charvat v. NMP, LLC*, 2009 U.S. Dist. LEXIS 96083, *2-3 (S.D. Ohio 2009) ("because [motions to dismiss for lack of personal

jurisdiction or improper venue] do not go to the merits of the case … there is even less reason to stay discovery pending their outcome."); *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. LEXIS 156928, *5 (D. Nev. 2013) ("the filing of a motion challenging personal jurisdiction does not mandate a stay of discovery and the Court retains discretion to require discovery to go forward."); *DSM Desotech, Inc. v. Momentive Specialty Chems., Inc.*, 2015 U.S. Dist. LEXIS 158632, *30-34 (S.D. Ohio 2015) (citations omitted) ("the fact that a party has filed a case-dispositive motion [to dismiss for lack of personal jurisdiction] is usually deemed insufficient to support a stay of discovery … [u]nder these circumstances, the defendants have simply not met their burden of demonstrating that a stay of discovery is appropriate, and their motion will be denied."); *Slate Rock Const. Co. Ltd. v. Admiral Ins. Co.*, 2011 U.S. Dist. LEXIS 46846 (S.D. Ohio 2011) (permitting merits discovery notwithstanding pending jurisdictional and venue motions, finding "little reason to delay [the] discovery" because the proponent of discovery would ultimately be able to obtain and utilize the discovery in an alternative forum even if the pending jurisdictional and venue motions were successful).

In support of its contention that the Eleventh Circuit, specifically, favors stays of discovery where a motion to dismiss for lack of personal jurisdiction has been filed, UHG cites to only one Eleventh Circuit case – *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). *See* Motion at 2-3. In *Chudasama*, the Eleventh Circuit held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [] be resolved before discovery begins." *Id*. at 1367.

While UHG stops there in arguing that it should not have to respond to Plaintiffs' properly propounded discovery requests, the Eleventh Circuit does not. Instead, the *Chudasama* Court specifically notes that motions for dismiss based on personal jurisdiction, such as UHG's motion to dismiss here, warrant a very different analysis, and typically require that the Parties conduct the very discovery that UHG here opposes. *See id*. ("[A] motion to dismiss based on failure to state a claim for relief … always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.") (citing *Mitchell v. Duval County Sch. Bd.*, 107 F.3d 837, 838 (11th Cir. 1997)); *Chudasama*, 123 F.3d at 1367 (holding that, as opposed to a motion for failure to state a claim for relief, "[r]esolution of a pretrial motion that turns on findings of fact – for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2)" – typically requires discovery before a meaningful ruling can be made); *see also Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002); *Latell v. Santander Bank*, 2015 U.S. Dist. LEXIS 3803, *3-4 (M.D. Fla. 2015) ("Chudasama does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss"); *Koock v. Sugar & Felsenthal, LLP*, 2009 U.S. Dist. LEXIS 81153 (M.D. Fla. 2009) (same).

Rather, in circumstances such as here – where a moving defendant has submitted affidavits or other evidence in an attempt to rebut the jurisdictional allegations contained in the Plaintiffs' Complaint – courts in Florida and beyond have consistently denied wholesale motions to stay discovery, and instead held that plaintiffs are entitled to relevant discovery:

> The holding in *Chudasama* does not establish the general rule that discovery should not proceed while a motion to dismiss is pending … In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.
>
> …
>
> After balancing the harm produced by a discovery delay against the possibility that [the defendant]'s motion will be granted, the court concludes that the balance tips in favor of permitting discovery to go forward. As Plaintiffs point out, discovery may lead to facts relevant to [the defendant]'s motion to dismiss … this discovery may lead to the identity of individuals with knowledge of the extent of [the defendant]'s contacts with Florida.

*Koock*, 2009 U.S. Dist. LEXIS 81153 at *6-10; *see also Gibson v. NCL (Bah.) Ltd.*, 2012 U.S. Dist. LEXIS 74602, *12 (S.D. Fla. 2012) ("Without jurisdictional discovery, Plaintiff cannot refute the statements made in the affidavit submitted by [the defendant]'s legal representative concerning the corporation's lack of contacts with Florida. Additionally … the record does not reveal that Plaintiff delayed in requesting jurisdictional discovery and she has alleged enough to entitle her to it."); *Mvisible Techs., Inc. v. Mixxer, Inc.*, 2007 U.S. Dist. LEXIS 18308, *7 (S.D. Fla. 2007) (same).

