IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ and COOPER LAW P.A., individually and on behalf of all others similarly situated,

Case No.: 6:15-cv-1666 ORL-37-GJK

vs.

Plaintiffs,

USHEALTH GROUP, INC., A Delaware corporation, and US HEALTH ADVISORS, LLC, a Texas limited liability company,

Defendants.

_______________________________________/

**USHEALTH ADVISORS, LLC'S MOTION FOR PROTECTIVE ORDER WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, USHEALTH ADVISORS, LLC ("UHA"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(c) and Rule 45(c)(3) and Middle District Court of Florida Local Rule 3.01(g), files this Motion for Protective Order, and Incorporated Memorandum of Law and in support thereof states as follows:

1. The instant putative class action is premised upon alleged facsimile advertisements sent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA).

2. On March 7, 2016, Plaintiffs issued a Re-Notice of Deposition, wherein they seek to depose Troy McQuagge, the President and Chief Executive Officer of UHA.[1] *See* Exhibit "A" attached hereto.

3. Aside from the mere fact Mr. McQuagge is President and CEO of UHA, he has no unique or superior knowledge concerning any information which is *relevant and material* to the issues in this case. *See* Declaration of Troy McQuagge attached hereto as Exhibit "B".

4. Plaintiffs can obtain the information they are seeking through less intrusive means, including but not limited to, taking the deposition of other UHA employees with knowledge material to this matter, such as Brian Clark, the Chief Marketing Officer of UHA, whom Plaintiffs have already sought to depose with no objection from Defendants.

5. For the reasons set forth *infra*, UHA respectfully seeks a Protective Order precluding the deposition of Mr. Troy McQuagge, and any other relief this Honorable Court deems just and proper.

**MEMORANDUM OF LAW**

6. Plaintiffs' attempt to depose Mr. McQuagge, President and CEO of UHA (and UHG), is commonly referred to as an "Apex" deposition, i.e., the deposition of a high ranking executive or principal in an organization. "Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse and

[1] As of the filing of this Motion, no subpoena has been issued for Mr. McQuagge and, consequently, a Motion to Quash is currently unnecessary. Mr. McQuagge is also the President and CEO of USHEALTH Group, Inc.

harassment." *Maronda Homes, Inc. of Florida v. Progressive Exp. Ins. Co.*, 2015 WL 1565299 at 2 (M.D. Fla. Apr. 8, 2015) (citing *Brown v. Branch Banking and Trust Co.*, 2014 WL 235455, at 2 (S.D. Fla Jan. 22, 2014) (quoting *Celebrity v. Ultra Clean Holding, Inc.*, 2007 WL 205067 at 3 (N.D. Cal. Jan. 25, 2007)).

7. On this premise, "[w]hen a high-ranking official of a corporation does not have any direct knowledge of the facts, it is inappropriate to compel his deposition without first deposing lesser-ranking employees who have more direct knowledge of the facts at issue." *Maronda Homes*, 2015 WL 1565299 at 2 (citing *Little League Baseball, Inc. v. Kaplan*, 2009 WL 426277 at 2 (S.D. Fla. Feb. 20, 2009) (quoting *Stelor Prods., Inc. v. Google, Inc.*, 2008 WL 4218107 at 4 (S.D. Fla. Sept. 15, 2008)). "Generally, because the CEO of a large corporation is familiar with the big picture of the operations of a company—and is not familiar with the day to day operations of a business—most courts have fashioned a test that requires the party seeking the deposition of a CEO to show that the executive has "unique or superior knowledge of discoverable information." *Chick–Fil–A, Inc. v. CFT Development, LLC,* 2009 WL 928226 at 3 (M.D. Fla. Apr.03, 2009) (citing *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir.1979) (protective order granted barring deposition of President of drug company because he lacked direct knowledge of the facts in dispute, and other employees had more direct knowledge); *Lewelling v. Farmers Ins. of Columbus, Inc.,* 879 F.2d 212, 218 (6th Cir.1989) (protective order barring plaintiffs from deposing their employer's CEO, who lacked knowledge about any relevant facts); *Burns v. Bank of America,* 2007 WL 1589437 at 3 (S.D.N.Y. June 4, 2007) (holding that unless it can be demonstrated that a corporate official has some unique knowledge of the issues in the case it

may be appropriate to preclude a deposition of a highly placed executive while allowing other witnesses with the same knowledge to be questioned).

8. To this end, "[a] protective order precluding the deposition of a high-ranking executive officer will be granted where the officer possesses no unique knowledge regarding the underlying facts of the action and files a declaration stating his or her lack of knowledge." *McMahon v. Presidential Airways, Inc.*, 2006 WL 5359797 at 2 (M.D. Fla. Jan. 18, 2006). Moreover, an officer at the apex of the corporation can only be deposed if he or she has unique knowledge or the subject matter requested in deposition was pursued unsatisfactory through less intrusive means." *McMahon,* 2006 WL 5359797 at 2. A party seeking to depose a "high ranking corporate officer" must first establish that the executive: (1) has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527 (S.D. Fla. 2015); *see also McMahon*, 2006 WL 5359797 at 2. The party seeking the deposition of the high-ranking official has the burden to show that the deposition is necessary. *Id.; Chick–Fil–A, Inc.*, 2009 WL 928226 at 3 (M.D. Fla. Apr.03, 2009) (denying motion to compel deposition of high-level executive where requesting party "failed to convince the Court that [the executive] possesses any unique or superior knowledge concerning any information which is *relevant and material* to the issues in this case"). Plaintiffs have not met this burden.

9. As President and CEO of UHA, Mr. McQuagge has no unique or superior knowledge concerning any information which is *relevant and material* to the issues in this

case. In support of this Motion, Mr. McQuagge has supplied a Declaration attesting to this. To wit, he has no personal knowledge of the allegations giving rise to the Complaint; he is not directly involved on a daily basis in UHA's business practices related to marketing and advertising compliance, nor the training or supervision of UHA's independent sales agents; and is aware of other individuals with superior knowledge of the issues raised by the Plaintiffs in this matter. *See* Exhibit A. It is worth noting that Plaintiffs have also sought to depose Brian Clark, the Chief Marketing Officer of UHA—and the Defendants have not objected.

10. Plaintiffs have not yet deposed any lesser-ranking employees with direct knowledge of the facts at issue in this matter.[2] Plaintiffs can obtain the information they are seeking through less intrusive means (such as the depositions of lesser-ranking employees with superior knowledge), but instead seek to circumvent this and take an "apex" deposition without first satisfying the *Sun Capital Partners* factors set forth above. This is inappropriate and warrants issuance of a protective order.

WHEREFORE, Defendant USHEALTH Advisors, LLC, hereby respectfully request that this Honorable Court issue a Protective Order precluding the deposition of Troy McQuagge, and such other and further relief as this Court deems proper.

**Local Rule 3.01(g) Certificate of Conferral**

Pursuant to Local Rule 3.01(g), undersigned counsel has attempted to confer with Plaintiffs' counsel, Richard Bennett, by e-mail and telephone, and was advised the Plaintiffs

[2] The Plaintiffs previously deposed a *former* UHA independent agent named Birsen Goksu, but have not deposed any current UHG or UHA employees or independent agents.

do oppose the relief sought in this motion.

Respectfully submitted this 7th day of April, 2016.

/s/ *Peter S. Baumberger*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6774
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify on April 7th, 2016, I electronically filed the forgoing document with the Clerk of Court using CM/ECF system which will send a notice of electronic filing to all counsel of record that are registered with the court's CM//ECF.

Respectfully submitted,

/s/ *Peter S. Baumberger*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6774
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendants*