IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ and COOPER LAW P.A., individually and on behalf of all others similarly situated,

Case No.: 6:15-cv-1666 ORL-37-GJK

vs.

Plaintiffs,

USHEALTH GROUP, INC.,
A Delaware corporation, and
US HEALTH ADVISORS, LLC,
a Texas limited liability company,

Defendants.
_______________________________________/

**DEFENDANT USHEALTH GROUP, INC.'S**
**ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

The Defendant, USHEALTH GROUP, INC. ("UHG"), by and through their undersigned counsel, hereby files its Answer, Affirmative Defenses and Demand for Jury Trial in Response to the Complaint, and avers as follows:

## PRELIMINARY STATEMENT

1. Denied. The referenced statute, 47 U.S.C. § 227, speaks for itself.

2. Denied.

## JURISDICTION AND VENUE

3. Denied.

4. Denied.

## PARTIES

5. Defendant is without knowledge as to these allegations, which are therefore denied.

6. Denied.

7. Denied.

## GENERAL ALLEGATIONS

8. Denied as phrased.

9. Denied as phrased.

10. Denied as phrased.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied. The referenced regulation, 47 C.F.R. 64.1200(a)(4), speaks for itself.

## CLASS ACTION ALLEGATIONS

17. Denied.

18. Denied.

19. Denied.

20. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

    g. Denied.

h. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

a. Denied.

b. Denied.

c. Denied.

i.[1] Denied.

d. Denied.

e. Denied.

f. Denied.

i. Denied.

ii. Denied.

iii. Denied.

iv. Denied.

v. Denied.

vi. Denied.

## Count 1
## Claim for Relief for Violations of the TCPA

25. Defendant reasserts the responses to Paragraphs Numbers 1 through 24 above.

26. Denied.

27. Denied.

[1] As written the Class Action Complaint paragraphs run out of alphabetical sequence.

28. Denied.

29. Denied.

30. Denied.

## AFFIRMATIVE DEFENSES

1. The named Plaintiffs lack standing.

2. The named Plaintiff/Putative Class Members' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

3. Plaintiff's requested remedy, if awarded in this case on a class-wide basis, violates the excessive fines clause of the 8th Amendment and the Due Process Clause of the United States Constitution.

4. Plaintiffs' and the putative class claims are barred to the extent that established business relationships or express consent, invitation or permission existed with the Plaintiff and/or the putative class members.

5. The claims for relief of Plaintiffs and the putative class fail as a matter of law.

6. Plaintiffs' and the putative class claims are barred, in whole or in part, because the instant action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure as the proposed class fails to satisfy the requirements of ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority and manageability.

7. Plaintiffs' and the putative class claims are barred, in whole or in part, because neither Plaintiff is a proper representative to bring this action on behalf of the putative class.

8. Plaintiffs' and the putative class claims are barred, in whole or in part, because Defendant did not willfully or knowingly violate the Telephone Consumer Protection Act or its related regulations.

9. Plaintiffs' and the putative claims are barred, in whole or in part, to any extent the subject facsimile advertisement(s) were sent by individuals/entities which lacked this Defendant's authority, whether actual, apparent, express or implied.

10. If Defendant is liable to Plaintiffs, which liability Defendant expressly denies, any liability is limited to Defendant's percentage of fault as provided by Florida Statute § 768.81 and *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law. Specifically, this Defendant asserts that Plaintiffs' damages, if any, are the result of actions and/or negligence of third parties/non-parties, including, but not limited to, Birsen Goksu-Savluk and Fax87. Defendant also reserves the right to add as "Fabre" defendants any other non-parties that Defendant identifies as potentially liable to Plaintiffs.

11. Plaintiffs' claims are barred due to settlement or compromise to the extent the claims asserted in the Complaint have already been settled or compromised by the Plaintiffs.

**DEMAND FOR JURY TRIAL**

Defendant USHealth Group, Inc. demands a trial by jury of all issues so triable as a matter of right.

[REMAINDER OF PAGE LEFT BLANK]

**CERTIFICATE OF SERVICE**

I hereby certify on May 4, 2016, I electronically filed the forgoing document with the Clerk of Court using CM/ECF system which will send a notice of electronic filing to all counsel of record that are registered with the court's CM//ECF.

Respectfully submitted,

/s/ *Peter Baumberger*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
MICHAEL F. SUAREZ
Florida Bar No.: 88845
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6774
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendants*