UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 6:15-cv-01666-RBD-GJK

WALTER STRATTON BAGG, ESQ.,
and COOPER LAW P.A., individually
and on behalf of all others similarly situated,

Plaintiffs,

vs.

USHEALTH GROUP, INC.,
a Delaware corporation, and
USHEALTH ADVISORS, LLC,
a Texas limited liability company,

Defendants.

______________________________________/

**PLAINTIFFS' FIRST OMNIBUS MOTION TO COMPEL**

Plaintiffs, by and through undersigned counsel, hereby file this Omnibus Motion to Compel with respect to the following discovery responses:

- Defendant USHealth Advisors, LLC's ("UHA") Unverified Answers to Plaintiffs' First Set of Interrogatories;
- UHA's Third Amended and Supplemental Response to Plaintiffs' First Request for Production;
- UHA's Unverified Answers to Plaintiffs' Second Set of Interrogatories;
- UHA's Response to Plaintiffs' Second Request for Production;
- Defendant USHealth Group, Inc.'s ("UHG") Unverified Answers to Plaintiffs' First Set of Interrogatories;
- UHG's Response to Plaintiffs' First Request For Production; and
- UHG's Amended Response to Plaintiffs' First Request for Admissions.[1]

[1] UHA's Discovery Responses and UHG's Discovery Responses shall collectively be referred to as "Defendants' Discovery Responses," attached hereto as Composite Exhibit 1, and Plaintiffs' discovery requests that Defendants are responding to in Defendants' Discovery Responses, shall be referred to as "Plaintiffs' Discovery Requests," attached hereto as Composite Exhibit 2.

As argued more fully herein, Plaintiffs respectfully seek an order compelling Defendants to amend Defendants' Discovery Responses after conducting the reasonable inquiries proposed below, and, pursuant to Rule 37(a), Federal Rules of Civil Procedure, and particularly given the Defendants' refusal to adequately investigate relevant discovery and repeated use of formulaic, boilerplate objections to Plaintiffs' Discovery Requests that have necessitated this motion, further request their reasonable attorneys' fees and costs incurred in relation to this Motion.[2]

**Certificate of Counsel**. Pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure, and Local Rule 3.01(g), Middle District of Florida, Plaintiffs have, in good faith, conferred with counsel for Defendants, and has been unable to agree on the relief stated herein.

## I. Introduction

Plaintiffs have alleged that the Defendants violated the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated under the Act ("TCPA"), by sending noncompliant facsimile advertisements promoting Defendants' insurance products to the telephone facsimile machine of the Plaintiffs and to the telephone facsimile machines of other persons or entities that do not contain the requisite opt-out notice. The facsimile

[2] "FRCP 37(a)(5)(A) requires that when a court grants a motion to compel or when the requested discovery is provided after the filing of the motion, it must require the opposing party to pay the movant's reasonable expenses, including attorney's fees, unless the opposing party's nondisclosure was 'substantially justified' or 'other circumstances make an award of expenses unjust.'" *Chen v. Cayman Arts, Inc.*, 2011 WL 2491009, *5 (S.D. Fla. June 22, 2011).

Should the Court grant Plaintiffs' request pursuant to Rule 37(a), Plaintiff will provide an affidavit describing the costs incurred, the number of attorneys' fees reasonably expended, and the attorneys' hourly rates.

advertisement sent to Plaintiffs' facsimile machine is attached hereto as Exhibit 3 ("Facsimile Advertisement").

Plaintiffs' Complaint identifies a nationwide class: "All persons and entities in the United States who were sent one or more facsimiles to a telephone facsimile machine after September 30, 2011, advertising Defendants' products and/or services, where the advertisement failed to contain an opt out notice required by 47 C.F.R. 64.1200(a)(4)" *See* D.E. 1, ¶ 18.

Through discovery, Plaintiffs have learned that on or about January 27, 2015, Defendants' agent, Birsen Goksu-Savluk, sent the Facsimile Advertisement promoting Defendants' health insurance products through a "fax broadcaster" – Fax87.com – to an unknown number of recipients. Plaintiffs were one of the recipients of those faxes. According to Ms. Goksu-Savluk, the Facsimile Advertisement was sent only after obtaining the consent and approval of her supervisor, Jim Hmielewski. *See* Goksu-Savluk Decl., attached hereto as Exhibit 4 ("[o]n or about January, 2015, I met with my supervisor Jim Hmielewski to discuss an idea I had to market USHealth Advisors and myself as its licensed local agent by sending unsolicited fax advertisements to prospective customers….**Mr. Hmielewski gave his consent to me to fax the attached flyer I created to prospective customers.**" (emphasis added)). After receipt of the unsolicited and illegal fax advertisement, Plaintiffs informed the Defendants that the unsolicited fax was in violation of the TCPA and demanded statutory damages.

According to discovery obtained by Plaintiffs, following the Plaintiffs' demand letter regarding the illegal fax advertisement, Defendants began an investigation into the circumstances surrounding the sending of the fax advertisement. Specifically,

Defendants drafted an email to their agent, Birsen Goksu-Savluk, containing a list of detailed questions to determine the circumstances surrounding the fax blast. *See* February 25, 2015, email from Birsen Goksu-Savluk to James Hmielewski ("Birsen Email Responding to Defendants"), attached hereto as Exhibit 5. Question #4 in Birsen Email Responding to Defendants, for instance, reads in relevant part:

> Who authorized this agent to do this? We obviously do not authorize any fax blasts so am (sic) concerned about **whether this is a "lone wolf", or whether this practice is being practiced in a particular region.**" (Emphasis added).

The answer to this question is central to this litigation, and constitutes precisely the information that Plaintiffs are attempting to compel Defendants to provide with the instant Motion – the extent and frequency with which this advertising practice occurred and whether and how often Defendants' other agents have engaged in similar conduct. Moreover, discovery to date has established that this crucial information is likely in the sole possession of the Defendants, and can only be obtained by compelling Defendants to respond to the relevant discovery requests discussed herein. As noted by Plaintiffs in their Unopposed Motion for Entry of Order Regarding Google Inc.'s Production of Certain Communications (D.E. 46) ("Google Motion"), Ms. Goksu-Savluk testified in deposition that she deleted all of the emails between her and the fax broadcaster that she used to transmit the Facsimile Advertisement, and, despite diligent efforts, Plaintiffs have been unable to locate the fax broadcaster to serve a subpoena.[3] [4]

---

[3] *See* Unsuccessful Return of Service, attached hereto as Exhibit 6. Plaintiffs have also informally consulted with a forensic computer expert, who has informed Plaintiffs that the emails that Ms. Goksu deleted from her computer will not be recoverable from her local system.

[4] As noted by Plaintiffs in their Google Motion, Google (which hosted Ms. Goksu-Savluk's relevant email address) will only search for and release copies of email

Finally, after conferring on multiple occasions, on May 5, 2016, the Parties conducted their final conferral in an attempt to resolve as many discovery disputes as possible before engaging the Court. As discussed more fully below, the primary remaining dispute arises from Defendants' position – contrary to the law cited herein - that the knowledge of the individual person they have designated to respond to discovery requests constitutes the knowledge of the corporate entities, and that they are entitled to refuse to do any further investigation in order to provide Plaintiffs with meaningful and complete discovery responses. In addition to this unsupported position, Defendants have asserted improper boilerplate objections unsupported by explanation or affidavit, failed to provide Plaintiffs with signed verification pages for interrogatory responses, and refused to provide Plaintiffs with relevant documents, including the relevant insurance policy which should have, but was not, disclosed in Defendants' Rule 26 initial disclosures.

As noted, although Defendants blindly assert that they are "unaware" of any other agent who may have sent unsolicited fax advertisements, neither Defendant has taken any affirmative actions nor conducted any reasonable inquiry in order to attempt to find out whether this has occurred, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in fax advertising campaigns similar or identical to Ms. Goksu-Savluk's. *See* Goksu-Savluk Decl. at ¶ 3 (Defendants' agent transmitted the Facsimile with the consent and approval of her supervisor, James Hmielewski). As such, because Defendants have refused to search for or disclose information that is both in their sole possession and undeniably relevant to Plaintiffs' claims, Defendants have failed to properly and meaningfully respond to Plaintiffs'

---

communications – if they still exist - pursuant to a court order in the form attached to Plaintiffs' motion. *See* D.E. 46-1.

Discovery Requests, and should be compelled to do so here.

Plaintiffs therefore respectfully request that the Court order Defendants to: (1) search and produce the company email records of their agents to discover communications between their employees, agents and/or contractors and third-party fax broadcasters, and to produce such documents that relate or refer to the transmission of fax advertisements (a list of domains associated with notable fax broadcasters has been attached hereto as Exhibit 7); (2) conduct a reasonable and thorough inquiry to determine whether fax advertising was engaged in by any other of Defendants' employees, agents and/or contractors, and describe with particularity the process and results of the investigation; and (3) provide a list with the identity and contact information of all agents, employees and/or contractors who are or were affiliated with Defendants during the Class Period, in order to allow Plaintiffs to conduct their own corollary, independent discovery into these areas.

## II. Plaintiffs are Entitled to the Requested Discovery as it is Relevant to Class Certification

As noted above, the central issue in this case – and the subject of most of Plaintiffs' Discovery Requests - focus on determining the extent of Defendants' and their agents' use of fax advertisements to promote their products and services. These requests are crucial to Plaintiffs' ability to certify a class, and consistent with Plaintiffs' allegations and the class they seek to represent.

An entity is liable under the TCPA for fax advertisements transmitted by independent contractors or agents when those individuals transmit fax advertisements promoting the products and/or services of the entity. *See, e.g.,* Release No. 95-310 of the Federal Communications Commission, FCC Docket No. 92-90, 10 FCC Rcd 12391

(1995), Paras. 34-35) ("[Under the TCPA], the entity or entities on whose behalf facsimiles are transmitted are ultimately liable for compliance with the [TCPA's] rule banning unsolicited facsimile advertisements."); *Zelma v. Williams,* 2011 U.S. Dist. LEXIS 123933, *19-20 (M.D. Fla. Oct. 26, 2011) (citing *Worsham v. Nationwide Ins. Co.*, 138 Md. App. 487, 772 A.2d 868, 878 (Md. Ct. Spec. App. 2001) (holding that the existence of an independent contractor relationship "would not, in itself insulate the entity" on whose behalf such solicitations are made); *Hooters of Augusta, Inc. v. Nicholson*, 245 Ga. App. 363, 537 S.E.2d 468, 472 (Ga. Ct. App. 2000) (concluding that "an advertiser may not avoid liability under the TCPA solely on the basis that the transmission was executed by an independent contractor")); *Travel 100 Group v. Empire Cooler Servs., Inc.*, 03 CH 14510, Memorandum Opinion and Order on Plaintiffs' Motion for Partial Summary Judgment (Cir. Ct. of Cook County, Chancery Division Aug. 15, 2006) (concluding based on FCC Statement No. 95-310 and one of the stated purposes of the TCPA that advertiser had a "non-delegable" duty to ensure that its advertisements were faxed only to legal recipients and noting, "as a matter of policy," that advertiser should not be allowed to "shield itself from liability" by outsourcing the actual transmission of the fax to a fax broadcaster); *Glen Ellyn Pharm. v. Promius Pharma, LLC*, 2009 U.S. Dist. LEXIS 83073, *11-12, 2009 WL 2973046 (N.D. Ill. Sept. 11, 2009). As such, Defendants here are liable for fax advertisements transmitted by their agents (such as Ms. Goksu-Savluk) that promote Defendants' products and/or services, regardless of whether such agents are labeled as "employees" or "independent contractors."

