IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ and COOPER LAW P.A., individually and on behalf of all others similarly situated,

Case No.: 6:15-cv-1666 ORL-37-GJK

vs.

Plaintiffs,

USHEALTH GROUP, INC.,
A Delaware corporation, and
US HEALTH ADVISORS, LLC,
a Texas limited liability company,

Defendants.
_______________________________________/

**USHEALTH ADVISORS, LLC'S UNVERIFIED ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

COMES NOW the Defendant, USHealth Advisors, LLC ("UHG"), by and through its attorneys, and hereby provides its Unverified Answers to Plaintiffs' First Set of Interrogatories.

**CERTIFICATE OF SERVICE**

I hereby certify on February 12, 2016, I electronically served the foregoing to counsel for Plaintiffs.

Respectfully submitted,

/s/ *Peter Baumberger*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6774
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendants*



Composite Exhibit 1

## UNVERIFIED ANSWERS TO INTERROGATORIES

1. Identify (i) each Person who provided information used in answering these interrogatories and (ii) state the information each person provided.

**Answer**: Brian Clark
Chief Marketing Officer
USHEALTH Advisors, LLC
c/o Kubicki Draper, P.A.
25 West Flagler Street, Penthouse
Miami, Florida 33130

2. For each Facsimile and Other Facsimile, state the (i) brand name, (ii) model number, (iii) serial identification number, (iv) telephone number of the sending device, and/or (v) name and version of software used to transmit the Facsimile or Other Facsimiles.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, unknown.

3. For each and every Facsimile and Other Facsimile, identify the (i) identity of the sender (ii) facsimile number of the sender (iii) identity of the intended recipient, (iv) facsimile number of the intended recipient, (v) whether the transmission was successful, and (vi) date of transmission.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, unknown.

4. Identify each and every telephone service provider that provided service to the device(s), program(s), and/or software used to transmit the Facsimile and Other Facsimiles.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, unknown.

5. For all Persons that gave prior express permission or invitation to be sent Facsimiles or Other Facsimiles, identify the (i) identity of the Person, (ii) facsimile number of the Person, (iii) date of the prior express permission and/or invitation, and (iv) method and form of the prior express permission or invitation.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, unknown.

6. Identify all Persons, including but not limited to UHA officers, agents and/or employees, who authorized the transmission of the Facsimile or Other Facsimiles.

**Answer**: None. The "Facsimile" or "Other Facsimiles", to the extent they were transmitted, which this Defendant denies, were not authorized.

7. Identify any Third Party Fax Broadcaster that transmitted the Facsimile or Other Facsimiles.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, unknown.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ and COOPER LAW P.A., individually and on behalf of all others similarly situated,

Case No.: 6:15-cv-1666 ORL-37-GJK

vs.

Plaintiffs,

USHEALTH GROUP, INC.,
A Delaware corporation, and
US HEALTH ADVISORS, LLC,
a Texas limited liability company,

Defendants.
______________________________________/

**USHEALTH ADVISORS, LLC'S THIRD AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

COMES NOW the Defendant, USHealth Advisors, LLC ("UHA"), by and through its attorneys, and hereby amends and supplements its response to Plaintiffs' First Request for Production as follows:

1. Please produce any and all Documents related to the Plaintiffs.

**RESPONSE**: Objection, vague and ambiguous; overbroad. Without waiving said objections, see the documents already produced.

2. Please produce any and all Documents that contain information responsive to Plaintiffs' First Set of Interrogatories.

**RESPONSE**: None.

3. Please produce all Facsimiles and Other Facsimiles.

**RESPONSE**: As for "Facsimiles," none other than what was received from Plaintiffs in discovery. As to "Other Facsimiles," none.

4. For each Facsimile and Other Facsimiles identified in response to Request number 3, above, please produce any and all Documents that identify the (i) transmitter(s) of the facsimile, (ii) facsimile number of the physical transmitter of the facsimile, (iii) identity of the intended recipient, (iv) facsimile number of the intended recipient, (v) account number of the intended recipient, (vi) whether the transmission was successful, and/or (vii) date of transmission.

**RESPONSE:** See Response to No. 3 above.

5. For all Persons that gave prior express permission or invitation to be sent the Facsimile or Other Facsimiles, please produce all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the Person, (iv) date of the prior express consent or invitation, and/or (v) method and/or form of the prior express permission or invitation.

**RESPONSE:** None. Discovery continues.

6. For all Persons that requested to opt out of receiving the Facsimile or Other Facsimiles, please produce any and all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the Person, (iv) date of the request, and/or (v) method and/or form of the request.

**RESPONSE:** None. Discovery continues

7. Please produce any and all policies and/or procedures that relate to obtaining prior express permission or invitation from recipients to transmit the Facsimile or Other Facsimiles.

