UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 6:15-cv-01666-RBD-GJK

WALTER STRATTON BAGG, ESQ.,
and COOPER LAW P.A., individually
and on behalf of all others similarly situated,

Plaintiffs,

vs.

USHEALTH GROUP, INC.,
a Delaware corporation, and
USHEALTH ADVISORS, LLC.,
a Texas limited liability company,

Defendants.

_______________________________________/

**NOTICE OF SERVICE OF PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT USHEALTH ADVISORS, LLC.**

Plaintiffs, by and through undersigned counsel, hereby give notice of serving the following Interrogatories upon Defendant USHEALTH Advisors, LLC ("UHA") and request it answer each Interrogatory separately and fully, in writing and under oath, and serve within thirty (30) days after service on Plaintiffs' counsel at the law office of Bennett & Bennett.

Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219

Composite Exhibit 2

peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Avenue
Office Suite #360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By: *s/ Richard Bennett*
Richard Bennett

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was emailed to counsel for both Defendants on this 8th day of January, 2016.

By: *s/ Richard Bennett*
Richard Bennett

## PLAINTIFF'S FIRST INTERROGATORIES TO USHEALTH ADVISORS, LLC.

## I. DEFINITIONS

1. The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

2. "Agent" shall mean: any UHA agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

3. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

4. The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

5. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

6. The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the

document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

7. “Communication(s)” means any discussion, representation, conversation, telephone call, telephone message, face-to-face meeting, utterance, contact, correspondence, e-mail, statement, or other form of communicating information, whether oral or written.

8. “And” and “or” as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories any document or information that might otherwise be construed to be outside its scope.

9. "Any" means one or more.

10. “Relate to,” “relating to,” “regarding,” “referring to,” or “with respect to” mean to make a statement about, refer to, discuss, describe, concern, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents and/or electronic data that “relate to” a subject also include those which were specifically rejected and those which were not relied or acted upon.

11. "Year" means calendar year.

12. “You” or “Your” means USHealth Advisors, LLC (“UHA”), including such party’s officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on such party's behalf.

13. “Third Party Fax Broadcaster” means any and all individual, individuals, entity or entities that transmitted Facsimiles with the authorization and/or direction of You.

14. “Third Party” means any and all individual, individuals, entity or entities that are not You.

15. "Class Period" means October 1, 2011 through present.

16. “Successful” means that the Facsimile was delivered to the intended telephone fax number.

17. "Unsuccessful" means that the Facsimile was not delivered to the intended telephone fax number.

18. “Facsimile” means the Document attached as Ex. A to the complaint.

19. “Other Facsimile” means Any Document transmitted during the Class Period by or on behalf of You to a telephone facsimile machine that promoted Your products and/or services or requested the recipient to contact a licensed UHA local agent.

## II. INSTRUCTIONS

1. Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable.

2. All defined terms shall have the same meaning whether in capital or lowercase letters.

3. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also all information as is reasonably available, whether or not it is in your possession. In the event you are able to provide only part of the information called for by any particular Interrogatory, provide all of the information you are able to provide and state the reason for your inability to state the remainder.

4. Every Interrogatory herein shall be deemed a continuing Interrogatory. You are to supplement your answers promptly if and when you obtain relevant information in addition to or in any way inconsistent with your initial answer to any such Interrogatory.

5. If you object to, or otherwise decline to answer, any portion of any Interrogatory, please provide all information called for in that portion of the Interrogatory to which you do not object or to which you do not decline to answer. If you object to an Interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and for information which is not relevant), please provide such information as you concede to be relevant. If you object to an Interrogatory on the ground that it would constitute an undue burden to provide an answer, please provide such requested information as can be supplied without undertaking such undue burden. For those portions of any Interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

6. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

7. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

8. The word "document" shall be deemed to include the original and any draft thereof, and any copy of an original or draft which differs in any respect from such original or draft.

9. The terms "identify" or "identification" shall require, with respect to a document or communication: (a) a brief statement of the general nature of communication or of the documents' contents; (b) the identity of the person(s) who prepared the document or who was (were) involved in the communication; (c) the place where the document was prepared or where the communication took place; (d) the date of preparation of the document or of the communication; (e) if the document or communication was directed or communicated to another person, the identity of any person who was sent a copy of the document or communication; and (f) the identity of the person or persons presently in possession of the original document and/or copies.

10. The term "identify" or "identification" shall require, with respect to a person: (a) his, her or its full name; (b) the last known home and business address and telephone number of a natural person, or the principal business address and telephone

number of any other person; (c) with respect to a natural person, the identification of the person's employer(s) at all relevant times and the person's job classification(s) or title.

11. Each Interrogatory shall be answered separately, fully and completely without reference to any answer of any other Interrogatory.

12. If you withhold any information on grounds of privilege, please identify:

(a) the name, address(es), and phone number(s) of the person or persons with any and all such information;

(b) all other persons who have learned of all or part of any such information;

(c) the method(s) by which, and reason(s) why, each such person obtained access to such information;

(d) a description of each subject discussed, described or referred to in such information; and

(e) the specific basis for your claim of privilege.

13. If you object to fully identifying a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information unless divulging the information would disclose the privileged information:

(a) the nature of the privilege claimed (including work product);

(b) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(c) the date of the document, electronically stored information or oral communication;

(d) if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(e) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(f) the general subject matter of the document, electronically stored information or oral communication.

14. You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Federal Rule of Civil Procedure 26(e).

15. The time period for these Interrogatories is from October 1, 2011, through present.

## INTERROGATORIES

1. Identify (i) each Person who provided information used in answering these interrogatories and (ii) state the information each person provided.

**Answer:**

2. For each Facsimile and Other Facsimile, state the (i) brand name, (ii) model number, (iii) serial identification number, (iv) telephone number of the sending device, and/or (v) name and version of software used to transmit the Facsimile or Other Facsimiles.