While Plaintiffs are confident that the evidence and legal support submitted in Plaintiffs' Response to UHG's Motion to Dismiss (Doc. 30) is more than sufficient to defeat UHG's conclusory assertions regarding personal jurisdiction, a cursory look at the sparse record here demonstrates that the instant case is otherwise the exact scenario envisioned by the Eleventh Circuit in *Chudasama*, and that Plaintiffs' discovery requests are unquestionably relevant to UHG's Motion to Dismiss, should this Court not otherwise find that UHG's Motion to Dismiss is due to be denied on the existing record.

UHG's Motion to Dismiss relies entirely on the Affidavit of Cynthia B. Koenig in support of its argument that this Court does not have personal jurisdiction over UHG.

*See* Doc. 20 at 3. In Ms. Keonig's affidavit, she makes numerous unsupported and conclusory allegations, including allegations that "UHG is a separate and distinct entity from co-defendant UHA," that "UHG has never requested, initiated, nor facilitated facsimile advertisements to any individual or corporate residents of Florida," and that UHG does not have "any employees" in the State of Florida. *See id*.

In their Response, Plaintiffs refute each one of UHG's allegations through extensive testimonial and documentary evidence. *See* Doc. 30 at 6-7 (demonstrating that this Court has personal jurisdiction over UHG because, as a matter of law, UHG is "directly liable as the sender of the illegal facsimile advertisement here at issue," intentionally transmitted to recipients within Florida); *Id*. at 9 (discussing evidence that UHA, as UHG's wholly-owned domestic subsidiary and admitted "marketing arm," coordinated purchases of UHG's products within Florida, coordinated advertising and marketing for UHG within Florida, and shared certain individuals in leadership positions); *Id*. at 9-10 (discussing documentary evidence demonstrating that UHG controls approximately one hundred "captive agents" soliciting sales of its insurance products within Florida); *Id*. at 10 (discussing evidence of "an obvious co-mingling of financial and corporate leadership between UHA and UHG").

While Plaintiffs believe that this evidence is more than sufficient to defeat UHG's Motion to Dismiss, should this Court instead find that additional discovery is necessary in order to resolve UHG's jurisdictional claims, Plaintiffs' limited discovery requests are directly tailored towards resolution of this jurisdictional dispute, and should be answered by UHG. As seen in the attached discovery requests, the vast majority of discovery requests propounded by Plaintiff go directly to the issues raised by UHG in its Motion to

Dismiss, including, but not limited to, the number of faxes transmitted by UHG advertising its insurance products, the location of the intended recipients of those faxes (including those within Florida), how those intended recipients' contact information was obtained by UHG, the process by which such fax advertisements were transmitted, the content of all authorizations and/or contracts entered into by UHG with third-parties for the purposes of transmitting faxes advertising UHG's insurance products on its behalf (including those transmitted to recipients within Florida), as well as details of UHG's corporate and financial relationship with UHA. *See* Exhibit 1, Plaintiffs' First Set of Interrogatories and First Request for Production of Documents. *See Mvisible Techs., Inc.*, 2007 U.S. Dist. LEXIS 18308 at *7 (holding that, pursuant to Eleventh Circuit law, plaintiffs were entitled to discovery which could be used to rebut factual assertions made in an affidavit submitted by the defendant in support of its motion to dismiss for lack of personal jurisdiction); *Feldman*, 176 F.R.D. at 652 ("[T]he Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion.") (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir. 1985)).

WHEREFORE, based on the foregoing arguments, Plaintiffs respectfully request that this Court deny UHG's Motion to Stay Discovery Pending Disposition of its Motion to Dismiss for Lack of Personal Jurisdiction and/or Motion for Extension of Time to Serve Responses to Discovery (Doc. 39), order defendant UHG to timely respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents, and allow this case to proceed on its merits.

Respectfully submitted,

Shawn A. Heller, Esq.
Florida Bar No. 46346

shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Avenue
Office Suite #360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By: *s/ Joshua Glickman*
Joshua Glickman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on this 5th day of February, 2016, which will send a notice of electronic filing to all attorneys of record.

By: *s/ Joshua Glickman*
Joshua Glickman, Esq.