This requested information is plainly relevant to class certification as such

information is probative of class membership and is absolutely imperative in order for Plaintiffs to establish the ascertainability, numerosity, commonality, and typicality requirements of class certification. *See* Fed. R. Civ. P. 23(a); *see also Little v. T-Mobile USA*, *Inc*., 691 F.3d 1302, 1304 (11th Cir. 2012) (noting that a plaintiff seeking to represent a proposed class must demonstrate that the class is clearly ascertainable). Plaintiffs are unquestionably entitled to discovery that would bear on the question of class certification. *See Dillon v. Bay City Constr. Co.*, 512 F.2d 801, 804 (5th Cir. 1975) ("[T]he plaintiffs were entitled to discovery which would bear on the always troublesome questions of whether this was or ought to be considered a class action, and the terms and conditions, if any, on which it could proceed."); *Martin v. Global Mktg. Research Servs.*, 2015 U.S. Dist. LEXIS 140530, *12 (M.D. Fla. Oct. 15, 2015) ("The information requested is reasonably calculated to elicit information bearing on class certification issues such as commonality, typicality, and adequacy of the class representatives.").[5]

In *Martin v. Global Mktg. Research Servs.*, Judge Presnell addressed similar discovery objections in an analogous TCPA class action. *Martin*, 2015 U.S. Dist. LEXIS 140530 at *12. In *Martin*, the plaintiffs – who had allegedly received an automated telephone call from Defendants in violation of the TCPA - requested discovery regarding the extent and frequency with which the Defendants, and their agents and/or employees, made similar telephone calls in violation of the TCPA during the proposed class period. *Id*. at *2. As here, the defendants objected and refused to respond to the plaintiffs' requests, stating, among other things, that (1) the plaintiffs had not put forth evidence of other, specific telephone call campaigns that may have been made in violation of the

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding all Fifth Circuit precedent handed down before October 1, 1981.

TCPA; and (2) it would be unreasonably burdensome for the defendants to conduct an inquiry into whether and when other telephone calls may have been made by defendants or their agents and/or employees in violation of the TCPA. *Id*. at *4-5.

As should result here, the *Martin* Court overruled the defendants' objections, and compelled the defendants to conduct a reasonable inquiry and provide the requested discovery. *Id*. at *7-9. In so doing, the *Martin* Court rejected the defendants' claims that the requested information was "not readily available in any existing data report," and would require a manual and potentially time-consuming investigation, holding that the plaintiffs were undeniably entitled to information that was "targeted to elicit information potentially bearing on the ascertainability, numerosity, commonality, and typicality requirements of class certification." *Id*. at *12-13.

As in *Martin*, the information requested by Plaintiffs here is in Defendants' sole possession, plainly probative of class membership, and absolutely imperative in order for Plaintiffs to establish the ascertainability, numerosity, commonality, and typicality requirements of class certification. *See* Fed. R. Civ. P. 23(a); *Little*, 691 F.3d 1302 at 1304. As such, because Defendants have refused to produce or even search for this information, Defendants have failed to properly and meaningfully respond to Plaintiffs' Discovery Requests, and should be compelled to do so here.

### III. Defendants Must Conduct a Reasonable Inquiry Before Supplementing their Discovery Responses

As noted above, the primary discovery dispute at issue arises from Defendants' position – contrary to the law cited herein - that the knowledge of the individual person they have designated to respond to discovery requests constitutes the knowledge of the corporate entities, and that they are entitled to refuse to do any further investigation in

order to provide Plaintiffs with meaningful and complete discovery responses. As such, in their written responses to Plaintiffs' Discovery Requests, Defendants have attempted to avoid their discovery obligations with a number of boilerplate responses indiscriminately inserted in response to nearly every interrogatory and request for production. *See* Defendants' Discovery Responses at pp. 2-3 (repeatedly stating "to the extent a 'Facsimile' or 'Other Facsimile' was/were transmitted, which this Defendant denies, unknown"); *Id*. at 4-7 (repeatedly stating "None. Discovery continues"); *Id*. at 10-21 (stating, without explanation, affidavit, or evidence, in response to ten (10) of Plaintiffs' discovery requests, "objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited 'fishing expedition'").[6]

Through conferral, however, Plaintiffs learned that Defendants did virtually nothing to learn whether any of these responses were complete and/or accurate, and made no effort to learn if any if their agents, employees and/or contractors had ever sent a similar fax advertisement. Instead, Defendants indicated that they did not inquire of any of their agents and declined to follow Plaintiffs' suggestion that they send an email to each of their agents inquiring whether fax advertisements were sent and to search the email servers of their agents for key terms that would discover email correspondences between their agents and known fax broadcasters.

As a result, Defendants' Discovery Responses represent – at best - the personal knowledge of the individuals who answered them, as opposed to the knowledge of the corporate entities. Such a practice is contrary to the rules of discovery, which require

[6] Consistent with Local Rule 3.04, Middle District of Florida, Plaintiffs have further below in this Motion listed each interrogatory, request for production and request for admission to which objection is taken, Defendants' objection if applicable, and the reasons Plaintiffs' Motion to Compel should be granted as to that request.

corporate parties to perform reasonable inquires prior to responding to written discovery. *See Liu v. Win Woo Trading, LLC,* 2016 U.S. Dist. LEXIS 21388, *3, *5 (N.D. Cal. Feb. 17, 2016) (Noting that "there is a difference between individual and corporate knowledge" and ordering corporate defendant to supplement its discovery responses and clearly state that it has performed a reasonable inquiry and that its answers are based on its corporate knowledge, rather than the knowledge of the individual who responded).

Defendants' unwillingness to perform a reasonable inquiry of its employees and agents runs contrary to the rules of discovery and the relevant case law. "[T]he responding party cannot furnish only that information within his immediate knowledge or possession." *McElgunn v. CUNA Mut. Group*, 2008 U.S. Dist. LEXIS 53893, *4-5, 2008 WL 2717872 (D.S.D. July 10, 2008) (citing *Weaver v. Gross*, 107 F.R.D. 715, 718 (D.D.C. 1985). "A party has an obligation to conduct a reasonable inquiry into the factual basis of its responses to discovery and, based on that inquiry, a party responding to the production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *Id.* (citing *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006)); *see also, Kristensen v. Credit Payment Servs.*, 2014 U.S. Dist. LEXIS 165489, *18 (D. Nev. Nov. 24, 2014) (same); *Comas v. Schaefer*, 2010 U.S. Dist. LEXIS 73132, *4-5, 2010 WL 2927280 (W.D. Mo. July 21, 2010) (same). "[C]ontrol may be established by the existence of a principal-agent relationship or pursuant to a contractual provision." *McElgunn*, 2008 U.S. Dist. LEXIS 53893 at *5 (citing *Rosie D. v. Romney*, 256 F. Supp. 2d 115, 119 (D. Mass. 2003)).

Defendants' blanket refusal to conduct even a minimal investigation into the factual bases behind their discovery responses is even more egregious given Plaintiffs' undisputed evidence that at least one of Defendants' agents – Birsen Goksu-Savluk - sent a fax advertisement to an unknown number of individuals and entities promoting Defendants' products and services during the Class Period. *See* Defendants' Discovery Responses at p. 15, Ans. Rog. 9; Goksu-Savluk Decl. at ¶ 3. Moreover, she did so with the consent and approval of her supervisor James Hmielewski. Goksu-Savluk Decl. at ¶ 3. As such, Defendants' contention that Plaintiffs' Discovery Requests amount to a "fishing expedition" lacks credibility. Rather, this evidence gives rise to the likelihood that other agents, employees and/or contractors of Defendants were engaged in similar fax advertising campaigns, and Defendants should be compelled to make a reasonable inquiry of their employees and agents and answer Plaintiffs' relevant discovery requests.[7]

### IV. <u>Cases Cited by Defendants in their Discovery Responses Either Support Plaintiffs' Position or are Inapposite</u>

As noted above, Defendants, in responding to nearly all of Plaintiffs' discovery requests, have responded with some iteration of the following, without explanation, affidavit or evidence: "Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited 'fishing expedition.'" In support of these objections, Defendants cite to six cases, none of which are discussed, analogized, or quoted. After even a cursory examination of these cases, Defendants' lack of analysis is unsurprising, as none of the cases are analogous to this case or the instant

[7] Plaintiffs further note that the preliminary investigation sought by Plaintiffs will be reasonable and inexpensive for Defendants to conduct. Much of the requested discovery can be obtained by simple and inexpensive computer word searches of company emails, and/or by e-mail messages to Defendants' agents inquiring as to whether any of them have engaged in fax advertising.

discovery dispute, and instead appear to be cases that simply use certain key phrases, like "fishing expedition," regardless of the context. In some instances, the cases inexplicably cited by Defendants actually support Plaintiffs' position, calling into question Defendants' repeated use of boilerplate objections and provision of answers subject to and without waiving related objections. Nonetheless, and in an abundance of caution, Plaintiffs have addressed these cases below.