**RESPONSE:** Objection, vague and ambiguous as to the terms “policies and/or procedures.” Without waiving these objections, no documents other than those already produced.

8. Please produce any and all Documents that were obtained from Third Parties that contain facsimile numbers to which the Facsimile or Other Facsimiles were transmitted.

**RESPONSE:** None. Discovery continues.

9. Please produce any and all Documents reflecting your authorization to any Third Party Fax Broadcaster to transmit the Facsimile or Other Facsimiles.

**RESPONSE:** None.

10. Please produce any and all Documents reflecting any insurance policies that may be implicated by this lawsuit.

**RESPONSE:** This request is being investigated and responsive documents will be produced.

11. Please produce any and all Documents that relate to and/or support any of the affirmative defenses asserted in Your Answer to the Complaint.

**RESPONSE:** None other than those already produced. Discovery continues.

12. Please produce all documents that relate to the transmission of the Facsimile or Other Facsimiles by a Third Party Fax Broadcaster, Agent, or Third Party on Your behalf.

**RESPONSE:** None.

13. Please produce all Third Party Fax Broadcaster invoices issued during the Class Period to You for the transmission of the Facsimile or Other Facsimiles.

**RESPONSE:** None.

14. Please produce all Documents that identify the make, model, manufacturer, serial number, and owner of any and all sending device(s) used to transmit the Facsimile or Other Facsimiles.

**RESPONSE:** Objection, vague and ambiguous as to the use of "device(s)." Without waiving said objections, none.

15. Please produce all Documents that identify the number of Facsimile or Other Facsimiles successfully transmitted.

**RESPONSE:** None.

16. Please produce all documents that identify any and all lists that were used to select intended recipients of the Facsimile or Other Facsimiles.

**RESPONSE:** None.

17. Please produce copies of all payments issued by You to Third Party Fax Broadcasters in payment for the transmission of the Facsimile and Other Facsimiles.

**RESPONSE:** None.

18. Please produce all Documents related to Birsen Goksu.

**RESPONSE:** Objection, overbroad, immaterial, confidential and proprietary, potentially invades the attorney-client and work product privileges, and may interfere with matters protected under HIPAA. Without waiving these objections, see the attached. As a privilege log, (1) Defendant has redacted November 25, 2015 correspondence from Jim Jackson (in-house counsel) to Peter Baumberger and Michael Suarez pertaining to Birsen Goksu as attorney-client privileged; (2) Defendant has redacted February 25, 2015 correspondence from Debra Sliva to Lisa Silvia (paralegal) on attorney-client, work product grounds; and (3) Defendant has also redacted February 25, 2015 correspondence between Jim Jackson (in-house counsel) Bill Shelton, and Pat O'Neil regarding Birsen Goksu on attorney-client, work product grounds.

19. Please produce all training manuals for Your agents.

**RESPONSE:** UHA objects to this request as immaterial to the extent is encompasses documents irrelevant to facsimiles or facsimile advertising. Without waiving this objection, UHA has already produced the documents in its possession, custody or control that are responsive to this request. See documents previously produced in response to No. 7 above.

20. Please produce all facsimile advertisements templates available for use by your Agents.

**RESPONSE**: None.

**CERTIFICATE OF SERVICE**

I hereby certify on April 8, 2016, I electronically served the foregoing to counsel for Plaintiffs.

Respectfully submitted,

/s/ *Peter Baumberger*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6774
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ and COOPER LAW P.A., individually and on behalf of all others similarly situated,

Case No.: 6:15-cv-1666 ORL-37-GJK

vs.

Plaintiffs,

USHEALTH GROUP, INC., A Delaware corporation, and US HEALTH ADVISORS, LLC, a Texas limited liability company,

Defendants.

_______________________________________________/

**USHEALTH ADVISORS, LLC'S UNVERIFIED ANSWERS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

COMES NOW the Defendant, USHealth Advisors, LLC ("UHA"), by and through its attorneys, and hereby provides its Unverified Answers to Plaintiffs' Second Set of Interrogatories.

**CERTIFICATE OF SERVICE**

I hereby certify on April 8, 2016, I electronically served the foregoing to counsel for Plaintiffs.

Respectfully submitted,

/s/ *Peter Baumberger*

PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6774
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com

mfs@kubickidraper.com
*Attorneys for Defendants*

**UNVERIFIED ANSWERS TO SECOND SET OF INTERROGATORIES**

1. Identify (i) each Person who provided information used in answering these interrogatories and (ii) state the information each person provided.

**Answer:** Brian Clark
Chief Marketing Officer
USHEALTH Advisors, LLC
c/o Kubicki Draper, P.A.
25 West Flagler Street, Penthouse
Miami, Florida 33130

2. Identify and specifically describe the process and the investigation performed by UHA before determining that the information requested in Plaintiff's First Set of Interrogatories 2,3,4,5, and 7 was "Unknown".