**Answer:**

3. For each and every Facsimile and Other Facsimile, identify the (i) identity of the sender (ii) facsimile number of the sender (iii) identity of the intended recipient, (iv) facsimile number of the intended recipient, (v) whether the transmission was successful, and (vi) date of transmission.

**Answer:**

4. Identify each and every telephone service provider that provided service to the device(s), program(s), and/or software used to transmit the Facsimile and Other Facsimiles .

**Answer:**

5. For all Persons that gave prior express permission or invitation to be sent Facsimiles or Other Facsimiles, identify the (i) identity of the Person, (ii) facsimile number of the Person, (iii) date of the prior express permission and/or invitation, and (iv) method and form of the prior express permission or invitation.

**Answer:**

6. Identify all Persons, including but not limited to UHA officers, agents and/or employees, who authorized the transmission of the Facsimile or Other Facsimiles.

**Answer:**

7. Identify any Third Party Fax Broadcaster that transmitted the Facsimile or Other Facsimiles.

**Answer:**

**VERIFICATION**

USHealth Advisors, LLC.

BY:________________________
PRINT NAME:
TITLE:

STATE OF
COUNTY OF

Sworn to and subscribed before me on this ___day of __________, 2016, by ________________________________________ as (insert title) _____________________ USHealth Advisors, LLC who produced the following identification:________________ and acknowledged that the above answers to interrogatories are true.

___________________________
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 6:15-cv-01666-RBD-GJK

WALTER STRATTON BAGG, ESQ.,
and COOPER LAW P.A., individually
and on behalf of all others similarly situated,

Plaintiffs,
vs.

USHEALTH GROUP, INC.,
a Delaware corporation, and
USHEALTH ADVISORS, LLC.,
a Texas limited liability company,

Defendants.
_______________________________________/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO**
**DEFENDANT USHEALTH ADVISORS, LLC**

In accordance with Federal Rule of Civil Procedure 34, Plaintiffs request Defendant USHEALTH ADVISORS, LLC. ("UHA") to produce at the office of Bennett & Bennett all documents requested below within thirty (30) days of receipt of this Request.

**INSTRUCTIONS**

1. All defined terms shall have the same meaning whether in capital or lowercase letters.

2. This request is intended to be continuing in nature and any information which may be discovered subsequent to the service and filing of your answers should be brought to the attention of the inquiring parties in supplemental answers within a reasonable time following discovery as required by Federal Rule of Civil Procedure 26(e).

3. Any document as to which a claim of privilege is or will be asserted should be identified by author, signatory, description (e.g., letter, memorandum, telex, recording, etc.), title (if any), dates, addresses (if any), general subject matter, present depository, and present custodian and a complete statement of the ground for the claim of privilege should be set forth.

4. If it is maintained that any document requested has been destroyed, set forth the contents of the documents, the date of such destruction, and the name of the person who authorized or directed such destruction.

5. If any of the documents cannot be produced in full, produce to the extent possible and specify the reasons for the inability to reproduce the remainder.

6. In the event that any document and/or electronic data requested herein is not presently in your possession or subject to your control, please identify each person you have reason to believe had or has knowledge of its contents.

7. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

8. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

9. Unless otherwise stated, the time period for this Request for Production of Documents shall be from October 1, 2011, through present.

## DEFINITIONS

1. "Document(s)" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, e-mails, electronic data, notes, messages, letters, telegrams, teletype, telefax bulletins, meetings, or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work-sheets, receipts, returns, computer print-outs, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphs or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, video-tape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings), including the file and file cover, and copies of non-paper information storage means such as tape, film, and computer memory device in readable form.

2. The word "document" shall be deemed to include the original and any draft thereof, and any copy of an original or draft which differs in any respect from such original or draft.

3. “Communication(s)” means any discussion, representation, conversation, telephone call, telephone message, face-to-face meeting, utterance, contact, correspondence, e-mail, facsimile, electronic communication, statement, or other form of communicating information, whether oral or written.

4. “And” and “or” as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

5. "Any" means one or more.

6. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

7. “Relate to,” “relating to,” “regarding,” “referring to,” or “with respect to” mean to make a statement about, refer to, discuss, describe, concern, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents and/or electronic data that “relate to” a subject also include those which were specifically rejected and those which were not relied or acted upon.

8. "Year" means calendar year.

9. “You” or “Your” means the party to whom these Requests for Production are addressed, including such party’s officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on such party's behalf.

10. "Class Period" means, for this Request for Production of Documents, from October 1, 2011, through present.

11. “Facsimile” means the Document attached as Ex. A to the complaint.

12. “Other Facsimile” means Any Document transmitted during the Class Period by or on behalf of You to a telephone facsimile machine that promoted Your products and/or services or requested the recipient to contact a licensed UHA local agent.

13. “Third Party Fax Broadcaster” means any and all individual, individuals, entity or entities that transmitted Facsimiles with the authorization and/or direction of You.

14. “Third Party” means any and all individual, individuals, entity or entities that are not You.

15. “Successful” means that the Facsimile was delivered to the intended telephone fax number.

16. "Unsuccessful" means that the Facsimile was not delivered to the intended telephone fax number.

## REQUESTS FOR PRODUCTION

1. Please produce any and all Documents related to the Plaintiffs.

2. Please produce any and all Documents that contain information responsive to Plaintiffs’ First Set of Interrogatories.

3. Please produce all Facsimiles and Other Facsimiles.

4. For each Facsimile and Other Facsimiles identified in response to Request number 3, above, please produce any and all Documents that identify the (i) transmitter(s) of the facsimile, (ii) facsimile number of the physical transmitter of the facsimile, (iii) identity of the intended recipient, (iv) facsimile number of the intended

recipient, (v) account number of the intended recipient, (vi) whether the transmission was successful, and/or (vii) date of transmission.

5. For all Persons that gave prior express permission or invitation to be sent the Facsimile or Other Facsimiles, please produce all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the Person, (iv) date of the prior express consent or invitation, and/or (v) method and/or form of the prior express permission or invitation.