First, Defendants cite to *Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866, *1 (11th Cir. 2015), in which the Eleventh Circuit affirmed the ruling of a district court dismissing an action which sought to enjoin a non-judicial foreclosure sale. In *Shannon*, the defendant submitted an affidavit in support of its opposition to plaintiff's action, which contended that it had authority with respect to the subject mortgage. *Id.* The court credited the affidavit, and did not permit the plaintiff to conduct discovery related to it, because the complaint failed to allege that plaintiff had made any efforts to contact the mortgage holder to determine whether it had authority nor did plaintiff make any allegations that would cast doubt on the accuracy of the affidavit itself. *Id.* Moreover, when the plaintiff did finally present evidence that the defendant might not have authority with respect to the subject mortgage, that evidence was not timely submitted. *Id.*

*Shannon*'s facts are simply not applicable to the current scenario. Unlike *Shannon*, Plaintiffs here have presented evidence that at least one of Defendants' agents sent a fax advertisement to an unknown number of individuals and entities promoting Defendants' products and services during the Class Period, and did so with the consent and approval of her supervisor. Moreover, Defendants here have submitted no evidence in support of their contention that no other facsimile advertisements were sent, and in fact

admitted that they did virtually nothing to learn whether any of these responses were complete and/or accurate, or whether any if their agents, employees and/or contractors had ever sent a similar fax advertisement. Accordingly, *Shannon* involves a completely different set of facts and has no bearing on the instant discovery dispute.

Next, Defendants cite to *Yellow Pages Photos, Inc.*, another inapposite case that merely references the phrase "fishing expedition" in a parenthetical citation for a different case. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273, 2015 U.S. App. LEXIS 13297, *39, 115 U.S.P.Q.2D (BNA) 1977, 1990, Copy. L. Rep. (CCH) P30,802, 92 Fed. R. Serv. 3d (Callaghan) 869, 25 Fla. L. Weekly Fed. C 1444 (11th Cir. Fla. 2015). In *Yellow Pages*, the plaintiff cross-appealed the denial by the trial court of his request to issue a letter rogatory to "a court of another country to assist in the production of evidence located in the foreign country." *Id.* Unlike here, where Plaintiffs have only sought information which is in the sole possession of Defendants, the Eleventh Circuit in *Yellow Pages* denied the plaintiff's appeal, holding that such a request was inappropriate because the plaintiff had not sued or even mentioned the foreign entity in any of his complaints or filings. *Id.* at 1274.

Defendants' next case is *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013).[8] In *Salvato*, the plaintiff sought "open access" to an enormous number of the defendant's "private communications with third parties," in the hopes that one of them might contain an admission against interest. *Id.* at *7. The court denied the plaintiff's requests, finding that the defendant and unknown third parties had a significant privacy interest in their personal communications, and that the plaintiff had no information or

[8] Plaintiffs further note that this case was subsequently reversed, in part, by the Eleventh Circuit, on unrelated grounds. *See Salvato v. Miley,* 790 F.3d 1286 (11th Cir. 2015).

reason whatsoever to believe that any of the sought-after communications would actually include relevant content. *Id.*

The instant case deals with a completely different scenario. Unlike the plaintiff in *Salvato*, Plaintiffs here have not requested that Defendants turn over all of their employees' and agents' personal emails and communications in the blind hopes that one of those communications will contain relevant information. Rather, based on undisputed evidence that at least one of Defendants' agents has transmitted a facsimile advertisement during the Class Period, Plaintiffs are merely requesting that Defendants conduct a reasonable investigation to determine whether any other agents, employees and/or contractors of Defendants were engaged in similar fax advertising campaigns, and then disclose only those communications that are relevant.[9] [10]

---

[9] Similarly, in *Jackson v. BellSouth Telecommunications, Inc.*, a trial court found, in dicta, that a plaintiff who had brought accusations of discrimination could not rely entirely on "wholly conclusory allegations at the pleading stage while hoping to find data to support his claim through discovery," and was instead properly subject to a motion to dismiss. *Jackson*, 2002 U.S. Dist. LEXIS 27440, *21 (S.D. Fla. Jun. 4, 2002). Here, Plaintiffs are not relying on wholly conclusory allegations, and instead have presented undisputed evidence that at least one of Defendants' agents has transmitted a facsimile advertisement during the Class Period, giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns.

[10] Defendants also cite to *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 U.S. Dist. LEXIS 161343, *28 (S.D. Fla. Nov. 18, 2014). In *Thermoset*, the court spends the majority of its opinion criticizing defense counsel – the same law firm representing the Defendants here – for the same boilerplate and unsupported objections which they utilize here with great frequency, and its continued practice of improperly responding to discovery subject to a boilerplate objection. *Id.* at *4-10. To the extent that Defendants are instead relying on the one discovery request in *Thermoset* that was denied, that request sought a specific document which the defendant had searched for and insisted did not exist. *Id.* at *13-15; *see also Solyom v. World Wide Child Care Corp.,* 2015 U.S. Dist. LEXIS 57103, *9-10 (S.D. Fla. Apr. 16, 2015) (same). Here, unlike *Thermoset* and *Solyom*, Defendants have admitted that they did virtually nothing to learn whether any of their discovery responses were complete and/or accurate, or whether any if their agents, employees and/or contractors had ever sent a similar fax advertisement as requested by Plaintiffs.

In sum, most of the cases cited by Defendants are not analogous to this case or the instant discovery dispute, and instead appear to be cases that simply use certain key phrases, like "fishing expedition," regardless of the context, and as noted, in some instances, the cases inexplicably cited by Defendants actually support Plaintiffs' positions.

**USHEALTH ADVISORS, LLC'S UNVERIFIED ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** [11]

**Paragraph 2 of Plaintiffs' First Set of Interrogatories** [12]

Interrogatory No. 2: For each Facsimile and Other Facsimile, state the (i) brand name, (ii) model number, (iii) serial identification number, (iv) telephone number of the sending device, and/or (v) name and version of software used to transmit the Facsimile or Other Facsimiles.

UHA Response: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, unknown.

Discussion: Plaintiff incorporates by reference the arguments contained in Section III, above (pp. 10-12). As more fully discussed therein, it is undisputed that Defendants transmitted at least one Facsimile (defined in Plaintiffs' discovery requests as "the Document attached as Ex. A to the complaint"), to an unknown number of

[11] Pursuant to Local Rule 3.04, Middle District of Florida, Plaintiffs have listed below each interrogatory, request for production and request for admission to which objection is taken, Defendants' objection if applicable, and the reasons Plaintiffs' Motion to Compel should be granted as to that request.

[12] At the outset, Plaintiffs would note that both of Defendants' Responses to Plaintiffs' First and Second Set of Interrogatories are signed only by counsel for Defendants, and have not been executed by any Party. *See* Rule 33(b)(5), Federal Rules of Civil Procedure ("The person who makes the answers [to Interrogatories] must sign them, and the attorney who objects must sign any objections."). This is the case even if multiple representatives of the responding party are involved in supplying answers to multiple requests for information, requiring multiple signatures, and Plaintiffs request that the Court order Defendants to produce properly executed Interrogatory responses. *See Estrada v. Palm Beach Metro Transportation, LLC*, 2008 U.S. Dist. LEXIS 113590, 2008 WL 1995097, *1 (S.D. Fla. 2008) ("Federal Rule of Civil Procedure 33 clearly states that Interrogatory Responses must be signed 'under oath.'"); *see also Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008) ("Rule 33(b)(5) could not be more clear: 'The person who makes [each] answer must sign them ... This requirement is critical because interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory.").

individuals and entities on or about January 27, 2015; Defendants provide no justification for their refusal to respond to this Request as to that Facsimile. *See* Defendants' Discovery Responses at p. 15, Ans. Rog. 9; Goksu-Savluk Decl. at ¶ 3. Moreover, as discussed more fully above, Defendants have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile" (defined in Plaintiffs' discovery requests as "any Document transmitted during the Class Period by or on behalf of You to a telephone facsimile machine that promoted Your products and/or services or requested the recipient to contact a licensed UHA local agent"), despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3 (Defendants' agent transmitted the Facsimile with the consent and approval of her supervisor, James Hmielewski).

Additionally, Plaintiff notes that Defendant UHA has responded to every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. This use of a universal objection and/or response – whether labeled as a "General Objection" or incorporated indiscriminately into every response – is patently improper. *See, e.g.*, *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 U.S. Dist. LEXIS 161343, *3-6 (S.D. Fla. Nov. 18, 2014) ("This Court, as well as many others, disfavors 'general objections' that fail to discuss deficiencies in specific discovery requests ... [a]ccordingly, this Court will disregard Defendants' 'General Objections and Responses'"); *Puccio v. Sclafani*, 2013 U.S. Dist. LEXIS 113273 (S.D. Fla. Aug. 12, 2013) (same); *Covington v. Sailormen, Inc.*, 274 F.R.D. 692, 693 (N.D. Fla. 2011) ("[B]oilerplate, shotgun style [general] objections are

not consistent with the Federal Rules of Civil Procedures' goal of securing the just, speedy, and inexpensive determination of every action. Common sense should have been enough for Defendant to know that boilerplate, shotgun-style 'General Objections,' incorporated without discrimination into every answer, were not consistent with Fed. R. Civ. P. 33(b)(4).") (citations omitted).

**Paragraph 3 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 3: For each and every Facsimile and Other Facsimile, identify the (i) identity of the sender (ii) facsimile number of the sender (iii) identity of the intended recipient, (iv) facsimile number of the intended recipient, (v) whether the transmission was successful, and (vi) date of transmission.

UHA Response: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, unknown.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHA has improperly responded to every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See,*

*e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 4 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 4: Identify each and every telephone service provider that provided service to the device(s), program(s), and/or software used to transmit the Facsimile and Other Facsimiles.

UHA Response: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, unknown.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHA has improperly responded to every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 5 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 5: For all Persons that gave prior express permission or invitation to be sent Facsimiles or Other Facsimiles, identify the (i) identity of the

Person, (ii) facsimile number of the Person, (iii) date of the prior express permission and/or invitation, and (iv) method and form of the prior express permission or invitation.

UHA Response: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, unknown.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHA has improperly responded to every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 6 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 6: Identify all Persons, including but not limited to UHA officers, agents and/or employees, who authorized the transmission of the Facsimile or Other Facsimiles.

UHA Response: None. The "Facsimile" or "Other Facsimiles", to the extent they were transmitted, which this Defendant denies, were not authorized.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHA has improperly responded to every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 7 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 7: Identify any Third Party Fax Broadcaster that transmitted the Facsimile or Other Facsimiles.

UHA Response: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, unknown.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other

agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHA has improperly responded to every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

## USHEALTH ADVISORS, LLC'S THIRD AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

**Paragraph 1 of Plaintiffs' First RFP**

RFP #1: Please produce any and all Documents related to the Plaintiffs.

UHA Response: Objection, vague and ambiguous; overbroad. Without waiving said objections, see the documents already produced.