**Answer:** Documentation of such investigation has already been produced to Plaintiffs. UHA was not aware of, and did not approve of the sending of the faxes that Birsen Goksu allegedly did through Fax87.

3. Identify and describe the organization chart for each sales region of UHA, including, but not limited to, the region that includes Orlando.

**Answer:** Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.*, 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.*, 2015 WL 1886274 (S.D.

Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast"[1] allegedly in violation of the TCPA, and now seek discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA.

4. Identify and describe all types of electronic mail systems (programs and servers) issued to and used by UHA Agents (defined above) including but not limited to persons who are issued UHA electronic mail accounts, how the electronic mail is accessed, and any training provided on the use of such electronic mail accounts.

**Answer:** Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.*, 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.*, 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast"[2] allegedly in violation of the TCPA, and now seek discovery relating to other current and former independent agents (there are over 100) even though there is no

---

[1] To date, the only identified recipients of this fax "blast" is the class representatives at their shared fax machine. Plaintiffs not only deposed the agent who sent the "blast", but they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company."

[2] To date, the only identified recipients of this fax "blast" is the class representatives at their shared fax machine. Plaintiffs not only deposed the agent who sent the "blast", but they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company."

evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA.

5. Describe with particularity all methods used to segregate, retain and maintain UHA's electronic mail.

**Answer:** Objection, vague, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See*, *e.g.*, *Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.*, 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.*, 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast"[3] allegedly in violation of the TCPA, and now seek discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA.

6. Identify UHA's Records Retention Policy that sets forth the company's policies and procedures pertaining to the storage, retention and disposal of records – paper and electronic.

**Answer:** Objection, overbroad, irrelevant and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See*, *e.g.*, *Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla.

[3] To date, the only identified recipients of this fax "blast" is the class representatives at their shared fax machine. Plaintiffs not only deposed the agent who sent the "blast", but they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company."

Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.*, 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile allegedly in violation of the TCPA. Plaintiffs not only deposed this agent, they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company." Other than one facsimile allegedly violating the TCPA sent by this former independent UHA agent, Plaintiffs have no evidence of other independent UHA agents sending facsimiles allegedly violating the TCPA and are on a "fishing expedition" in hopes of finding such information. Without waiving said objections, UHA will provide a summary of its Records Retention Policy.

7. Describe all programs related to data storage, backup, and archiving activities specifically relating to Email, the software or hardware used to create the backups, the timing and frequency of the backups, as well as retention plans and polices, and any policy or plans for purging electronic data from Your systems.

**Answer:** Objection, vague, overbroad, irrelevant and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.*, 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile allegedly in violation of the TCPA. Plaintiffs not only deposed this agent, they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company." Other than one facsimile allegedly violating the TCPA sent by this former independent UHA agent, Plaintiffs have no evidence of other independent UHA agents sending facsimiles allegedly violating the TCPA and are on a "fishing expedition" in hopes of finding such information.

8. Describe with particularity the process and efforts used to investigate whether fax advertising was engaged in by any UHA Agents (defined above).

**Answer:** Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.*, 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.*, 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast"[4] allegedly in violation of the TCPA, and now seek discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA. Without waiving said objection, documentation of such investigation has already been produced to Plaintiffs and UHA will attempt to investigate Birsen Goksu's UHA e-mail account even though she testified her personal (Gmail) account was the one she used "[f]or the most part . . ." during the time she was associated with UHA.

9. Identify all UHA Agents (defined above) who may have sent or authorized the transmission of faxes promoting UHA or themselves as agents of UHA, and describe the process and investigation used to identity them. Please identify whether the Agents are currently Affiliated with You.

[4] To date, the only identified recipients of this fax "blast" is the class representatives at their shared fax machine. Plaintiffs not only deposed the agent who sent the "blast", but they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company."

**Answer:** Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g.*, *Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.*, 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.*, 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast"[5] allegedly in violation of the TCPA, and are now seek discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA. Without waiving said objection, UHA is not aware of any other agents, other than the one identified in this case, who have sent any faxes in violation of the TCPA during the class period identified in the operative complaint. Without waiving said objection, UHA is not aware of any other agents, other than Birsen Goksu, who have sent any faxes in violation of the TCPA during the class period identified in the operative complaint, and documentation of the investigation relating to Birsen Goksu has already been produced to Plaintiffs.

10. Identify all UHA Agents (defined above) who are or were Affiliated with You during the Class Period. For each person identified, please provide names and last known telephone numbers, addresses, and email addresses and identify whether the Agents are currently Affiliated with You.

[5] To date, the only identified recipients of this fax "blast" is the class representatives at their shared fax machine. Plaintiffs not only deposed the agent who sent the "blast", but they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company."