6. For all Persons that requested to opt out of receiving the Facsimile or Other Facsimiles, please produce any and all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the Person, (iv) date of the request, and/or (v) method and/or form of the request.

7. Please produce any and all policies and/or procedures that relate to obtaining prior express permission or invitation from recipients to transmit the Facsimile or Other Facsimiles.

8. Please produce any and all Documents that were obtained from Third Parties that contain facsimile numbers to which the Facsimile or Other Facsimiles were transmitted.

9. Please produce any and all Documents reflecting your authorization to any Third Party Fax Broadcaster to transmit the Facsimile or Other Facsimiles.

10. Please produce any and all Documents reflecting any insurance policies that may be implicated by this lawsuit.

11. Please produce any and all Documents that relate to and/or support any of the affirmative defenses asserted in Your Answer to the Complaint.

12. Please produce all documents that relate to the transmission of the Facsimile or Other Facsimiles by a Third Party Fax Broadcaster, Agent, or Third Party on Your behalf.

13. Please produce all Third Party Fax Broadcaster invoices issued during the Class Period to You for the transmission of the Facsimile or Other Facsimiles.

14. Please produce all Documents that identify the make, model, manufacturer, serial number, and owner of any and all sending device(s) used to transmit the Facsimile or Other Facsimiles.

15. Please produce all Documents that identify the number of Facsimile or Other Facsimiles successfully transmitted.

16. Please produce all documents that identify any and all lists that were used to select intended recipients of the Facsimile or Other Facsimiles.

17. Please produce copies of all payments issued by You to Third Party Fax Broadcasters in payment for the transmission of the Facsimile and Other Facsimiles.

18. Please produce all Documents related to Birsen Goksu.

19. Please produce all training manuals for Your agents.

20. Please produce all facsimile advertisements templates available for use by your Agents.

Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327

Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Avenue
Office Suite #360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By: *s/ Richard Bennett*
Richard Bennett

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was emailed to counsel for both Defendants on this 8th day of January, 2016.

By: *s/ Richard Bennett*
Richard Bennett

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 6:15-cv-01666-RBD-GJK

WALTER STRATTON BAGG, ESQ.,
and COOPER LAW P.A., individually
and on behalf of all others similarly situated,

Plaintiffs,

vs.

USHEALTH GROUP, INC.,
a Delaware corporation, and
USHEALTH ADVISORS, LLC,
a Texas limited liability company,

Defendants.

_______________________________________/

**NOTICE OF SERVICE OF PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT USHEALTH ADVISORS, LLC**

Plaintiffs, by and through undersigned counsel, hereby give notice of serving the following Second Set of Interrogatories upon Defendant USHEALTH Advisors, LLC ("UHA") and request it answer each Interrogatory separately and fully, in writing and under oath, and serve within thirty (30) days after service on Plaintiffs' counsel at the law office of Bennett & Bennett.


Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219

peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Avenue
Office Suite #360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By: *s/ Richard Bennett*
Richard Bennett

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was Emailed to counsel for both Defendants ,Peter S. Baumberger and Michael Suarez on this 7th day of March, 2016.

By: *s/ Richard Bennett*
Richard Bennett

## PLAINTIFF'S SECOND INTERROGATORIES TO USHEALTH ADVISORS, LLC.

## I. DEFINITIONS

1. The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

2. "Agent" shall mean: any UHA agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

3. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

4. The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

5. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

6. The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the

custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

7. “Communication(s)” means any discussion, representation, conversation, telephone call, telephone message, face-to-face meeting, utterance, contact, correspondence, e-mail, statement, or other form of communicating information, whether oral or written.

8. “And” and “or” as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories any document or information that might otherwise be construed to be outside its scope.

9. "Any" means one or more.

10. “Relate to,” “relating to,” “regarding,” “referring to,” or “with respect to” mean to make a statement about, refer to, discuss, describe, concern, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents and/or electronic data that “relate to” a subject also include those which were specifically rejected and those which were not relied or acted upon.

11. "Year" means calendar year.

12. “You” or “Your” means USHealth Advisors, LLC (“UHA”), including such party’s officers, representatives, affiliates, employees, agents, independent contractors, and all other persons acting or purporting to act on such party's behalf.

13. “Third Party Fax Broadcaster” means any and all individual, individuals, entity or entities that transmitted Facsimiles with the authorization and/or direction of You.

14. “Third Party” means any and all individual, individuals, entity or entities that are not You.

15. "Class Period" means October 1, 2011 through present.

16. “Successful” means that the Facsimile was delivered to the intended telephone fax number.

17. "Unsuccessful" means that the Facsimile was not delivered to the intended telephone fax number.

18. “Facsimile” means the Document attached as Ex. A to the complaint.

19. “Other Facsimile” means Any Document transmitted during the Class Period by or on behalf of You to a telephone facsimile machine that promoted Your products and/or services or requested the recipient to contact a licensed UHA local agent.

20. “Affiliated” means permitted to sell USHealth Advisors products and/or services.

## II. INSTRUCTIONS

1. Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, each Interrogatory shall be answered separately and fully in writing under oath, unless it is

objected to, in which event the objecting party shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable.

2. All defined terms shall have the same meaning whether in capital or lowercase letters.

3. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also all information as is reasonably available, whether or not it is in your possession. In the event you are able to provide only part of the information called for by any particular Interrogatory, provide all of the information you are able to provide and state the reason for your inability to state the remainder.

4. Every Interrogatory herein shall be deemed a continuing Interrogatory. You are to supplement your answers promptly if and when you obtain relevant information in addition to or in any way inconsistent with your initial answer to any such Interrogatory.