Discussion: Despite its objection that Plaintiffs' Request is "vague and ambiguous" and "overbroad," Defendant fails to provide any explanation as to how this particular Request is either vague, ambiguous, or overbroad, and fails to identify any factual basis for its objection. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7 ("Defendants, however, made no attempt to explain how the particular request is overly broad … or why it is vague … the mere statement by a party that a [discovery request] was [broad and/or vague] is not adequate to voice a successful objection to [a discovery request].") (citations omitted); *see also Chavez*, 2011 U.S. Dist. LEXIS 37960 ("Objections that state, without providing any detail that a discovery request is overly broad … are meaningless. [The responding party] must explain the specific and particular way in which [the] requests are overly broad."); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 U.S. Dist. LEXIS 93368 (S.D. Cal. July 9, 2014) ("Such

boilerplate objections, without more, are inadequate and tantamount to not making any objection at all.") (citations omitted).

Moreover, even to the extent that Defendant does furnish a responses or answer to Plaintiffs' Request, it is qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. This practice is disfavored, preserves nothing, and serves only to waste time and resource of both the Parties and the Court:

> The Parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a Party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the Party will respond to the discovery request, subject to or without waiving such objection. Such an objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court.

*Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10 ("[C]ourts in the Eleventh Circuit have found that 'whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands.'") (quoting *Tardif v. People for the Ethical Treatment of Animals*, 2011 U.S. Dist. LEXIS 47132 (M.D. Fla. Apr. 29, 2011)); *Sewell v. D'Alessandro & Woodyard, Inc.*, 2011 U.S. Dist. LEXIS 38664 at *6-7 (M.D. Fla. Mar. 30, 2011) (emphasis added) ("Objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules.") (citations omitted); *Chemoil Corp. v. MSA V*, 2013 U.S. Dist. LEXIS 33888 (M.D. Fla. Mar 12, 2013) ("[A]nswering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is

not."); *Sprint Communs. Co., L.P. v. Comcast Cable Communs.*, 2014 U.S. Dist. LEXIS 16938 (D. Kan. Feb. 11, 2014) (stating that practice of objecting to discovery request and then answering "subject to" or "without waiving" objections "is manifestly confusing (at best) and misleading (at worst), and has no basis at all in the Federal Rules of Civil Procedure.").

**Paragraph 2 of Plaintiffs' First RFP**

RFP #2: Please produce any and all Documents that contain information responsive to Plaintiffs' First Set of Interrogatories.

UHA Response: None.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no justification for its refusal to respond to Plaintiffs' First Set of Interrogatories as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 3 of Plaintiffs' First RFP**

RFP #3: Please produce all Facsimiles and Other Facsimiles.

UHA Response: As for "Facsimiles," none other than what was received from Plaintiffs in discovery. As to "Other Facsimiles," none.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA has

refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 4 of Plaintiffs' First RFP**

RFP #4: For each Facsimile and Other Facsimiles identified in response to Request number 3, above, please produce any and all Documents that identify the (i) transmitter(s) of the facsimile, (ii) facsimile number of the physical transmitter of the facsimile, (iii) identity of the intended recipient, (iv) facsimile number of the intended recipient, (v) account number of the intended recipient, (vi) whether the transmission was successful, and/or (vii) date of transmission.

UHA Response: See Response to No. 3 above.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 5 of Plaintiffs' First RFP**

RFP #5: For all Persons that gave prior express permission or invitation to be sent the Facsimile or Other Facsimiles, please produce all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the

Person, (iv) date of the prior express consent or invitation, and/or (v) method and/or form of the prior express permission or invitation.

UHA Response: None. Discovery continues.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 6 of Plaintiffs' First RFP**

RFP #6: For all Persons that requested to opt out of receiving the Facsimile or Other Facsimiles, please produce any and all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the Person, (iv) date of the request, and/or (v) method and/or form of the request.

UHA Response: None. Discovery continues.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that

other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 7 of Plaintiffs' First RFP**

RFP #7: Please produce any and all policies and/or procedures that relate to obtaining prior express permission or invitation from recipients to transmit the Facsimile or Other Facsimiles.

UHA Response: Objection, vague and ambiguous as to the terms "policies and/or procedures." Without waiving these objections, no documents other than those already produced.

Discussion: The phrases "policies and/or procedures" are not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that they are. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request for production of documents in a federal case of this nature, and that the commonplace definitions of "policy" and "procedure" are well known, or could have been clarified during discovery conferral. Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 8 of Plaintiffs' First RFP**

RFP #8: Please produce any and all Documents that were obtained from Third Parties that contain facsimile numbers to which the Facsimile or Other Facsimiles were transmitted.

UHA Response: None. Discovery continues.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 9 of Plaintiffs' First RFP**

RFP #9: Please produce any and all Documents reflecting your authorization to any Third Party Fax Broadcaster to transmit the Facsimile or Other Facsimiles.

UHA Response: None.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 10 of Plaintiffs' First RFP**

RFP #10: Please produce any and all Documents reflecting any insurance policies that may be implicated by this lawsuit.

UHA Response: This request is being investigated and responsive documents will be produced.

Discussion: In response to this Request, Defendant UHA has improperly refused to produce the relevant insurance policy, and has only disclosed a one-page "Certificate of Insurance," attached hereto as Exhibit 8, that fails to contain any definitions, conditions, terms, limitations or exclusions, which, according to the Certificate of Insurance, are outlined only in the policy itself. This policy should have been properly disclosed in its entirety by Defendants in their initial disclosures – it was not[13] – and must be produced here. *See* Rule 26(a)(1)(A)(4), Federal Rules of Civil Procedure ("[A] party must, without awaiting a discovery request, provide to the other parties … any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.").

During conferral, Defendants' only justification for their refusal to provide this relevant insurance policy was Defendants' belief that the policy could be otherwise readily obtained by Plaintiff by making a separate request of Defendants' own insurer (a non-party). It is well settled, however, that the fact that information may be available elsewhere, or from public sources, does not absolve Defendant of its

[13] In Defendants' Joint Rule 26(a)(1) initial disclosures, served January 22, 2016, Defendants in fact stated that there was no insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action. *See* Defendants' Rule 26(a)(1) Initial Disclosures, Exhibit 9 at p. 4.

discovery obligations. *See Villari v. Terminix International, Inc.*, 1988 U.S. Dist. LEXIS 3212, *7 (E.D. Pa. Apr. 13, 1988) ("[T]he fact that a relevant and non-privileged document sought in discovery may be available elsewhere does not constitute a legitimate objection to its production.").

**Paragraph 11 of Plaintiffs' First RFP**

RFP #11: Please produce any and all Documents that relate to and/or support any of the affirmative defenses asserted in Your Answer to the Complaint.

UHA Response: None other than those already produced. Discovery continues.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agents and/or employees sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 12 of Plaintiffs' First RFP**

RFP #12: Please produce all documents that relate to the transmission of the Facsimile or Other Facsimiles by a Third Party Fax Broadcaster, Agent, or Third Party on Your behalf.

UHA Response: None.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite

evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 13 of Plaintiffs' First RFP**

RFP #13: Please produce all Third Party Fax Broadcaster invoices issued during the Class Period to You for the transmission of the Facsimile or Other Facsimiles.

UHA Response: None.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 14 of Plaintiffs' First RFP**

RFP #14: Please produce all Documents that identify the make, model, manufacturer, serial number, and owner of any and all sending device(s) used to transmit the Facsimile or Other Facsimiles.

UHA Response: Objection, vague and ambiguous as to the use of "device(s)." Without waiving said objections, none.

Discussion: The phrase "device(s)" is not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that it is. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request for production of documents in a federal case of this nature, and that the commonplace definitions of "device(s)" is well known, or could have been clarified

during discovery conferral. *See Merriam-Webster.com, http://www.merriam-webster.com/dictionary* (May 11, 2016) (defining "device" to mean "an object, machine, or piece of equipment that has been made for some special purpose.").

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 15 of Plaintiffs' First RFP**

RFP #15: Please produce all Documents that identify the number of Facsimile or Other Facsimiles successfully transmitted.

UHA Response: None.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 16 of Plaintiffs' First RFP**

RFP #16: Please produce all documents that identify any and all lists that were used to select intended recipients of the Facsimile or Other Facsimiles.

UHA Response: None.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimiles," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 17 of Plaintiffs' First RFP**

RFP #17: Please produce copies of all payments issued by You to Third Party Fax Broadcasters in payment for the transmission of the Facsimile and Other Facsimiles.

UHA Response: None.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that

other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 18 of Plaintiffs' First RFP**

RFP #18: Please produce all Documents related to Birsen Goksu.

UHA Response: Objection, overbroad, immaterial, confidential and proprietary, potentially invades the attorney-client and work product privileges, and may interfere with matters protected under HIPAA. Without waiving these objections, see the attached. As a privilege log, (1) Defendant has redacted November 25, 2015 correspondence from Jim Jackson (in-house counsel) to Peter Baumberger and Michael Suarez pertaining to Birsen Goksu as attorney-client privileged; (2) Defendant has redacted February 25, 2015 correspondence from Debra Sliva to Lisa Silvia (paralegal) on attorney-client, work product grounds; and (3) Defendant has also redacted February 25, 2015 correspondence between Jim Jackson (in-house counsel) Bill Shelton, and Pat O'Neil regarding Birsen Goksu on attorney-client, work product grounds.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial, confidential and proprietary, potentially invades the attorney-client and work product privileges, and may interfere with matters protected under HIPAA," Defendant fails to provide any explanation as to how this particular Request is any of those things, and fails to identify any factual basis for its objection. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7 ("These ostensible objections say nothing of consequence. They do not constitute objections … [Defendants] have simply stated them as hypothetical or contingent possibilities."); *Chavez*, 2011 U.S. Dist. LEXIS 37960 (same).

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 19 of Plaintiffs' First RFP**

RFP #19: Please produce all training manuals for Your agents.

UHA Response: UHA objects to this request as immaterial to the extent is encompasses documents irrelevant to facsimiles or facsimile advertising. Without waiving this objection, UHA has already produced the documents in its possession, custody or control that are responsive to this request. See documents previously produced in response to No. 7 above.

Discussion: In so responding, Defendant has unilaterally decided to limit the scope of what discovery Plaintiff is entitled to, despite the fact that the Court has not issued any orders limiting the scope of discovery and the Parties jointly informed the Court that no limitations on discovery should be imposed. *See* Case Scheduling Report, D.E. 25. As a general matter, however, the practice of one party unilaterally limiting the scope of discovery is universally condemned. *See, e.g., United States v. Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307, *3 (N.D. Ill. 1973) ("The proposition that an adverse litigant may not unilaterally determine the scope of discovery needs no citation"); *Fond Du Lac Plaza, Inc. v. Reid*, 47 F.R.D. 221, 222 (E.D.Wis. 1969) ("It is inappropriate for the party to determine on his own that the subject matter of the inquiry is 'premature;'

thus, it was the [responding party's] responsibility in this case to answer the interrogatories or to seek relief from the court"); *Hunter v. International Systems & Controls Corp.*, 56 F.R.D. 617, 622, 1972 U.S. Dist. LEXIS 15396, *12 (W.D. Mo. 1972) (holding that such unilateral conduct constitutes bad faith).