**Answer:** Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g.*, *Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.*, 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.*, 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast"[6] allegedly in violation of the TCPA, and are now seek discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA. Without waiving said objection, UHA is not aware of any other agents, other than the one identified in this case, who have sent any faxes in violation of the TCPA during the class period identified in the operative complaint. Without waiving said objection, UHA is not aware of any other agents, other than the one identified in this case, who have sent any faxes in violation of the TCPA during the class period identified in the operative complaint, and documentation of the investigation relating to Birsen Goksu has already been produced to Plaintiffs.

[6] To date, the only identified recipients of this fax "blast" is the class representatives at their shared fax machine. Plaintiffs not only deposed the agent who sent the "blast", but they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company."

_________________________
BRIAN CLARK

STATE OF FLORIDA )
) ss:
COUNTY OF ____________ )

The foregoing instrument was acknowledged before me this ____ day of ______________, ______, by _______________________________, who is personally known to me or who has produced __________________________________ as identification, and who, after first being duly sworn and cautioned deposed and said that the foregoing Answers to Interrogatories are true and correct to the best of his/her knowledge and belief.

________________________________________
NOTARY PUBLIC STATE OF FLORIDA

My commission expires:

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ and COOPER LAW P.A., individually and on behalf of all others similarly situated,

Case No.: 6:15-cv-1666 ORL-37-GJK

vs.

Plaintiffs,

USHEALTH GROUP, INC., A Delaware corporation, and US HEALTH ADVISORS, LLC, a Texas limited liability company,

Defendants.

______________________________/

**USHEALTH ADVISORS, LLC'S**
**RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION**

COMES NOW the Defendant, USHealth Advisors, LLC ("UHA"), by and through its attorneys, and hereby responds to Plaintiffs' Second Request for Production as follows:

1. Please produce any and all Documents that contain information responsive to Plaintiffs' Second Set of Interrogatories.

**RESPONSE:** As indicated in UHA's responses to Plaintiffs' Second Set of Interrogatories, such non-privileged documents have already been produced. See UHA's responses to Plaintiffs' Second Set of Interrogatories.

2. Please produce all electronic mail sent or received by UHA Agents (defined above) through their "@ushadvisors.com" email accounts to or from any Third Party Fax Broadcaster or other Third Party authorized to send fax transmissions that relate or refer to transmission of fax advertisements to recipients, or that in any way relate to the sending of fax advertisements.

**RESPONSE:** Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.*, 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.*, 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast"[1] allegedly in violation of the TCPA, and are now seeking discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA. Without waiving said objection, UHA is not aware of any other current or former independent agents, other than the one identified in this case, who have sent any faxes in violation of the TCPA during the class period identified in the operative complaint, but UHA will attempt to investigate Birsen Goksu's UHA e-mail account even though she testified her personal (Gmail) account was the one she used "[f]or the most part . . ." during the time she was associated with UHA.

3. Please produce all Documents that relate or refer to fax advertising of UHA or its Agents (defined above).

**RESPONSE:** Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v.*

[1] To date, the only identified recipients of this fax "blast" is the class representatives at their shared fax machine. Plaintiffs not only deposed the agent who sent the "blast", but they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company."

*Ziplocal, LP*, 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.*, 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.*, 2015 WL 1886274 (S.D. Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast"[2] allegedly in violation of the TCPA, and are now seeking discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA. Without waiving said objection, UHA is not aware of any current or former independent agents, other than the one identified in this case, who have sent any faxes in violation of the TCPA during the class period identified in the operative complaint, and any non-privileged documentation relating to the "blast" sent by this agent have already been produced.

4. Please produce all Documents containing information regarding UHA Agents (defined above) who are no longer affiliated with UHA and whose affiliation terminated during the Class Period.

**RESPONSE:** Objection, overbroad, immaterial and unduly burdensome. Plaintiffs are attempting to utilize discovery for a prohibited "fishing expedition." *See, e.g., Shannon v. Albertelli Firm, P.C.*, 610 Fed. Appx. 866 (11th Cir. 2015); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F. 3d 1255 (11th Cir. 2015); *Salvato v. Miley*, 2013 WL 2712206 (M.D. Fla. Jun. 11, 2013); *Jackson v. BellSouth Telecommunications, Inc.*, 2002 WL 34382751 (S.D. Fla. Jun. 4, 2002); *see also Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2014 WL 6473232 (S.D. Fla. Nov. 18, 2014); *Solyom v. World Wide Child Care Corp.*, 2015 WL 1886274 (S.D.

[2] To date, the only identified recipients of this fax "blast" is the class representatives at their shared fax machine. Plaintiffs not only deposed the agent who sent the "blast", but they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company."