5. If you object to, or otherwise decline to answer, any portion of any Interrogatory, please provide all information called for in that portion of the Interrogatory to which you do not object or to which you do not decline to answer. If you object to an Interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and for information which is not relevant), please provide such information as you concede to be relevant. If you object to an Interrogatory on the ground that it would constitute an undue burden to provide an answer, please provide such requested information as can be supplied without

undertaking such undue burden. For those portions of any Interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

6. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

7. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

8. The word "document" shall be deemed to include the original and any draft thereof, and any copy of an original or draft which differs in any respect from such original or draft.

9. The terms "identify" or "identification" shall require, with respect to a document or communication: (a) a brief statement of the general nature of communication or of the documents' contents; (b) the identity of the person(s) who prepared the document or who was (were) involved in the communication; (c) the place where the document was prepared or where the communication took place; (d) the date of preparation of the document or of the communication; (e) if the document or communication was directed or communicated to another person, the identity of any person who was sent a copy of the document or communication; and (f) the identity of the person or persons presently in possession of the original document and/or copies.

10. The term "identify" or "identification" shall require, with respect to a person: (a) his, her or its full name; (b) the last known home and business address and

telephone number of a natural person, or the principal business address and telephone number of any other person; (c) with respect to a natural person, the identification of the person's employer(s) at all relevant times and the person's job classification(s) or title.

11. Each Interrogatory shall be answered separately, fully and completely without reference to any answer of any other Interrogatory.

12. If you withhold any information on grounds of privilege, please identify:

(a) the name, address(es), and phone number(s) of the person or persons with any and all such information;

(b) all other persons who have learned of all or part of any such information;

(c) the method(s) by which, and reason(s) why, each such person obtained access to such information;

(d) a description of each subject discussed, described or referred to in such information; and

(e) the specific basis for your claim of privilege.

13. If you object to fully identifying a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information unless divulging the information would disclose the privileged information:

(a) the nature of the privilege claimed (including work product);

(b) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(c) the date of the document, electronically stored information or oral communication;

(d) if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the

addressee, and, if not apparent, the relationship between the author and addressee;

(e) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(f) the general subject matter of the document, electronically stored information or oral communication.

14. You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Federal Rule of Civil Procedure 26(e).

15. The time period for these Interrogatories is from October 1, 2011, through present.

## INTERROGATORIES

1. Identify (i) each Person who provided information used in answering these interrogatories and (ii) state the information each person provided.

**Answer:**

2. Identify and specifically describe the process and the investigation performed by UHA before determining that the information requested in Plaintiff's First Set of Interrogatories 2,3,4,5, and 7 was "Unknown".

**Answer:**

3. Identify and describe the organization chart for each sales region of UHA, including, but not limited to, the region that includes Orlando.

**Answer:**

4 Identify and describe all types of electronic mail systems (programs and servers) issued to and used by UHA Agents (defined above) including but not limited to persons who are issued UHA electronic mail accounts, how the electronic mail is accessed, and any training provided on the use of such electronic mail accounts.

**Answer:**

5. Describe with particularity all methods used to segregate, retain and maintain UHA's electronic mail.

**Answer:**

6. Identify UHA's Records Retention Policy that sets forth the company's policies and procedures pertaining to the storage, retention and disposal of records – paper and electronic

**Answer:**

7. Describe all programs related to data storage, backup, and archiving activities specifically relating to Email, the software or hardware used to create the backups, the timing and frequency of the backups, as well as retention plans and polices, and any policy or plans for purging electronic data from Your systems.

**Answer:**

8. Describe with particularity the process and efforts used to investigate whether fax advertising was engaged in by any UHA Agents (defined above).

**Answer:**

9. Identify all UHA Agents (defined above) who may have sent or authorized the transmission of faxes promoting UHA or themselves as agents of UHA, and describe the process and investigation used to identity them. Please identify whether the Agents are currently Affiliated with You.

**Answer:**

10. Identify all UHA Agents (defined above) who are or were Affiliated with You during the Class Period.. For each person identified, please provide names and last known telephone numbers, addresses, and email addresses and identify whether the Agents are currently Affialiated with You..

**Answer:**

**VERIFICATION**

USHealth Advisors, LLC.

BY:________________________
PRINT NAME:
TITLE:

STATE OF
COUNTY OF

Sworn to and subscribed before me on this ___day of __________, 2016, by ________________________________________ as (insert title) _____________________ USHealth Advisors, LLC who produced the following identification:________________ and acknowledged that the above answers to interrogatories are true.

___________________________
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 6:15-cv-01666-RBD-GJK

WALTER STRATTON BAGG, ESQ.,
and COOPER LAW P.A., individually
and on behalf of all others similarly situated,

Plaintiffs,
vs.

USHEALTH GROUP, INC.,
a Delaware corporation, and
USHEALTH ADVISORS, LLC.,
a Texas limited liability company,

Defendants.
________________________________________/

**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION TO DEFENDANT USHEALTH ADVISORS, LLC**

In accordance with Federal Rule of Civil Procedure 34, Plaintiffs request Defendant USHEALTH ADVISORS, LLC. ("UHA") to produce at the office of Bennett & Bennett all documents requested below within thirty (30) days of receipt of this Second Request for Production.

## INSTRUCTIONS

1. All defined terms shall have the same meaning whether in capital or lowercase letters.

2. This request is intended to be continuing in nature and any information which may be discovered subsequent to the service and filing of your answers should be brought to the attention of the inquiring parties in supplemental answers within a reasonable time following discovery as required by Federal Rule of Civil Procedure 26(e).

3. Any document as to which a claim of privilege is or will be asserted should be identified by author, signatory, description (e.g., letter, memorandum, telex, recording, etc.), title (if any), dates, addresses (if any), general subject matter, present depository, and present custodian and a complete statement of the ground for the claim of privilege should be set forth.

4. If it is maintained that any document requested has been destroyed, set forth the contents of the documents, the date of such destruction, and the name of the person who authorized or directed such destruction.

5. If any of the documents cannot be produced in full, produce to the extent possible and specify the reasons for the inability to reproduce the remainder.