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 20 of Plaintiffs' First RFP**

RFP #20: Please produce all facsimile advertisements templates available for use by your Agents.

UHA Response: None.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agents and/or employees sent any Facsimiles or used any facsimile advertisement templates, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

## USHEALTH ADVISORS, LLC'S UNVERIFIED ANSWERS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

**Paragraph 2 of Plaintiffs' Second Set of Interrogatories**

Interrogatory No. 2: Identify and specifically describe the process and the investigation performed by UHA before determining that the information requested in Plaintiffs' First Set of Interrogatories 2,3,4,5, and 7 was "Unknown".

UHA Response: Documentation of such investigation has already been produced to Plaintiffs. UHA was not aware of, and did not approve of the sending of the faxes that Birsen Goksu allegedly did through Fax87.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no justification for its refusal to respond to Plaintiffs' First Set of Interrogatories as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

Further, Defendant's statement that it "was not aware of, and did not approve of the sending of the faxes that Birsen Goksu allegedly did through Fax87" is directly contradicted by testimony evidence. *See* Goksu-Savluk Decl. at ¶ 3. (Stating that Defendants' agent transmitted the Facsimile with the consent and approval of her supervisor, James Hmielewski).

**Paragraph 3 of Plaintiffs' Second Set of Interrogatories**

Interrogatory No. 3: Identify and describe the organization chart for each sales region of UHA, including, but not limited to, the region that includes Orlando.

UHA Response: Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.,* 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley,* 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.,* 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.,* 2015 WL 1886274 (S.D.Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast" allegedly in violation of the TCPA, and now seek discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial and unduly burdensome," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3 (N.D. Ill. 1973) (stating that a

litigant may not simply intone that a request is "immaterial" and unilaterally limit the scope of discovery); *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738, *6-7 (M.D. Fla. Apr. 24, 2013) (citations omitted) ("The objecting party must do more than simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad. Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules … each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *see also AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148, *25-26 (S.D. Fla. Oct. 18, 2010) (citations omitted) ("This court only entertains an unduly burdensome objection when the responding party demonstrates how [discovery of] the document is overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden.").

In response to Defendant's "fishing expedition" objection, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

Finally, Plaintiff notes that Defendant UHA has again improperly responded to every request in Plaintiffs' Second Set of Interrogatories with the same boilerplate

objection, unsupported by affidavit or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 4 of Plaintiffs' Second Set of Interrogatories**

Interrogatory No. 4: Identify and describe all types of electronic mail systems (programs and servers) issued to and used by UHA Agents (defined above) including but not limited to persons who are issued UHA electronic mail accounts, how the electronic mail is accessed, and any training provided on the use of such electronic mail accounts.

UHA Response: Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.,* 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley,* 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.,* 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.,* 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast" allegedly in violation of the TCPA, and now seek discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial and unduly burdensome," Defendant fails to provide any explanation as

to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

In response to Defendant's "fishing expedition" objection, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Plaintiff notes that Defendant UHA has again improperly responded to every request in Plaintiffs' Second Set of Interrogatories with the same boilerplate objection, unsupported by affidavit or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 5 of Plaintiffs' Second Set of Interrogatories**

Interrogatory No. 5: Describe with particularity all methods used to segregate, retain and maintain UHA's electronic mail.

UHA Response: Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.,* 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley,* 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.,* 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.,* 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast" allegedly in violation of the TCPA, and now seek discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial and unduly burdensome," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

In response to Defendant's "fishing expedition" objection, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Plaintiff notes that Defendant UHA has again improperly responded to every request in Plaintiffs' Second Set of Interrogatories with the same boilerplate objection, unsupported by affidavit or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 6 of Plaintiffs' Second Set of Interrogatories**

Interrogatory No. 6: Identify UHA's Records Retention Policy that sets forth the company's policies and procedures pertaining to the storage, retention and disposal of records — paper and electronic.

UHA Response: Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.,* 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley,* 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.,* 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 WL 6473232 (S.D. Fla. Nov.

18, 2014); *Solyom v. World Wide Child Care Corp.,* 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile allegedly in violation of the TCPA. Plaintiffs not only deposed this agent, they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company." Other than one facsimile allegedly violating the TCPA sent by this former independent UHA agent, Plaintiffs have no evidence of other independent UHA agents sending facsimiles allegedly violating the TCPA and are on a "fishing expedition" in hopes of finding such information. Without waiving said objections, UHA will provide a summary of its Records Retention Policy

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial and unduly burdensome," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

In response to Defendant's "fishing expedition" objection, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agent

and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Plaintiff notes that Defendant UHA has again improperly responded to every request in Plaintiffs' Second Set of Interrogatories with the same boilerplate objection, unsupported by affidavit or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

Finally, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 7 of Plaintiffs' Second Set of Interrogatories**

Interrogatory No. 7: Describe all programs related to data storage, backup, and archiving activities specifically relating to Email, the software or hardware used to create the backups, the timing and frequency of the backups, as well as retention plans and polices, and any policy or plans for purging electronic data from Your systems.

UHA Response: Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.,* 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley,* 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth*

*Telecommunications, Inc.,* 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.,* 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile allegedly in violation of the TCPA. Plaintiffs not only deposed this agent, they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company." Other than one facsimile allegedly violating the TCPA sent by this former independent UHA agent, Plaintiffs have no evidence of other independent UHA agents sending facsimiles allegedly violating the TCPA and are on a "fishing expedition" in hopes of finding such information..

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial and unduly burdensome," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

In response to Defendant's "fishing expedition" objection, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any

affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Plaintiff notes that Defendant UHA has again improperly responded to every request in Plaintiffs' Second Set of Interrogatories with the same boilerplate objection, unsupported by affidavit or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 8 of Plaintiffs' Second Set of Interrogatories**

Interrogatory No. 8: Describe with particularity the process and efforts used to investigate whether fax advertising was engaged in by any UHA Agents (defined above).

UHA Response: Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.,* 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley,* 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.,* 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.,* 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast" allegedly in violation of the TCPA, and now seek discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any

fax "blasts" in violation of the TCPA. Without waiving said objection, documentation of such investigation has already been produced to Plaintiffs and UHA will attempt to investigate Birsen Goksu's UHA e-mail account even though she testified her personal (Gmail) account was the one she used If] or the most part . . ." during the time she was associated with UHA.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial and unduly burdensome," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

In response to Defendant's "fishing expedition" objection, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Plaintiff notes that Defendant UHA has again improperly responded to every request in Plaintiffs' Second Set of

Interrogatories with the same boilerplate objection, unsupported by affidavit or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

Finally, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 9 of Plaintiffs' Second Set of Interrogatories**

Interrogatory No. 9: Identify all UHA Agents (defined above) who may have sent or authorized the transmission of faxes promoting UHA or themselves as agents of UHA, and describe the process and investigation used to identify them. Please identify whether the Agents are currently Affiliated with You.

UHA Response: Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.,* 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley,* 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.,* 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.,* 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who

sent one facsimile "blast" allegedly in violation of the TCPA, and are now seek discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA. Without waiving said objection, UHA is not aware of any other agents, other than the one identified in this case, who have sent any faxes in violation of the TCPA during the class period identified in the operative complaint. Without waiving said objection, UHA is not aware of any other agents, other than Birsen Goksu, who have sent any faxes in violation of the TCPA during the class period identified in the operative complaint, and documentation of the investigation relating to Birsen Goksu has already been produced to Plaintiffs.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial and unduly burdensome," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

In response to Defendant's "fishing expedition" objection, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any

affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Plaintiff notes that Defendant UHA has again improperly responded to every request in Plaintiffs' Second Set of Interrogatories with the same boilerplate objection, unsupported by affidavit or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

Finally, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 10 of Plaintiffs' Second Set of Interrogatories**

<u>Interrogatory No. 10:</u> Identify all UHA Agents (defined above) who are or were Affiliated with You during the Class Period. For each person identified, please provide names and last known telephone numbers, addresses, and email addresses and identify whether the Agents are currently Affiliated with You.

<u>UHA Response:</u> Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.,* 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F. 3d 1255 (11th Cir. 2015);

*Salvato v. Miley,* 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.,* 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.,* 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast" allegedly in violation of the TCPA, and are now seek discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA. Without waiving said objection, UHA is not aware of any other agents, other than the one identified in this case, who have sent any faxes in violation of the TCPA during the class period identified in the operative complaint. Without waiving said objection, UHA is not aware of any other agents, other than Birsen Goksu, who have sent any faxes in violation of the TCPA during the class period identified in the operative complaint, and documentation of the investigation relating to Birsen Goksu has already been produced to Plaintiffs.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial and unduly burdensome," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l*

*Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

In response to Defendant's "fishing expedition" objection, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Plaintiff notes that Defendant UHA has again improperly responded to every request in Plaintiffs' Second Set of Interrogatories with the same boilerplate objection, unsupported by affidavit or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

Finally, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**USHEALTH ADVISORS, LLC'S THIRD AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION**

**Paragraph 2 of Plaintiffs' Second RFP**

RFP #2: Please produce all electronic mail sent or received by UHA Agents (defined above) through their "@ushadvisors.com" email accounts to or from any Third Party Fax Broadcaster or other Third Party authorized to send fax transmissions that relate or refer to transmission of fax advertisements to recipients, or that in any way relate to the sending of fax advertisements.

UHA Response: Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.,* 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley,* 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.,* 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.,* 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast" allegedly in violation of the TCPA, and are now seeking discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA. Without waiving said objection, UHA is not aware of any other current or former independent agents, other than the one identified in this case, who have sent any faxes in violation of the TCPA during the class period

identified in the operative complaint, but UHA will attempt to investigate Birsen Goksu's UHA e-mail account even though she testified her personal (Gmail) account was the one she used If] or the most part . . ." during the time she was associated with UHA.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial and unduly burdensome," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

In response to Defendant's "fishing expedition" objection, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Plaintiff notes that Defendant UHA has again improperly responded to every request in Plaintiffs' Second Request for Production of Documents with the same boilerplate objection, unsupported by affidavit or

reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

Finally, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 3 of Plaintiffs' Second RFP**

RFP #3: Please produce all Documents that relate or refer to fax advertising of UHA or its Agents (defined above).