Fla. Apr. 16, 2015). To date, Plaintiffs have identified one former independent UHA agent who sent one facsimile "blast"[3] allegedly in violation of the TCPA, and are now seeking discovery relating to other current and former independent agents (there are over 100) even though there is no evidence remotely suggesting that other independent agents sent any fax "blasts" in violation of the TCPA.

**CERTIFICATE OF SERVICE**

I hereby certify on April 8, 2016, I electronically served the foregoing to counsel for Plaintiffs.

Respectfully submitted,

/s/ *Peter Baumberger*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6774
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendants*

[3] To date, the only identified recipients of this fax "blast" is the class representatives at their shared fax machine. Plaintiffs not only deposed the agent who sent the "blast", but they also have subpoenaed Google, Inc. for her emails with the purported "fax blast company."

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ and COOPER LAW P.A., individually and on behalf of all others similarly situated,

Case No.: 6:15-cv-1666 ORL-37-GJK

vs.

Plaintiffs,

USHEALTH GROUP, INC., A Delaware corporation, and US HEALTH ADVISORS, LLC, a Texas limited liability company,

Defendants.
________________________________________/

**USHEALTH GROUP, INC.'S UNVERIFIED ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

COMES NOW the Defendant, USHealth Group, Inc. ("UHG"), by and through its attorneys, and hereby provides its Unverified Answers[1] to Plaintiffs' First Set of Interrogatories.

**CERTIFICATE OF SERVICE**

I hereby certify on February 29, 2016, I electronically served the foregoing to counsel for Plaintiffs.

[1] [1] UHG currently has pending before this Court a Motion to Dismiss for Lack of Personal Jurisdiction (D.E. 20) and a Motion to Stay (D.E. 39) the instant discovery until the Court rules on the Motion to Dismiss. Consequently, UHG is providing the responses contained herein subject to and without waiving its position articulated in these motions.

Respectfully submitted,

/s/ *Peter Baumberger*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6774
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendants*

**UNVERIFIED ANSWERS TO INTERROGATORIES**

1. Identify (i) each Person who provided information used in answering these interrogatories and (ii) state the information each person provided.

**Answer**: Cynthia B. Koenig
Executive Vice President & Chief Financial Officer
USHEALTH Group, Inc.
c/o Kubicki Draper, P.A.
25 West Flagler Street, Penthouse
Miami, Florida 33130

2. For each Facsimile and Other Facsimile, state the (i) brand name, (ii) model number, (iii) serial identification number, (iv) telephone number of the sending device, and/or (v) name and version of software used to transmit the Facsimile or Other Facsimiles.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

3. For each and every Facsimile and Other Facsimile, identify the (i) identity of the sender (ii) facsimile number of the sender (iii) identity of the intended recipient, (iv) facsimile number of the intended recipient, (v) whether the transmission was successful, and (vi) date of transmission.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

4. Identify each and every telephone service provider that provided service to the device(s), program(s), and/or software used to transmit the Facsimile and Other Facsimiles.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

5. For all Persons that gave prior express permission or invitation to be sent Facsimiles or Other Facsimiles, identify the (i) identity of the Person, (ii) facsimile number of

the Person, (iii) date of the prior express permission and/or invitation, and (iv) method and form of the prior express permission or invitation.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

6. For all Persons that requested to be placed on Your Do Not Fax List, identify the (i) identity of the Person, (ii) facsimile number of the Person, (iii) date of the request, and (iv) method and/or form of the request.

**Answer**: Defendant has no knowledge of such "Persons" as defined herein.

7. Identify all Persons, including but not limited to Your officers, representatives, affiliates, employees, agents and all other persons acting or purporting to act on Your behalf, who authorized the transmission of the Facsimile and/or Other Facsimiles.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, none to the best of Defendant's knowledge.

8. Identify all Persons who participated in the decisions to transmit the Facsimile and/or Other Facsimiles.

**Answer:** Objection, overboard to the extent this Interrogatory seeks to impose obligations on UHG beyond those call for under the Rules. Without waiving this objection, to the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no independent knowledge.

9. Identify all Persons who authorized any other Person, including but not limited to UHA, its officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on its behalf, to sell Your health insurance and/or other products in the state of Florida.

**Answer:** Objection, vague and ambiguous with respect to the undefined term "Your health insurance and/or other products"; UHG further objects to the extent this Interrogatory assumes facts not in evidence.

10. Identify all Persons from which facsimile numbers were obtained and which were used to transmit the Facsimile and/or Other Facsimiles.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

11. Identify any and all Third Party Fax Broadcasters that transmitted the Facsimile and/or Other Facsimiles.

**Answer**: To the extent a "Facsimile" or "Other Facsimile" was/were transmitted, which this Defendant denies, Defendant has no knowledge.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ and COOPER LAW P.A., individually and on behalf of all others similarly situated,

Case No.: 6:15-cv-1666 ORL-37-GJK

vs.