6. In the event that any document and/or electronic data requested herein is not presently in your possession or subject to your control, please identify each person you have reason to believe had or has knowledge of its contents.

7. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

8. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

9. Unless otherwise stated, the time period for this Request for Production of Documents shall be from October 1, 2011, through present.

## DEFINITIONS

1. "Document(s)" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, e-mails, electronic data, notes, messages, letters, telegrams, teletype, telefax bulletins, meetings, or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work-sheets, receipts, returns, computer print-outs, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphs or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, video-tape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings), including the file and file cover, and copies of non-paper information storage means such as tape, film, and computer memory device in readable form.

2. The word "Document" shall be deemed to include the original and any draft thereof, and any copy of an original or draft which differs in any respect from such original or draft.

3. "Communication(s)" means any discussion, representation, conversation, telephone call, telephone message, face-to-face meeting, utterance, contact,

correspondence, e-mail, facsimile, electronic communication, statement, or other form of communicating information, whether oral or written.

4. “And” and “or” as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

5. "Any" means one or more.

6. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

7. “Relate to,” “relating to,” “regarding,” “referring to,” or “with respect to” mean to make a statement about, refer to, discuss, describe, concern, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents and/or electronic data that “relate to” a subject also include those which were specifically rejected and those which were not relied or acted upon.

8. "Year" means calendar year.

9. “You” or “Your” means the party to whom these Requests for Production are addressed, including such party’s officers, representatives, affiliates, employees, agents, independent contractors, and all other persons acting or purporting to act on such party's behalf.

10. "Class Period" means, for this Request for Production of Documents, from October 1, 2011, through present.

11. “Facsimile” means the Document attached as Ex. A to the Complaint.

12. “Other Facsimile” means Any Document transmitted during the Class Period by or on behalf of You to a telephone facsimile machine that promoted Your products and/or services or requested the recipient to contact a licensed UHA local agent.

13. “Third Party Fax Broadcaster” means any and all individual, individuals, entity or entities that transmitted Facsimiles with the authorization and/or direction of You.

14. “Third Party” means any and all individual, individuals, entity or entities that are not You.

15. “Successful” means that the Facsimile was delivered to the intended telephone fax number.

16. "Unsuccessful" means that the Facsimile was not delivered to the intended telephone fax number.

17. “Affiliated” means permitted to sell USHealth Advisors, LLC products and/or services.

18. "Agent" shall mean: any UHA agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

**REQUESTS FOR PRODUCTION**

1. Please produce any and all Documents that contain information responsive to Plaintiffs’ Second Set of Interrogatories.

2. Please produce all electronic mail sent or received by UHA Agents (defined above) through their “@ushadvisors.com” email accounts to or from any Third Party Fax Broadcaster or other Third Party authorized to send fax transmissions that

relate or refer to transmission of fax advertisements to recipients, or that in any way relate to the sending of fax advertisements.

3. Please produce all Documents that relate or refer to fax advertising of UHA or its Agents (defined above).

4. Please produce all Documents containing information regarding UHA Agents (defined above) who are no longer affiliated with UHA and whose affiliation terminated during the Class Period.

Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Avenue
Office Suite #360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By: *s/ Richard Bennett*
Richard Bennett

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was emailed to , Peter S. Baumberger and Michael Suarez, counsel for both Defendants, on this 7th day of March, 2016.

By: *s/ Richard Bennett*
Richard Bennett

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ.,
and COOPER LAW P.A., individually
and on behalf of all others similarly situated,

Plaintiffs,

vs. Case No. 6:15-cv-1666-Orl-37GJK

USHEALTH GROUP, INC.,
a Delaware corporation, and
USHEALTH ADVISORS, LLC.,
a Texas limited liability company,

Defendants.
_______________________________________/

**NOTICE OF SERVICE OF PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT USHEALTH GROUP, INC.**

Plaintiffs, by and through undersigned counsel, hereby give notice of serving the following Interrogatories upon Defendant USHEALTH GROUP, INC. ("UHG") and request it answer each Interrogatory separately and fully, in writing and under oath, and serve within thirty (30) days after service on Plaintiffs' counsel at the law office of Bennett & Bennett.

Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219

peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Avenue
Office Suite #360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By: *s/ Richard Bennett*
Richard Bennett

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was emailed to counsel for the Defendant USHealth Group, Inc. on this 21st day of January, 2016.

By: *s/ Richard Bennett*
Richard Bennett

## PLAINTIFF'S FIRST INTERROGATORIES TO USHEALTH GROUP, INC.

## I. DEFINITIONS

1. The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

2. "Agent" shall mean: any UHG agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

3. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

4. The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

5. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

6. The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the

document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

7. “Communication(s)” means any discussion, representation, conversation, telephone call, telephone message, face-to-face meeting, utterance, contact, correspondence, e-mail, statement, or other form of communicating information, whether oral or written.

8. “And” and “or” as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories any document or information that might otherwise be construed to be outside its scope.

9. "Any" means one or more.

10. “Relate to,” “relating to,” “regarding,” “referring to,” or “with respect to” mean to make a statement about, refer to, discuss, describe, concern, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents and/or electronic data that “relate to” a subject also include those which were specifically rejected and those which were not relied or acted upon.

11. "Year" means calendar year.

12. “You” or “Your” means USHealth Group, Inc. (“UHG”), including such party’s officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on such party's behalf.

13. “Third Party Fax Broadcaster” means any and all individual, individuals, entity or entities that transmitted Facsimiles with the authorization and/or direction of You.

14. “Third Party” means any and all individual, individuals, entity or entities that are not You.

15. "Class Period" means October 1, 2011 through present.

16. “Successful” means that the Facsimile was delivered to the intended telephone fax number.

17. "Unsuccessful" means that the Facsimile was not delivered to the intended telephone fax number.

18. “Facsimile” means the Document attached as Ex. A to the Complaint.