UHA Response: Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.,* 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley,* 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.,* 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.,* 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast" allegedly in violation of the TCPA, and are now seeking discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent

any fax "blasts" in violation of the TCPA. Without waiving said objection, UHA is not aware of any current or former independent agents, other than the one identified in this case, who have sent any faxes in violation of the TCPA during the class period identified in the operative complaint, and any non-privileged documentation relating to the "blast" sent by this agent have already been produced.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial and unduly burdensome," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

In response to Defendant's "fishing expedition" objection, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Plaintiff notes that Defendant UHA has again improperly responded to every request in Plaintiffs' Second Request for

Production of Documents with the same boilerplate objection, unsupported by affidavit or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

Finally, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 4 of Plaintiffs' Second RFP**

RFP #4: Please produce all Documents containing information regarding UHA Agents (defined above) who are no longer affiliated with UHA and whose affiliation terminated during the Class Period.

UHA Response: Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.,* 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley,* 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.,* 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.,* 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast" allegedly in violation of the TCPA, and are now seeking

discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad, immaterial and unduly burdensome," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

In response to Defendant's "fishing expedition" objection, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHA provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Plaintiff notes that Defendant UHA has again improperly responded to every request in Plaintiffs' Second Request for Production of Documents with the same boilerplate objection, unsupported by affidavit or

reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**<u>USHEALTH GROUP, INC.'S UNVERIFIED ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>**

**Paragraph 2 of Plaintiffs' First Set of Interrogatories**

<u>Interrogatory No. 2</u>: For each Facsimile and Other Facsimile, state the (i) brand name, (ii) model number, (iii) serial identification number, (iv) telephone number of the sending device, and/or (v) name and version of software used to transmit the Facsimile or Other Facsimiles.

<u>UHG Response:</u> To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

<u>Discussion</u>: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHG has improperly responded to nearly every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 3 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 3: For each and every Facsimile and Other Facsimile, identify the (i) identity of the sender (ii) facsimile number of the sender (iii) identity of the intended recipient, (iv) facsimile number of the intended recipient, (v) whether the transmission was successful, and (vi) date of transmission.

UHG Response: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHG has improperly responded to nearly every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 4 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 4: Identify each and every telephone service provider that provided service to the device(s), program(s), and/or software used to transmit the Facsimile and Other Facsimiles.

UHG Response: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHG has improperly responded to nearly every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 5 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 5: For all Persons that gave prior express permission or invitation to be sent Facsimiles or Other Facsimiles, identify the (i) identity of the Person, (ii) facsimile number of the Person, (iii) date of the prior express permission and/or invitation, and (iv) method and form of the prior express permission or invitation.

UHG Response: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no

justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHG has improperly responded to nearly every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 6 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 6: For all Persons that requested to be placed on Your Do Not Fax List, identify the (i) identity of the Person, (ii) facsimile number of the Person, (iii) date of the request, and (iv) method and/or form of the request.

UHG Response: Defendant has no knowledge of such "Persons" as defined herein.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, or maintained any Do Not Fax List, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 7 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 7: Identify all Persons, including but not limited to Your officers, representatives, affiliates, employees, agents and all other persons acting or purporting to act on Your behalf, who authorized the transmission of the Facsimile and/or Other Facsimiles.

UHA Response: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, none to the best of Defendant's knowledge.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHG has improperly responded to nearly every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 8 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 8: Identify all Persons who participated in the decisions to transmit the Facsimile and/or Other Facsimiles.

UHG Response: Objection, overboard to the extent this Interrogatory seeks to impose obligations on UHG beyond those called for under the Rules. Without waiving this objection, to the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no independent knowledge.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad," Defendant fails to provide any explanation as to how this particular Request is overbroad, fails to identify any factual basis for its objection, and fails to submit an affidavit or any other evidence in support of its "overbroad" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3 (N.D. Ill. 1973) (stating that a litigant may not unilaterally limit the scope of discovery); *Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co.*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

Moreover, Plaintiff again incorporates by reference his discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no actual justification for its refusal to respond to Plaintiffs' requests, and has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agent and/or employee sent any Facsimiles, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Plaintiff notes that Defendant UHG has again improperly responded to nearly every request in Plaintiffs' First Set of Interrogatories with the same boilerplate objection, unsupported by affidavit

or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

Finally, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 9 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 9: Identify all Persons who authorized any other Person, including but not limited to UHA, its officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on its behalf, to sell Your health insurance and/or other products in the state of Florida.

UHG Response: Objection, vague and ambiguous with respect to the undefined term "Your health insurance and/or other products"; UHG further objects to the extent this Interrogatory assumes facts not in evidence.

Discussion: The phrases "health insurance" and "other products" are not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that it is. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request in a federal case of this nature, and that the commonplace definitions of "health insurance" and "other products" is well known, or could have been clarified during discovery conferral. Moreover, Defendant UHG's objection lacks credibility here, where UHG's own website uses these same terms: "USHEALTH Group with its family

of companies offers their … supplemental products through their wholly-owned subsidiary, USHEALTH Advisors." *See http://www.ushealthgroup.com/aboutushg.aspx.*

**Paragraph 10 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 10: Identify all Persons from which facsimile numbers were obtained and which were used to transmit the Facsimile and/or Other Facsimiles.

UHG Response: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHG has improperly responded to nearly every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**Paragraph 11 of Plaintiffs' First Set of Interrogatories**

Interrogatory No. 11: For Identify any and all Third Party Fax Broadcasters that transmitted the Facsimile and/or Other Facsimiles.

UHG Response: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendants provide no justification for their refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3. Moreover, Defendant UHG has improperly responded to nearly every request in Plaintiffs' First Set of Interrogatories with the same boilerplate response, unsupported by explanation, affidavit, or reasonable inquiry. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *3-6; *Puccio*, 2013 U.S. Dist. LEXIS 113273; *Covington*, 274 F.R.D. at 693.

**USHEALTH GROUP, INC.'S**
**RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

**Paragraph 1 of Plaintiffs' First RFP**

RFP #1: Please produce any and all Documents related to the Plaintiffs.

UHG Response: Objection, vague and ambiguous; overbroad. Without waiving said objections, none other than what has already been produced in this matter. Discovery continues.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad," and "vague and ambiguous," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its

objection, and fails to submit an affidavit or any other evidence in support of its "overbroad" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 2 of Plaintiffs' First RFP**

RFP #2: Please produce any and all Documents that contain information responsive to Plaintiffs' First Set of Interrogatories.

UHG Response: None.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no justification for its refusal to respond to Plaintiffs' First Set of Interrogatories as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise

to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 3 of Plaintiffs' First RFP**

RFP #3: Please produce all Facsimiles and Other Facsimiles.

UHG Response: As for "Facsimiles," none other than what was received from Plaintiffs in discovery. As to "Other Facsimiles," no such documents responsive to this Request.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no justification for its refusal to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 4 of Plaintiffs' First RFP**

RFP #4: For each Facsimile and Other Facsimiles identified in response to Request number 3, above, please produce any and all Documents that identify the (i) transmitter(s) of the facsimile, (ii) facsimile number of the physical transmitter of the facsimile, (iii) identity of the intended recipient, (iv) facsimile number of the intended recipient, (v) account number of the intended recipient, (vi) whether the transmission was successful, and/or (vii) date of transmission.

UHG Response: See Response to No. 3 above.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no justification for its refusal to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 5 of Plaintiffs' First RFP**

RFP #5: For all Persons that gave prior express permission or invitation to be sent the Facsimile or Other Facsimiles, please produce all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the Person, (iv) date of the prior express consent or invitation, and/or (v) method and/or form of the prior express permission or invitation.

UHG Response: No such documents responsive to this Request. Discovery continues.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 6 of Plaintiffs' First RFP**

RFP #6: For all Persons that requested to opt out of receiving the Facsimile or Other Facsimiles, please produce any and all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the Person, (iv) date of the request, and/or (v) method and/or form of the request.

UHG Response: No such documents responsive to this Request. Discovery continues.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 7 of Plaintiffs' First RFP**

RFP #7: Please produce any and all policies and/or procedures that relate to obtaining prior express permission or invitation from recipients to transmit the Facsimile or Other Facsimiles.

UHG Response: Objection, vague and ambiguous as to the terms "policies and/or procedures." Without waiving these objections, no such documents other than what has already been produced.

Discussion: The phrases "policies and/or procedures" are not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that they are. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request for production of documents in a federal case of this nature, and that the commonplace definitions of "policy" and "procedure" are well known, or could have been clarified during discovery conferral. Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 8 of Plaintiffs' First RFP**

RFP #8: Please produce any and all Documents that were obtained from Third Parties that contain facsimile numbers to which the Facsimile or Other Facsimiles were transmitted.

UHG Response: No such documents responsive to this Request. Discovery continues.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that

other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 9 of Plaintiffs' First RFP**

RFP #9: Please produce any and all Documents reflecting your authorization to any Third Party Fax Broadcaster to transmit the Facsimile or Other Facsimiles.

UHG Response: No such documents responsive to this Request.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 10 of Plaintiffs' First RFP**

RFP #10: Please produce any and all Documents reflecting your authorization to any Person, including but not limited to UHA, its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf, to sell Your health insurance and/or other products in the state of Florida.

UHG Response: Objection, vague and ambiguous as to the term "Your health insurance and/or other products in the state of Florida"; UHG further objects to the extent this Request assumes facts not in evidence.

Discussion: The phrases "health insurance" and "other products" are not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that they are. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request in a federal case of this nature, and that the commonplace definitions of "health insurance" and "other products" are well known, or could have been clarified during discovery conferral.

**Paragraph 11 of Plaintiffs' First RFP**

RFP #11: Please produce any and all Documents reflecting your authorization to any Person, including but not limited to UHA, its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf, to transmit the Facsimile and/or Other Facsimiles**.**

UHG Response: No such documents responsive to this Request.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 12 of Plaintiffs' First RFP**

RFP #12: Please produce any and all policies and/procedures reflecting your authorization to any Person, including but not limited to UHA, its officers, representatives,

affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf, to transmit the Facsimile and/or Other Facsimiles.

UHG Response: Objection, vague and ambiguous as to the terms "policies and/or procedures." Without waiving these objections, none other than what has already been produced in this matter.

Discussion: The phrases "policies and/or procedures" are not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that they are. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request for production of documents in a federal case of this nature, and that the commonplace definitions of "policy" and "procedure" are well known, or could have been clarified during discovery conferral. Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 13 of Plaintiffs' First RFP**

RFP #13: Please produce any and all Documents reflecting any insurance policies that may be implicated by this lawsuit.

UHG Response: None.