Plaintiffs,

USHEALTH GROUP, INC., A Delaware corporation, and US HEALTH ADVISORS, LLC, a Texas limited liability company,

Defendants.
_______________________________________________/

**USHEALTH GROUP, INC.'S**
**RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

COMES NOW the Defendant, USHealth Group, Inc. ("UHG"), by and through its attorneys, and hereby responds to Plaintiffs' First Request for Production as follows[1]:

1. Please produce any and all Documents related to the Plaintiffs.

**RESPONSE**: Objection, vague and ambiguous; overbroad. Without waiving said objections, none other than what has already been produced in this matter. Discovery continues.

2. Please produce any and all Documents that contain information responsive to Plaintiffs' First Set of Interrogatories.

**RESPONSE**: None.

3. Please produce all Facsimiles and Other Facsimiles.

**RESPONSE**: As for "Facsimiles," it is believed that Plaintiffs are already in possession of same. As to "Other Facsimiles," no such documents responsive to this Request.

[1] UHG currently has pending before this Court a Motion to Dismiss for Lack of Personal Jurisdiction (D.E. 20) and a Motion to Stay (D.E. 39) the instant discovery until the Court rules on the Motion to Dismiss. Consequently, UHG is providing the responses contained herein subject to and without waiving its position articulated in these motions.

4. For each Facsimile and Other Facsimiles identified in response to Request number 3, above, please produce any and all Documents that identify the (i) transmitter(s) of the facsimile, (ii) facsimile number of the physical transmitter of the facsimile, (iii) identity of the intended recipient, (iv) facsimile number of the intended recipient, (v) account number of the intended recipient, (vi) whether the transmission was successful, and/or (vii) date of transmission.

**RESPONSE:** See Response to No. 3 above.

5. For all Persons that gave prior express permission or invitation to be sent the Facsimile or Other Facsimiles, please produce all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the Person, (iv) date of the prior express consent or invitation, and/or (v) method and/or form of the prior express permission or invitation.

**RESPONSE:** No such documents responsive to this Request. Discovery continues.

6. For all Persons that requested to opt out of receiving the Facsimile or Other Facsimiles, please produce any and all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the Person, (iv) date of the request, and/or (v) method and/or form of the request.

**RESPONSE:** No such documents responsive to this Request. Discovery continues

7. Please produce any and all policies and/or procedures that relate to obtaining prior express permission or invitation from recipients to transmit the Facsimile or Other Facsimiles.

**RESPONSE:** Objection, vague and ambiguous as to the terms "policies and/or procedures." Without waiving these objections, no such documents other than what has already been produced in this matter.

8. Please produce any and all Documents that were obtained from Third Parties that contain facsimile numbers to which the Facsimile or Other Facsimiles were transmitted.

**RESPONSE:** No such documents responsive to this Request. Discovery continues.

9. Please produce any and all Documents reflecting your authorization to any Third Party Fax Broadcaster to transmit the Facsimile or Other Facsimiles.

**RESPONSE:** No such documents responsive to this Request.

10. Please produce any and all Documents reflecting your authorization to any Person, including but not limited to UHA, its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf, to sell Your health insurance and/or other products in the state of Florida.

**RESPONSE:** Objection, vague and ambiguous as to the term "Your health insurance and/or other products in the state of Florida"; UHG further objects to the extent this Request assumes facts not in evidence.

11. Please produce any and all Documents reflecting your authorization to any Person, including but not limited to UHA, its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf, to transmit the Facsimile and/or Other Facsimiles.

**RESPONSE:** No such documents responsive to this Request.

12. Please produce any and all policies and/procedures reflecting your authorization to any Person, including but not limited to UHA, its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf, to transmit the Facsimile and/or Other Facsimiles.

**RESPONSE:** Objection, vague and ambiguous as to the terms "policies and/or procedures." Without waiving these objections, none other than what has already been produced in this matter.

13. Please produce any and all Documents reflecting any insurance policies that may be implicated by this lawsuit.

**RESPONSE:** No such documents responsive to this Request.

14. Please produce all documents that relate to the transmission of the Facsimile and/or Other Facsimiles by a Third Party Fax Broadcaster, Agent, and/or Third Party on Your behalf.

**RESPONSE:** Objection, argumentative, assumes facts not in evidence. Without waiving these objections, no such documents responsive to this Request.

15. Please produce all documents that relate to the transmission of the Facsimile and/or Other Facsimiles by UHA, its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf.

**RESPONSE:** Objection, overbroad to the extent such documents are within the possession, custody or control of co-defendant, USHealth Advisors, LLC; argumentative, assume facts not in evidence. Without waiving these objections, no such documents responsive to this Request.