19. “Other Facsimile” means Any Document transmitted during the Class Period by or on behalf of You to a telephone facsimile machine that promoted Your insurance products and/or requested the recipient to contact a licensed UHA local agent.

20. “UHA” means USHealth Advisors, LLC.

## II. INSTRUCTIONS

1. Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, each Interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable.

2. All defined terms shall have the same meaning whether in capital or lowercase letters.

3. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also all information as is reasonably available, whether or not it is in your possession. In the event you are able to provide only part of the information called for by any particular Interrogatory, provide all of the information you are able to provide and state the reason for your inability to state the remainder.

4. Every Interrogatory herein shall be deemed a continuing Interrogatory. You are to supplement your answers promptly if and when you obtain relevant information in addition to or in any way inconsistent with your initial answer to any such Interrogatory.

5. If you object to, or otherwise decline to answer, any portion of any Interrogatory, please provide all information called for in that portion of the Interrogatory to which you do not object or to which you do not decline to answer. If you object to an Interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and for information which is not relevant), please provide such information as you concede to be relevant. If you object to an Interrogatory on the ground that it would constitute an undue burden to provide an answer, please provide such requested information as can be supplied without undertaking such undue burden. For those portions of any Interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

6. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

7. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

8. The word "document" shall be deemed to include the original and any draft thereof, and any copy of an original or draft which differs in any respect from such original or draft.

9. The terms "identify" or "identification" shall require, with respect to a document or communication: (a) a brief statement of the general nature of communication or of the documents' contents; (b) the identity of the person(s) who prepared the document or who was (were) involved in the communication; (c) the place where the document was prepared or where the communication took place; (d) the date of preparation of the document or of the communication; (e) if the document or communication was directed or communicated to another person, the identity of any person who was sent a copy of the document or communication; and (f) the identity of the person or persons presently in possession of the original document and/or copies.

10. The term "identify" or "identification" shall require, with respect to a person: (a) his, her or its full name; (b) the last known home and business address and telephone number of a natural person, or the principal business address and telephone

number of any other person; (c) with respect to a natural person, the identification of the person's employer(s) at all relevant times and the person's job classification(s) or title.

11. Each Interrogatory shall be answered separately, fully and completely without reference to any answer of any other Interrogatory.

12. If you withhold any information on grounds of privilege, please identify:

(a) the name, address(es), and phone number(s) of the person or persons with any and all such information;

(b) all other persons who have learned of all or part of any such information;

(c) the method(s) by which, and reason(s) why, each such person obtained access to such information;

(d) a description of each subject discussed, described or referred to in such information; and

(e) the specific basis for your claim of privilege.

13. If you object to fully identifying a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information unless divulging the information would disclose the privileged information:

(a) the nature of the privilege claimed (including work product);

(b) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(c) the date of the document, electronically stored information or oral communication;

(d) if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(e) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(f) the general subject matter of the document, electronically stored information or oral communication.

14. You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Federal Rule of Civil Procedure 26(e).

15. The time period for these Interrogatories is from October 1, 2011, through present.

## INTERROGATORIES

1. Identify (i) each Person who provided information used in answering these interrogatories and (ii) state the information each person provided.

**Answer:**

2. For each Facsimile and Other Facsimile, state the (i) brand name, (ii) model number, (iii) serial identification number, (iv) telephone number of the sending device, and/or (v) name and version of software used to transmit the Facsimile and/or Other Facsimiles.

**Answer:**

3. For each and every Facsimile and Other Facsimile, identify the (i) identity of the sender (ii) facsimile number of the sender (iii) identity of the intended recipient, (iv) facsimile number of the intended recipient, (v) whether the transmission was successful, and (vi) date of transmission.

**Answer:**

4. Identify each and every telephone service provider that provided service to the device(s), program(s), and/or software used to transmit the Facsimile and Other Facsimiles.

**Answer:**

5. For all Persons that gave prior express permission or invitation to be sent Facsimiles or Other Facsimiles, identify the (i) identity of the Person, (ii) facsimile number of the Person, (iii) date of the prior express permission and/or invitation, and (iv) method and form of the prior express permission or invitation.

**Answer:**

6. For all Persons that requested to be placed on Your Do Not Fax List, identify the (i) identity of the Person, (ii) facsimile number of the Person, (iii) date of the request, and (iv) method and/or form of the request.

**Answer:**

7. Identify all Persons, including but not limited to Your officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on Your behalf, who authorized the transmission of the Facsimile and/or Other Facsimiles.

**Answer:**

8. Identify all Persons who participated in the decisions to transmit the Facsimile and/or Other Facsimiles.

**Answer:**

9. Identify all Persons who authorized any other Person, including but not limited to UHA, its officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on its behalf, to sell Your health insurance and/or other products in the state of Florida.

**Answer:**

10. Identify all Persons from which facsimile numbers were obtained and which were used to transmit the Facsimile and/or Other Facsimiles.

**Answer:**

11. Identify any and all Third Party Fax Broadcasters that transmitted the Facsimile and/or Other Facsimiles.

**Answer:**

**VERIFICATION**

USHealth Group, Inc.

BY:_______________________
PRINT NAME:
TITLE:

STATE OF
COUNTY OF

Sworn to and subscribed before me on this ___day of __________, 2016, by _______________________________________ as (insert title) ____________________ USHealth Group, Inc. who produced the following identification:________________ or is personally known to me and acknowledged that the above answers to interrogatories are true.

___________________________
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER STRATTON BAGG, ESQ.,
and COOPER LAW P.A., individually
and on behalf of all others similarly situated,

Plaintiffs,

vs. Case No. 6:15-cv-1666-Orl-37GJK

USHEALTH GROUP, INC.,
a Delaware corporation, and
USHEALTH ADVISORS, LLC.,
a Texas limited liability company,

Defendants.
_______________________________________/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT USHEALTH GROUP, INC.**

In accordance with Federal Rule of Civil Procedure 34, Plaintiffs request Defendant USHEALTH GROUP, INC. ("UHG") to produce at the office of Bennett & Bennett all documents requested below within thirty (30) days of receipt of this Request.