Discussion: Defendants have provided contradictory responses to this unquestionably relevant request. In their initial disclosures, Defendants jointly stated that there was no such insurance policy that may be implicated by this lawsuit. *See*

Exhibit 9. In response to Plaintiffs' First RFP, Defendant UHA refused to produce the relevant insurance policy, but disclosed a one-page "Certificate of Insurance" that fails to contain any definitions, conditions, terms, limitations or exclusions, which, according to the Certificate of Insurance, are outlined only in the policy itself. Now, Defendant UHG again states that there are no such policies.

This policy should have been properly disclosed in its entirety by Defendants in their initial disclosures, and must be produced here. *See* Rule 26(a)(1)(A)(4), Federal Rules of Civil Procedure; *Villari*, 1988 U.S. Dist. LEXIS 3212 at *7 ("[T]he fact that a relevant and non-privileged document sought in discovery may be available elsewhere does not constitute a legitimate objection to its production.").

**Paragraph 14 of Plaintiffs' First RFP**

RFP #14: Please produce all documents that relate to the transmission of the Facsimile and/or Other Facsimiles by a Third Party Fax Broadcaster, Agent, and/or Third Party on Your behalf.

UHG Response: Objection, argumentative, assumes facts not in evidence. Without waiving these objections, no such documents responsive to this Request.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad," and "argumentative," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit or any other evidence in support of its "overbroad" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3;

*City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 15 of Plaintiffs' First RFP**

RFP #15: Please produce all documents that relate to the transmission of the Facsimile and/or Other Facsimiles by UHA, its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf.

UHG Response: Objection, overbroad to the extent such documents are within the possession, custody or control of co-defendant, USHealth Advisors, LLC; argumentative, assume facts not in evidence. Without waiving these objections, no such documents responsive to this Request.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad," Defendant fails to provide any explanation as to how this particular Request is overbroad, fails to identify any factual basis for its objection, and fails to submit an affidavit or any other evidence in support of its "overbroad" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas.*

*Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

Moreover, the fact that information may be available elsewhere, or from public sources, does not absolve Defendant of its discovery obligations. *See Villari v. Terminix International, Inc.*, 1988 U.S. Dist. LEXIS 3212, *7 (E.D. Pa. Apr. 13, 1988) ("[T]he fact that a relevant and non-privileged document sought in discovery may be available elsewhere does not constitute a legitimate objection to its production.").

Finally, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 16 of Plaintiffs' First RFP**

RFP #16: Please produce all Third Party Fax Broadcaster invoices issued during the Class Period to You for the transmission of the Facsimile and/or Other Facsimiles.

UHG Response: Objection, argumentative, assumes facts not in evidence. Without waiving these objections, no such documents responsive to this Request.

Discussion: Despite its objection that Plaintiffs' Request is "argumentative," Defendant fails to provide any explanation as to how this particular Request is argumentative in any way, and fails to identify any factual basis for its objection. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7.

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 17 of Plaintiffs' First RFP**

RFP #17: Please produce all Documents that identify the make, model, manufacturer, serial number, and owner of any and all sending device(s) used to transmit the Facsimile and/or the Other Facsimiles.

UHG Response: No such documents responsive to this Request.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 18 of Plaintiffs' First RFP**

RFP #18: Please produce all Documents that identify any individuals who participated in the decisions to transmit the Facsimile and/or Other Facsimiles.

UHG Response: Objection, overbroad to the extent this Request seeks documents not within the custody, control or possession of UHG, assumes facts not in evidence. Without waiving these objections, no such documents responsive to this Request.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad," Defendant fails to provide an adequate explanation as to how this particular Request is overbroad, fails to identify any factual basis for its objection, and fails to submit an affidavit or any other evidence in support of its "overbroad" objection, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7; *Bd. of Trade of Chi.*, 1973 U.S. Dist. LEXIS 11307 at *3; *City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148 at *25-26.

Moreover, the fact that information may be available elsewhere, or from public sources, does not absolve Defendant of its discovery obligations. *See Villari v. Terminix International, Inc.*, 1988 U.S. Dist. LEXIS 3212, *7 (E.D. Pa. Apr. 13, 1988) ("[T]he fact that a relevant and non-privileged document sought in discovery may be available elsewhere does not constitute a legitimate objection to its production.").

Finally, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 19 of Plaintiffs' First RFP**

RFP #19: Please produce all Documents that identify the number of Facsimile and/or Other Facsimiles successfully transmitted.

UHG Response: No such documents responsive to this Request.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 20 of Plaintiffs' First RFP**

RFP #20: Please produce all documents that identify any and all lists that were used to select intended recipients of the Facsimile and/or Other Facsimiles.

UHG Response: No such documents responsive to this Request.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG provides no justification for its refusal to respond to this Request as to the Facsimile transmitted on or about January 27, 2015, and have refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any other agent and/or employee similarly sent any "Other Facsimile," despite evidence giving rise to the likelihood that

other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 21 of Plaintiffs' First RFP**

RFP #21: Please produce copies of all payments issued by You to Third Parry Fax Broadcasters in payment for transmission of the Facsimile and/or Other Facsimiles.

UHG Response: Objection, argumentative, assumes facts not in evidence. Without waiving these objections, no such documents responsive to this Request.

Discussion: Despite its objection that Plaintiffs' Request is "argumentative," Defendant fails to provide any explanation as to how this particular Request is argumentative in any way, and fails to identify any factual basis for its objection. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7.

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 22 of Plaintiffs' First RFP**

RFP #22: Please produce all Documents related to Birsen Goksu.

UHG Response: Objection, overbroad and unduly burdensome to the extent this Request seeks documents outside the possession, custody or control of UHG; and UHG further objects to the extent this Request seeks materials protected by the attorney"'client and work product privileges. Without waiving these objections, UHG is not in possession

of any such documents outside of what has already been produced in this matter.

Discussion: Despite its objection that Plaintiffs' Request is "overbroad," and "unduly burdensome," Defendant fails to provide any explanation as to how this particular Request is any of those things, fails to identify any factual basis for its objection, and fails to submit an affidavit or any other evidence in support of its "overbroad" and "burdensome" objections, despite such documentation being required by law. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7 ("These ostensible objections say nothing of consequence. They do not constitute objections … [Defendants] have simply stated them as hypothetical or contingent possibilities."); *Chavez*, 2011 U.S. Dist. LEXIS 37960 (same).

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 23 of Plaintiffs' First RFP**

RFP #23: Please produce all training manuals for Your agents.

UHG Response: Objection, assumes facts not in evidence. Without waiving this objections, none.

Discussion: Despite its objection that Plaintiffs' Request "assumes facts not in evidence," Defendant fails to provide any explanation as to how this particular Request is

actually objectionable in any way, and fails to identify any factual basis for its objection. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7.

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 24 of Plaintiffs' First RFP**

RFP #24: Please produce all training manuals available for use by UHA, its officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on its behalf, to transmit the Facsimile and/or Other Facsimiles.

UHG Response: Objection, argumentative, assumes facts not in evidence, and UHG further objects to the extent this Request may seek documents in the possession, custody or control of co-defendant, USHealth Advisors, LLC. Without waiving these objections, no such documents responsive to this Request.

Discussion: Despite its objection that Plaintiffs' Request is "argumentative," Defendant fails to provide any explanation as to how this particular Request is argumentative in any way, and fails to identify any factual basis for its objection. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *5-7.

Moreover, the fact that information may be available elsewhere, or from public sources, does not absolve Defendant of its discovery obligations. *See Villari v. Terminix*

*International, Inc.*, 1988 U.S. Dist. LEXIS 3212, *7 (E.D. Pa. Apr. 13, 1988) ("[T]he fact that a relevant and non-privileged document sought in discovery may be available elsewhere does not constitute a legitimate objection to its production.").

Finally, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 25 of Plaintiffs' First RFP**

RFP #25: Please produce all facsimile advertisement templates available for use by Your agents.

UHG Response: No such documents responsive to this Request.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agents and/or employees sent any Facsimiles or used any facsimile advertisement templates, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**Paragraph 26 of Plaintiffs' First RFP**

RFP #26: Please produce all facsimile advertisement templates available for use by UHA, its officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on its behalf.

UHG Response: No such documents responsive to this Request.

Discussion: Plaintiffs incorporate by reference their discussion of Paragraph 2 of Plaintiffs' First Set of Interrogatories to UHA, above (pp. 17-19). Defendant UHG has refused to take any affirmative action, or conduct any sort of reasonable inquiry, into whether any agents and/or employees sent any Facsimiles or used any facsimile advertisement templates, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in similar fax advertising campaigns. *See* Goksu-Savluk Decl. at ¶ 3.

**USHEALTH GROUP, INC.'S AMENDED RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS**

**Paragraph 1 of Plaintiffs' First RFA**

RFA #1: Admit that USHEALTH Advisors, LLC is Your wholly-owned national health insurance distribution arm.

UHG Response: Objection, vague and ambiguous as to the phrase "wholly-owned national health insurance distribution arm." Without waiving said objection, admitted.

Discussion: The phrase "wholly-owned national health insurance distribution arm" is not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that it is. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7.

Moreover, Defendant UHG's objection lacks credibility here, where UHG's own website uses this exact same language: "USHEALTH Advisors is the wholly-owned national health insurance distribution arm of USHEALTH Group, Inc." *See http://www.ushealthgroup.com/hope.aspx.*

Moreover, Defendant UHG's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 2 of Plaintiffs' First RFA**

RFA #2: Admit that USHEALTH Advisors, LLC is Your marketing arm that specializes in offering healthcare plans underwritten and insured by Your wholly owned insurance companies The Freedom Life Insurance Company of American and National Foundation Life Insurance Company.

UHG Response: Objection, vague and ambiguous as to the phrase "wholly owned insurance companies" and "The Free Life Insurance Company of American." Without waiving said objection, admitted.

Discussion: The phrases "wholly owned insurance companies" and "The Free Life Insurance Company of American." are not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that they are. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Moreover, Defendant UHG's objection lacks credibility here, where UHG's own website uses this exact same language: "All policies

are underwritten and issued by Freedom Life Insurance Company of America and National Foundation Life Insurance Company, wholly owned subsidiaries of USHEALTH Group, Inc." *See http://www.ushealthgroup.com/aboutushg.aspx.*

Moreover, Defendant UHG's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 3 of Plaintiffs' First RFA**

RFA #3: Admit that You market Your health insurance and supplemental products nationally through your wholly-owned subsidiary USHEALTH Advisors, LLC.

UHG Response: Objection, vague and ambiguous as to the use of "products." Without waiving this objection, denied.