16. Please produce all Third Party Fax Broadcaster invoices issued during the Class Period to You for the transmission of the Facsimile and/or Other Facsimiles.

**RESPONSE:** Objection, argumentative, assumes facts not in evidence. Without waiving these objections, no such documents responsive to this Request.

17. Please produce all Documents that identify the make, model, manufacturer, serial number, and owner of any and all sending device(s) used to transmit the Facsimile and/or Other Facsimiles.

**RESPONSE:** No such documents responsive to this Request.

18. Please produce all Documents that identify any individuals who participated in the decisions to transmit the Facsimile and/or Other Facsimiles.

**RESPONSE:** Objection, overbroad to the extent this Request seeks documents not within the custody, control or possession of UHG; assumes facts not in evidence. Without waiving these objections, no such documents responsive to this Request.

19. Please produce all Documents that identify the number of Facsimile and/or Other Facsimiles successfully transmitted.

**RESPONSE:** No such documents responsive to this Request.

20. Please produce all documents that identify any and all lists that were used to select intended recipients of the Facsimile and/or Other Facsimiles.

**RESPONSE**: No such documents responsive to this Request.

21. Please produce copies of all payments issued by You to Third Party Fax Broadcasters in payment for the transmission of the Facsimile and/or Other Facsimiles

**RESPONSE**: Objection, argumentative, assumes facts not in evidence. Without waiving these objections, no such documents responsive to this Request.

22. Please produce all Documents related to Birsen Goksu.

**RESPONSE**: Objection, overbroad and unduly burdensome to the extent this Request seeks documents outside the possession, custody or control of UHG; and UHG further objects to the extent this Request seeks materials protected by the attorney-client and work product

privileges. Without waiving these objections, UHG is not in possession of any such documents outside of what has already been produced in this matter.

23. Please produce all training manuals for Your agents.

**RESPONSE**: Objection, assumes facts not in evidence. Without waiving this objection, none.

24. Please produce all training manuals available for use by UHA, its officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on its behalf, to transmit the Facsimile and/or Other Facsimiles

**RESPONSE**: Objection, argumentative, assumes facts not in evidence, and UHG further objects to the extent this Request may seek documents in the possession, custody or control of co-defendant USHealth Advisors, LLC. Without waiving these objections, no such documents responsive to this Request.

25. Please produce all facsimile advertisement templates available for use by Your agents.

**RESPONSE**: No such documents responsive to this Request.

26. Please produce all facsimile advertisement templates available for use by UHA, its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf.

**RESPONSE**: No such documents responsive to this Request.

## CERTIFICATE OF SERVICE

I hereby certify on February 29, 2016, I electronically served the foregoing to counsel for Plaintiffs.

Respectfully submitted,

/s/ *Peter Baumberger*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6774
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ and COOPER LAW P.A., individually and on behalf of all others similarly situated,

Case No.: 6:15-cv-1666 ORL-37-GJK

vs.

Plaintiffs,

USHEALTH GROUP, INC., A Delaware corporation, and US HEALTH ADVISORS, LLC, a Texas limited liability company,

Defendants.
_______________________________________/

**USHEALTH GROUP, INC.'S**
**AMENDED RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS**

COMES NOW the Defendant, USHealth Group, Inc. ("UHG"), by and through its attorneys, and hereby amends it response to Plaintiffs' First Request for Admissions as follows:

1. Admit that USHEALTH Advisors, LLC is Your wholly-owned national health insurance distribution arm.

**RESPONSE**: Objection, vague and ambiguous as to the phrase "wholly-owned national health insurance distribution arm." Without waiving said objection, admitted.

2. Admit that USHEALTH Advisors, LLC is Your marketing arm that specializes in offering healthcare plans underwritten and insured by Your wholly owned insurance companies The Freedom Life Insurance Company of American and National Foundation Life Insurance Company.

**RESPONSE**: Objection, vague and ambiguous as to the phrase "wholly owned insurance companies" and "The Free Life Insurance Company of American." Without waiving said objection, admitted.

3. Admit that You market Your health insurance and supplemental products nationally through your wholly-owned subsidiary USHEALTH Advisors, LLC.

**RESPONSE**: Objection, vague and ambiguous as to the use of "products." Without waiving this objection, denied.

4. Admit USHEALTH Advisors, LLC sells Your health insurance and supplemental products in the state of Florida.

**RESPONSE**: Objection, vague and ambiguous as to the use of "products." Without waiving this objection, admitted to the extent USHEALTH Advisors, LLC sells products underwritten by Freedom Life Insurance Company of America, a wholly-owned subsidiary of UHG.

5. Admit USHEALTH Advisors, LLC sells Your health coverage and supplemental products in the state of Florida through its captive agent sales force.