**INSTRUCTIONS**

1. All defined terms shall have the same meaning whether in capital or lowercase letters.

2. This request is intended to be continuing in nature and any information which may be discovered subsequent to the service and filing of your answers should be brought to the attention of the inquiring parties in supplemental answers within a reasonable time following discovery as required by Federal Rule of Civil Procedure 26(e).

3. Any document as to which a claim of privilege is or will be asserted should be identified by author, signatory, description (e.g., letter, memorandum, telex, recording, etc.), title (if any), dates, addresses (if any), general subject matter, present depository, and present custodian and a complete statement of the ground for the claim of privilege should be set forth.

4. If it is maintained that any document requested has been destroyed, set forth the contents of the documents, the date of such destruction, and the name of the person who authorized or directed such destruction.

5. If any of the documents cannot be produced in full, produce to the extent possible and specify the reasons for the inability to reproduce the remainder.

6. In the event that any document and/or electronic data requested herein is not presently in your possession or subject to your control, please identify each person you have reason to believe had or has knowledge of its contents.

7. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

8. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

9. Unless otherwise stated, the time period for this Request for Production of Documents shall be from October 1, 2011, through present.

## DEFINITIONS

10. "Document(s)" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, e-mails, electronic data, notes, messages, letters, telegrams, teletype, telefax bulletins, meetings, or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, work-sheets, receipts, returns, computer print-outs, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphs or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, video-tape, recordings, motion pictures and electronic, mechanical or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings), including the file and file cover, and copies of non-paper information storage means such as tape, film, and computer memory device in readable form.

11. The word "document" shall be deemed to include the original and any draft thereof, and any copy of an original or draft which differs in any respect from such original or draft.

12. "Communication(s)" means any discussion, representation, conversation, telephone call, telephone message, face-to-face meeting, utterance, contact,

correspondence, e-mail, facsimile, electronic communication, statement, or other form of communicating information, whether oral or written.

13. “And” and “or” as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

14. "Any" means one or more.

15. "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

16. “Relate to,” “relating to,” “regarding,” “referring to,” or “with respect to” mean to make a statement about, refer to, discuss, describe, concern, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents and/or electronic data that “relate to” a subject also include those which were specifically rejected and those which were not relied or acted upon.

17. "Year" means calendar year.

18. “You” or “Your” means the party to whom these Requests for Production are addressed, including such party’s officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on such party's behalf.

19. "Class Period" means, for this Request for Production of Documents, from October 1, 2011, through present.

20. “Facsimile” means the Document attached as Ex. A to the Complaint.

21. “Other Facsimile” means Any Document transmitted during the Class Period by or on behalf of You to a telephone facsimile machine that promoted Your insurance products and/or requested the recipient to contact a licensed UHA local agent.

22. “Third Party Fax Broadcaster” means any and all individual, individuals, entity or entities that transmitted Facsimiles with the authorization and/or direction of You.

23. “Third Party” means any and all individual, individuals, entity or entities that are not You.

24. “Successful” means that the Facsimile was delivered to the intended telephone fax number.

25. "Unsuccessful" means that the Facsimile was not delivered to the intended telephone fax number.

26. “UHA” means USHealth Advisors, LLC.

**REQUESTS FOR PRODUCTION**

1. Please produce any and all Documents related to the Plaintiffs.

2. Please produce any and all Documents that contain information responsive to Plaintiffs’ First Set of Interrogatories.

3. Please produce all Facsimiles and Other Facsimiles.

4. For each Facsimile and Other Facsimiles identified in response to Request number 3, above, please produce any and all Documents that identify the (i) transmitter(s) of the facsimile, (ii) facsimile number of the transmitter, (iii) identity of the intended recipient, (iv) facsimile number of the intended recipient, (v) account number of

the intended recipient, (vi) whether the transmission was successful, and/or (vii) date of transmission.

5. For all Persons that gave prior express permission or invitation to be sent the Facsimile or Other Facsimiles, please produce all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the Person, (iv) date of the prior express consent or invitation, and/or (v) method and/or form of the prior express permission or invitation.

6. For all Persons that requested to opt out of receiving the Facsimile or Other Facsimiles, please produce any and all Documents that reflect the (i) identity of the Person, (ii) facsimile number of the Person, (iii) account number of the Person, (iv) date of the request, and/or (v) method and/or form of the request.

7. Please produce any and all policies and/or procedures that relate to obtaining prior express permission or invitation from recipients to transmit the Facsimile and/or Other Facsimiles.

8. Please produce any and all Documents that were obtained from Third Parties that contain facsimile numbers to which the Facsimile and/or Other Facsimiles were transmitted.

9. Please produce any and all Documents reflecting your authorization to any Third Party Fax Broadcaster to transmit the Facsimile and/or Other Facsimiles.

10. Please produce any and all Documents reflecting your authorization to any Person, including but not limited to UHA, its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf, to sell Your health insurance and/or other products in the state of Florida.

11. Please produce any and all Documents reflecting your authorization to any Person, including but not limited to UHA its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf, to transmit the Facsimile and/or Other Facsimiles.

12. Please produce any and all policies and/or procedures that relate to the ability of any Person, including but not limited to UHA, its officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on its behalf, to transmit the Facsimile and/or Other Facsimiles.

13. Please produce any and all Documents reflecting any insurance policies that may be implicated by this lawsuit.

14. Please produce all documents that relate to the transmission of the Facsimile and/or Other Facsimiles by a Third Party Fax Broadcaster, Agent, and/or Third Party on Your behalf.

15. Please produce all documents that relate to the transmission of the Facsimile and/or Other Facsimiles by UHA, its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf.

16. Please produce all Third Party Fax Broadcaster invoices issued during the Class Period to You for the transmission of the Facsimile and/or Other Facsimiles.

17. Please produce all Documents that identify the make, model, manufacturer, serial number, and owner of any and all sending device(s) used to transmit the Facsimile and/or Other Facsimiles.

18. Please produce all Documents that identify any individuals who participated in the decisions to transmit the Facsimile and/or Other Facsimiles.

19. Please produce all Documents that identify the number of Facsimile and/or Other Facsimiles successfully transmitted.

20. Please produce all documents that identify any and all lists that were used to select intended recipients of the Facsimile and/or Other Facsimiles.

21. Please produce copies of all payments issued by You to Third Party Fax Broadcasters in payment for the transmission of the Facsimile and/or Other Facsimiles.

22. Please produce all Documents related to Birsen Goksu.

23. Please produce all training manuals for Your agents.

24. Please produce all training manuals available for use by UHA, its officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on its behalf, to transmit the Facsimile and/or Other Facsimiles.

25. Please produce all facsimile advertisement templates available for use by Your agents.

26. Please produce all facsimile advertisement templates available for use by UHA, its officers, representatives, affiliates, employees, agents, and/or all other persons acting or purporting to act on its behalf.

Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Avenue
Office Suite #360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By: *s/ Richard Bennett*
Richard Bennett

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was emailed to counsel for USHealth Group, Inc. on this 21st day of January, 2016.

By: *s/ Richard Bennett*
Richard Bennett

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 6:15-cv-01666-RBD-GJK

WALTER STRATTON BAGG, ESQ.,
and COOPER LAW P.A., individually
and on behalf of all others similarly situated,

Plaintiffs,

vs.

USHEALTH GROUP, INC.,
a Delaware corporation, and
USHEALTH ADVISORS, LLC,
a Texas limited liability company,

Defendants.
_______________________________________/

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO USHEALTH GROUP, INC.**

Plaintiffs, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 36, request Defendant, USHEALTH Group, Inc. to respond within 30 days to these requests by admitting, the truth of the following statements for purposes of this action only and subject to objections to admissibility at trial:

**INSTRUCTIONS**

1. Unless otherwise stated, the time period for this Request shall be from October 1, 2011, through present, the "Class Period."

**DEFINITIONS**

2. "You" or "Your" means USHEALTH Group, Inc. including its officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on such party's behalf.

**REQUESTS FOR ADMISSIONS**

1. Admit that USHEALTH Advisors, LLC is Your wholly-owned national health insurance distribution arm.

2. Admit that USHEALTH Advisors, LLC is Your marketing arm that specializes in offering healthcare plans underwritten and insured by Your wholly owned insurance companies The Freedom Life Insurance Company of American and National Foundation Life Insurance Company.

3. Admit that You market Your health insurance and supplemental products nationally through your wholly-owned subsidiary USHEALTH Advisors, LLC.

4. Admit USHEALTH Advisors, LLC sells Your health insurance and supplemental products in the state of Florida.

5. Admit USHEALTH Advisors, LLC sells Your health coverage and supplemental products in the state of Florida through its captive agent sales force.

6. Admit USHEALTH Advisors, LLC has approximately 100 captive sales agents located in the state of Florida.

7. Admit Your health coverage and supplemental products sold by USHEALTH Advisors, LLC sales agents in the state of Florida are underwritten by Your wholly-owned subsidiaries: The Freedom Life Insurance Company of American and National Foundation Life Insurance Company.

8. Admit that USHEALTH Advisors, LLC shares the same Ft. Worth, Texas, address as You.

9. Admit that Your Chief Executive Officer and President, Timothy McQuagge, has at all times during the Class Period also been a co-manager of USHEALTH Advisors, LLC.

10. Admit that Your Chief Marketing Officer, Brian Clark, has at all times during the Class Period been a co-manager of USHEALTH Advisors, LLC.

11. Admit that Your officers Timothy McQuagge and Brian Clark have been the only managers of USHEALTH Advisors, LLC during the Class Period.

12. Admit that USHEALTH Advisors, LLC is qualified to do business in the state of Florida.

13. Admit that Your CEO, Timothy McQuagge, signed the Annual Report filed with the Florida Division of Corporations and dated 04.09.15 as CEO of US Health Advisors, LLC.

14. Admit that Your website www.ushealthgroup.com advertises USHEALTH Advisors, LLC's local agents who may quote rates for Your health insurance and supplemental products.

15. Admit that Your website www.ushealthgroup.com solicits persons to become USHEALTH Advisors, LLC agents.

16. Admit that Birsen Goksu has been an agent of USHEALTH Advisors, LLC.

17. Admit that the facsimile attached as Ex. A to the Complaint promotes USHEALTH Advisors, LLC and Birsen Goksu.

18. Admit that the facsimile attached as Ex. A to the Complaint advertises the website address of Birsen Goksu: www.ushagent.com/bgoksu.

19. Admit that the header of each of Birsen Goksu's web pages at: www.ushagent.com/bgoksu advertise USHEALTH Group as "America's Trusted Choice".

20. Admit that the facsimile attached as Ex. A to the Complaint was sent on Your behalf to help sell your insurance products.

21. Admit that the webpage located at: www.ushagent.com/bgoksu has a button to "Get A Quote" and advertises: **"**USHEALTH Group Through its licensed life and health insurance companies, USHEALTH Group , *America's Trusted Choice,* offers quality coverage including Sickness and Accident insurance, critical illness, Life, Dental Coverage, Short Term Accident Disability Income Insurance and much more!"


Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com
Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
Tel: (202) 709-5744

Peter Bennett
Florida Bar No. 68219
peterbennettlaw@gmail.com
Richard Bennett
Florida Bar No.150627
richardbennett27@gmail.com

Bennett & Bennett
1200 Anastasia Avenue
Office Suite #360
Coral Gables, Florida 33134
Tel: (305) 444-5925

By: *s/ Richard Bennett*
Richard Bennett

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was emailed to counsel for both Defendants on this 8th day of January, 2016.

By: *s/ Richard Bennett*
Richard Bennett