Discussion: The phrase "products" is not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that it is. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request in a federal case of this nature, and that the commonplace definition of "product" is well known, or could have been clarified during discovery conferral. Moreover, Defendant UHG's objection lacks credibility here, where UHG's own website uses this exact same language: "USHEALTH Group with its family of companies offers their … supplemental products through their wholly-owned subsidiary, USHEALTH Advisors." *See http://www.ushealthgroup.com/aboutushg.aspx.*

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 4 of Plaintiffs' First RFA**

RFA #4: Admit USHEALTH Advisors, LLC sells Your health insurance and supplemental products in the state of Florida.

UHG Response: Objection, vague and ambiguous as to the use of "products." Without waiving this objection, admitted to the extent USHEALTH Advisors, LLC sells products underwritten by Freedom Life Insurance Company of America, a wholly-owned subsidiary of UHG.

Discussion: The phrase "products" is not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that it is. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request in a federal case of this nature, and that the commonplace definition of "product" is well known, or could have been clarified during discovery conferral. Moreover, Defendant UHG's objection lacks credibility here, where UHG's own website uses this exact same language: "USHEALTH Group with its family of companies offers their … supplemental products through their wholly-owned subsidiary, USHEALTH Advisors." *See http://www.ushealthgroup.com/aboutushg.aspx.*

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 5 of Plaintiffs' First RFA**

RFA #5: Admit USHEALTH Advisors, LLC sells Your health coverage and supplemental products in the state of Florida through its captive agent sales force.

UHG Response: Objection, vague and ambiguous as to the use of "products." Without waiving this objection, admitted to the extent USHEALTH Advisors, LLC sells products underwritten by Freedom Life Insurance Company of America, a wholly-owned subsidiary of UHG.

Discussion: The phrase "products" is not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that it is. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request in a federal case of this nature, and that the commonplace definition of "product" is well known, or could have been clarified during discovery conferral. Moreover, Defendant UHG's objection lacks credibility here, where UHG's own website uses this exact same language: "USHEALTH Group with its family of companies offers their … supplemental products through their wholly-owned subsidiary, USHEALTH Advisors." *See http://www.ushealthgroup.com/aboutushg.aspx.*

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 7 of Plaintiffs' First RFA**

RFA #7: Admit Your health coverage and supplemental products sold by USHEALTH Advisors, LLC sales agents in the state of Florida are underwritten by Your wholly-owned subsidiaries: The Freedom Life Insurance Company of American and National Foundation Life Insurance Company.

UHG Response: Objection, vague and ambiguous as to the use of "products" and "The Freedom Life Insurance Company of American." Without waiving this objection, denied.

Discussion: The phrases "products" and "The Free Life Insurance Company of American." are not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that they are. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Moreover, Defendant UHG's objection lacks credibility here, where UHG's own website uses this exact same language: "All policies are underwritten and issued by Freedom Life Insurance Company of America and National Foundation Life Insurance Company, wholly owned subsidiaries of USHEALTH Group, Inc." *See http://www.ushealthgroup.com/aboutushg.aspx* ("USHEALTH Group with its family of

companies offers their … supplemental products through their wholly-owned subsidiary, USHEALTH Advisors.”).

Moreover, Defendant UHG’s response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass’n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 9 of Plaintiffs’ First RFA**

RFA #9: Admit that Your Chief Executive Officer and President, Timothy McQuagge, has at all times during the Class Period also been a co-manager of USHEALTH Advisors, LLC.

UHG Response: Denied.

Discussion: Defendant UHG’s denial lacks credibility here, where Plaintiffs informed Defendant UHG during conferral that Plaintiffs intended to write “Troy McQuagge,” instead of “Timothy McQuagge.” Once this error was corrected, Defendant UHG’s was obligated to provide Plaintiffs with an amended response.

**Paragraph 11 of Plaintiffs’ First RFA**

RFA #11: Admit that Your officers Timothy McQuagge and Brian Clark have been the only managers of USHEALTH Advisors, LLC during the Class Period.

UHG Response: Denied.

Discussion: Defendant UHG’s denial lacks credibility here, where Plaintiffs informed Defendant UHG during conferral that Plaintiffs intended to write “Troy

McQuagge," instead of "Timothy McQuagge." Once this error was corrected, Defendant UHG's was obligated to provide Plaintiffs with an amended response.

**Paragraph 13 of Plaintiffs' First RFA**

RFA #13: Admit that Your CEO, Timothy McQuagge, signed the Annual Report filed with the Florida Division of Corporations and dated 04.09.15 as CEO of US Health Advisors, LLC.

UHG Response: Denied.

Discussion: Defendant UHG's denial lacks credibility here, where Plaintiffs informed Defendant UHG during conferral that Plaintiffs intended to write "Troy McQuagge," instead of "Timothy McQuagge." Once this error was corrected, Defendant UHG's was obligated to provide Plaintiffs with an amended response.

**Paragraph 14 of Plaintiffs' First RFA**

RFA #14: Admit that Your website www.ushealthgroup.com advertises USHEALTH Advisors, LLC's local agents who may quote rates for Your health insurance and supplemental products.

UHG Response: Objection, vague and ambiguous as to the use of "products." Without waiving this objection, denied.

Discussion: The phrase "products" is not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that it is. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request in a federal case of this nature, and that the commonplace definition of "product" is well known, or could have been clarified during discovery conferral. Moreover, Defendant UHG's objection lacks credibility here, where UHG's own website uses this exact same

language: "USHEALTH Group with its family of companies offers their … supplemental products through their wholly-owned subsidiary, USHEALTH Advisors." *See http://www.ushealthgroup.com/aboutushg.aspx.*

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 15 of Plaintiffs' First RFA**

RFA #15: Admit that Your website www.ushealthgroup.com solicits persons to become USHEALTH Advisors, LLC agents.

UHG Response: Objection, vague and ambiguous as to the use of "solicits." Without waiving this objection, admitted to the extent the website referenced herein contains content pertaining to USHEALTH Advisors, LLC, but otherwise denied.

Discussion: The phrase "solicits" is not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that it is. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request for production of documents in a federal case of this nature, and that the commonplace definitions of "solicits" is well known, or could have been clarified during discovery conferral.

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff

uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 17 of Plaintiffs' First RFA**

RFA #17: Admit that the facsimile attached as Ex. A to the Complaint promotes USHEALTH Advisors, LLC and Birsen Goksu.

UHG Response: Objection, vague and ambiguous as to the use of "promotes." Without waiving this objection, denied. The referenced document speaks for itself.

Discussion: The phrase "promotes" is not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that it is. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request for production of documents in a federal case of this nature, and that the commonplace definitions of "promotes" is well known, or could have been clarified during discovery conferral.

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 18 of Plaintiffs' First RFA**

RFA #18: Admit that the facsimile attached as Ex. A to the Complaint advertises the website address of Birsen Goksu: www.ushagent.com/bgoksu.

UHG Response: Objection, vague and ambiguous as to the use of "advertise." Without waiving this objection, denied. The referenced document speaks for itself.

Discussion: The phrase "advertise" is not vague or ambiguous, nor has Defendant identified any factual basis for its allegation that it is. *See, e.g.*, *Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-7. Plaintiff asserts that this is a standard request for production of documents in a federal case of this nature, and that the commonplace definition of "advertise" is well known, or could have been clarified during discovery conferral.

Moreover, Defendant's response is once again improperly qualified by indicating that it is being provided subject to and without waiving its objection, leaving Plaintiff uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465, *7 (S.D. Fla. Sept. 18, 2008); *see also Thermoset Corp.*, 2014 U.S. Dist. LEXIS 161343 at *6-10.

**Paragraph 19 of Plaintiffs' First RFA**

RFA #19: Admit that the header of each of Birsen Goksu's web pages at: www.ushagent.com/bgoksu advertise USHEALTH Group as "America's Trusted Choice".

UHG Response: Denied. The referenced web pages speak for themselves.

Discussion: Defendant UHG's objection lacks credibility here, where the referenced website uses this exact language. *See* http://www.ushagent.com/bgoksu.

**Paragraph 21 of Plaintiffs' First RFA**

RFA #21: Admit that the webpage located at: www.ushagent.com/bgoksu has a button to "Get A Quote" and advertises: "USHEALTH Group Through its licensed life and health insurance companies, USHEALTH Group , America's Trusted Choice, offers quality coverage including Sickness and Accident insurance, critical illness, Life, Dental Coverage, Short Term Accident Disability Income Insurance and much more!"

UHG Response: Denied. The referenced web pages speak for themselves.

Discussion: Defendant UHG's objection lacks credibility here, where the referenced website uses this exact language. *See* http://www.ushagent.com/bgoksu.

## V. Conclusion

As discussed fully herein, Plaintiffs are entitled to relevant discovery that relates to the extent and frequency with which Defendants engaged in fax advertising similar to the Facsimile Advertisement during the Class Period. This crucial information is in the sole possession of the Defendants, and can only be obtained by compelling Defendants to respond to the relevant discovery requests discussed herein. While Defendants blindly assert that they are "unaware" of any other agent who may have sent unsolicited fax advertisements, neither Defendant has taken any affirmative actions nor conducted any reasonable inquiry in order to find out whether this has occurred or whether their discovery responses are accurate and/or complete, despite evidence giving rise to the likelihood that other agents and/or employees of Defendants were engaged in fax advertising campaigns similar or identical to Ms. Goksu-Savluk's.

As such, because Defendants have refused to search for or disclose information that is both in their sole possession and undeniably relevant to Plaintiffs' claims, Defendants have failed to properly and meaningfully respond to Plaintiffs' Discovery Requests, and should be compelled to do so here.

WHEREFORE, Plaintiffs respectfully requests that the Court grant this Motion, and order Defendants to: (1) search and produce the company email records of their agents to discover communications between their employees, agents and/or contractors and third-party fax broadcasters, and to produce such documents that relate or refer to the transmission of fax advertisements; (2) conduct a reasonable and thorough inquiry to determine whether fax advertising was engaged in by any other of Defendants' employees, agents and/or contractors, and describe with particularity the process and results of the investigation; (3) provide a list with the identity and contact information of all agents, employees and/or contractors who are or were affiliated with Defendants during the Class Period, in order to allow Plaintiffs to conduct their own corollary, independent discovery into these areas; (4) grant Plaintiffs' their reasonable attorneys' fees and costs incurred in relation to this Motion; and (5) grant all such other relief as this Court deems proper.

Respectfully submitted,

Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024

Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Avenue, Suite #360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By: *s/ Shawn Heller*
Shawn Heller

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on this 13th day of May, 2016, which will send a notice of electronic filing to all attorneys of record.

By: *s/ Shawn Heller*
Shawn Heller, Esq.