**RESPONSE**: Objection, vague and ambiguous as to the use of "products." Without waiving this objection, admitted to the extent USHEALTH Advisors, LLC sells products underwritten by Freedom Life Insurance Company of America, a wholly-owned subsidiary of UHG.

6. Admit USHEALTH Advisors, LLC has approximately 100 captive sales agents located in the state of Florida.

**RESPONSE**: Admitted to the extent there are at least 100 UHA independent agents in Florida.

7. Admit Your health coverage and supplemental products sold by USHEALTH Advisors, LLC sales agents in the state of Florida are underwritten by Your wholly-owned subsidiaries: The Freedom Life Insurance Company of American and National Foundation Life Insurance Company.

**RESPONSE**: Objection, vague and ambiguous as to the use of "products" and "The Freedom Life Insurance Company of American." Without waiving this objection, denied.

8. Admit that USHEALTH Advisors, LLC shares the same Ft. Worth, Texas, address as You.

**RESPONSE**: Denied.

9. Admit that Your Chief Executive Officer and President, Timothy McQuagge, has at all times during the Class Period also been a co-manager of USHEALTH Advisors, LLC.

**RESPONSE**: Denied.

10. Admit that Your Chief Marketing Officer, Brian Clark, has at all times during the Class Period been a co-manager of USHEALTH Advisors, LLC.

**RESPONSE**: Objection, vague and ambiguous as to the use of "co-manager." Without waiving this objection, admitted that Mr. Clark has been Chief Marketing Office of USHEALTH Advisors, LLC during the Class Period.

11. Admit that Your officers Timothy McQuagge and Brian Clark have been the only managers of USHEALTH Advisors, LLC during the Class Period.

**RESPONSE**: Denied.

12. Admit that USHEALTH Advisors, LLC is qualified to do business in the state of Florida.

**RESPONSE**: Admitted.

13. Admit that Your CEO, Timothy McQuagge, signed the Annual Report filed with the Florida Division of Corporations and dated 04.09.15 as CEO of US Health Advisors, LLC.

**RESPONSE**: Denied.

14. Admit that Your website www.ushealthgroup.com advertises USHEALTH Advisors, LLC's local agents who may quote rates for Your health insurance and supplemental products.

**RESPONSE**: Objection, vague and ambiguous as to the use of "products." Without waiving this objection, denied.

15. Admit that Your website www.ushealthgroup.com solicits persons to become USHEALTH Advisors, LLC agents.

**RESPONSE**: Objection, vague and ambiguous as to the use of "solicits." Without waiving this objection, admitted to the extent the website referenced herein contains content pertaining to USHEALTH Advisors, LLC, but otherwise denied.

16. Admit that Birsen Goksu has been an agent of USHEALTH Advisors, LLC.

**RESPONSE**: Admitted that Birsen Goksu "has been", at one time or another, based upon information and belief.

17. Admit that the facsimile attached as Ex. A to the Complaint promotes USHEALTH Advisors, LLC and Birsen Goksu.

**RESPONSE**: Objection, vague and ambiguous as to the use of "promotes." Without waiving this objection, denied. The referenced document speaks for itself.

18. Admit that the facsimile attached as Ex. A to the Complaint advertises the website address of Birsen Goksu: www.ushagent.com/bgoksu.

**RESPONSE**: Objection, vague and ambiguous as to the use of "advertise." Without waiving this objection, denied. The referenced document speaks for itself.

19. Admit that the header of each of Birsen Goksu's web pages at: www.ushagent.com/bgoksu advertise USHEALTH Group as "America's Trusted Choice".

**RESPONSE**: Denied. The referenced web pages speak for themselves.

20. Admit that the facsimile attached as Ex. A to the Complaint was sent on Your behalf to help sell your insurance products.

**RESPONSE**: Denied.

21. Admit that the webpage located at: www.ushagent.com/bgoksu has a button to "Get A Quote" and advertises: "USHEALTH Group Through its licensed life and health insurance companies, USHEALTH Group , America's Trusted Choice, offers quality coverage including Sickness and Accident insurance, critical illness, Life, Dental Coverage, Short Term Accident Disability Income Insurance and much more!"

**RESPONSE**: Denied. The referenced web pages speak for themselves.

## CERTIFICATE OF SERVICE

I hereby certify on April 8, 2016, I electronically served the foregoing to counsel for Plaintiffs.

Respectfully submitted,

/s/ *Peter Baumberger*
PETER S. BAUMBERGER, ESQ.
Florida Bar No.: 117803
KUBICKI DRAPER, PA
25 West Flagler Street, Penthouse
Miami, Florida 33130
Main Line: (305) 374-1212
Direct Line: (305) 982-6774
Facsimile No.: (305) 374-7846
PSB@kubickidraper.com
PSB-KD@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendants*